Message

| | |
|---|---|
| **From**: | Michael Castillero [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=89F0F4499802431687D8D187A5598ED0-MCASTILLERO] |
| **Sent**: | 7/18/2018 3:31:50 PM |
| **To**: | sciasciajohn@gmail.com |
| **CC**: | Robert Guidicipietro [Roblrj4@gmail.com]; Eric Lachow [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=001213a97ed2440882cd0cbe6ee4f6a0-elachow]; Brian Martinsen [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=3a0d1fe6f62645209187daf37fc6d0cb-mailbox1] |
| **Subject**: | Referral Agreement |
| **Attachments**: | FLTONY Referral Agreement.pdf |

John:

Attached is the Referral Agreement from StraightPath Venture Partners LLC.
Please Sign and send back and we will execute the same.



Thank you,

**Michael Castillero**
**Managing Director/Founder**

**StraightPath Venture Partners**
25 Broadway, 9th Floor
New York, NY 10004
o: 646.767.7404 - ext.1001
f: 646-838-4715
mcastillero@straightpathvp.com

www.straightpathventurepartners.com



**Please Note Disclosure:**

StraightPath Venture Partners LLC reserves the right to monitor and review the contents of all email communications, including emails sent to and/or received by its employees. This material has been prepared for informational purposes only. While it is based on information generally available to the public from sources we believe to be reliable, no representation is made that the subject information is accurate or complete. Past performance is not a guarantee of future results. Prices, rates, yield and company conditions are subject to change without notice. StraightPath Venture Partners LLC is not a tax advisor; transactions

requiring tax consideration should be reviewed carefully with your tax advisor. Similarly, StraightPath Venture Partners LLC is not a law firm and provides no legal opinions or legal advice. StraightPath Venture Partners LLC and/or its officers or employees may have positions in any of the investments mentioned.

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer. Email management, archiving and monitoring technology powered by StraightPath Venture Partners LLC emailing system.

**IMPORTANT INFORMATION**
This does not constitute an offer to sell or a solicitation of an offer to buy any securities or investment product and may not be relied upon in connection with any offer or sale of securities. Any such offer or solicitation may only be made by means of a delivery of an approved offering memorandum (the "Memorandum"). The Memorandum must be received and reviewed prior to any investment decision. Any person subscribing for an investment must be able to bear the risks involved and must meet the suitability requirements relating to such investments. This may not be distributed to other than the intended recipient. Unauthorized reproduction or distribution of all or any of this is strictly prohibited.

FOIA CONFIDENTIAL TREATMENT
REQUESTED BY SPVP

SPVP_SEC_061199



# Referral Agent Agreement

This Referral Agreement (this "Agreement") is made effective as of the 12thday of July 2018 (the "Effective Date") by and between **Straight Path Venture Partners LLC.** with offices at 25 Broadway, 9th Floor, New York, New York 10004 ("SPVP") and **FLTONY Corp** ("Referral") with offices at _____
("SPVP" and "Referral" collectively referred to herein as the "parties").

IN CONSIDERATION OF the mutual promises and covenants hereinafter contained and other good and valuable consideration, the receipt of which is hereby acknowledged the parties hereto agree as follows:

1. **Referrals**

    a. Subject to the terms and conditions of the Agreement, Referral may from time to time refer potential customers ("Potential Customers") to SPVP. Referral shall give SPVP written notice of Potential Customers.

    b. SPVP, in its sole discretion, shall have the option to enter into, or decline to enter into, an agreement with any Potential Customer. In the event SPVP declines, for any reason, to enter into an agreement with any Potential Customer, SPVP shall have no obligation to Referral under this Agreement or otherwise with respect to such Potential Customer.

    c. If (a) such Potential Customer has (i) not previously entered into an agreement with SPVP and; (II) not previously been referred or introduced to SPVP in writing by any other person and (b) SPVP enters into an agreement with any such Potential Customer, upon such terms and conditions acceptable solely to SPVP and such Potential Customer shall be considered a "Customer" for purposes of this agreement and SPVP shall pay the fees to Referral as set forth below in Section 2.

    d. In the event a referral of a Potential Customer is disputed among one or more Referrals, finders or other persons, SPVP in the exercise of commercially reasonable business discretion shall determine which party, based solely upon who first provided it with written notice of such Potential Customer, is entitled to a fee, if any, with respect to such Potential Customer



2. **Fees**

   (A) SPVP shall pay a front end referral fee of Ten Percent (10%) of any and all money or other consideration provided by the Referral's Customers. SPVP shall also pay Referral Ten Percent (10%) of the back end carried interest on any and all money or other consideration provided by the Referral's Customers.

   (B) At least once per calendar month, SPVP shall provide the Referral with a true and accurate written statement of any and all compensation due to Referral hereunder utilizing generally accepted accounting principles along with payment for any and all compensation due to Referral as set forth above for the corresponding period.

3. **Terms and Conditions**

   a. This Agreement may be terminated by either party upon written notice to the other party (the "Receiving Party") if the Receiving Party shall have materially breached or defaulted in the performance of any of it's representations, warranties, covenants or obligations hereunder, and such breach or default in performance shall not have been cured by the Receiving Party or waived by the party transmitting such notice within ten (10) days after the Receiving Party's receipt of written notice thereof.

   b. This Agreement may be terminated by either party if such party is not then in material default, upon written notice to the other party if the other Party shall materially breach or default in performance of any of its representations, warranties, covenants or obligations hereunder, and such breach or default in performance shall not have been cured or waived within ten (10) days after written notice thereof.

   c. Upon termination of the Agreement, a list shall be prepared of all pending unfinished business involving any of Referrals Customers, Potential Customers, Recruits and Strategic Alliances introduced by Referral (which list shall be agreed to in good faith and signed by both parties hereto and shall control any and all claims for Referral Fees after the termination of this Agreement); provided, however, Referral shall cease to be entitled to any Referral Fees due to it as of the date of termination if Referral is found by a court to have violated the provisions of Section 4(a) ,8(c) and/or 8 (d) of this Agreement. During the term of this Agreement as well as subsequent to the termination of this Agreement so long as Referral has not been found by a court to have violated the provisions of Section 4(a) ,8(c) and/or 8 (d) of this Agreement, Referral shall have the right to inspect and copy SPVP's books and records pertaining to any of Referrals Customers, Potential Customers, Recruits and Strategic Alliances upon seven (7) day prior written notice for purposes of confirming SPVP's compliance with its compensation obligations to referral.



## 4. Acting as Finder Only: Non- Exclusivity

a. It is understood that Referral is acting as a finder only and shall have no authority to enter into any agreements, obligations or commitments on SPVP's behalf, or to negotiate the terms of Potential Customers' agreements with SPVP. Referral hereby agrees to indemnify, defend, and hold SPVP harmless and from any claims, actions, lawsuits, damages, awards or judgments arising out of any such agreements, obligations, or commitments undertaken by Referral or the breach thereof.

b. Referral acknowledges that SPVP may enter into referral agreements or similar arrangements with other parties and that Referral shall have no rights under such agreements or to any fees for customers referred to SPVP by others or identified by SPVP itself.

## 5. Relationship

Referral and SPVP expressly intending that no employment, partnership, or joint venture relationship is created by this Agreement, hereby agrees as follow: (I) neither Referral nor anyone employed by or acting for or on behalf of Referral shall ever be construed as an employee of SPVP and SPVP shall not be liable for employment taxes respecting Referral or any employee of Referral; (ii) Referral shall not make any commitment or incur any charge or expense in the name of SPVP without the prior written approval of SPVP; (iii) Referral expressly acknowledges and agrees that except to the extent expressly provided herein, neither Referral nor anyone employed by or acting on behalf of Referral shall receive or be entitled to any consideration, compensation or benefits of any kind from SPVP.

## 6. Indemnification

Each party shall indemnify, defend and hold the other party (and all officers, directors, employees, Referrals, and affiliates thereof) harmless from and against any and all claims, demands, actions, losses, damages, assessments, charges, liabilities costs and expenses (including without limitation interest, penalties, and attorney's fees and disbursements) which may at any time be suffered or incurred by, or be assessed against, any and all of them directly or indirectly, on account of or in connection with: (i) such party's default under any provision herein, breach of any representation or warranty herein, or failure in any way perform obligation hereunder; or (ii) negligent acts or omissions or the willful willful misconduct of such party or its employees, Referrals, contractors or invitees.

## 7. Liability

Under no circumstances shall ether party be liable for any indirect, incidental, economic, special, punitive or consequential damages, whether for breach of contract, negligence or under any other cause of action, that result from the relationship or the conduct of business contemplated herein.



8. **Explanations**

   a. **Entire Agreement**
   This Agreement constitutes the sole and entire understanding between the parties with respect to the subject matter hereof and may not be altered or amended except in writing signed by both parties. This Agreement supersedes all prior communications or agreements written or oral, and is intended as a complete and exclusive statement of the terms of the Agreement between the parties

   b. **Notice**
   All notices given, and requests made hereunder must be sent in writing and must be delivered or sent either by nationally recognized overnight courier or registered or certified United States mail, return receipt requested, postage prepaid. All notices to either party shall be delivered to their respective addresses listed above. The parties may change their address by notice delivered to the other party. Any notice or request sent by registered or certified United States mail, return receipt requested, postage prepaid shall be deemed given on the date of receipt or refusal as indicated on the return receipt. Any notice or request sent by overnight courier service shall be deemed given on the date of receipt or refusal of the same.

   c. **Confidentiality**
   Referral acknowledges that by reason of its relationship to SPVP hereunder, it may have access to certain information and material concerning SPVP's business, plans, customers, technology and products that are confidential and of substantial value to SPVP, which value would be impaired if such information were disclosed to third parties. Referral agrees that it will not use in any way for its own account or the account of any third party, nor disclose to any third party, any such confidential information revealed to it by SPVP. In the event of termination of this Agreement, there shall be no use or disclosure by Referral of SPVP and disclosure by Referral of any confidential information of SPVP and any materials related to SPVP shall be immediately returned to SPVP. Referral acknowledges that the provisions of this Section are reasonable and necessary for the protection of SPVP and that SPVP will be irrevocably damaged if such covenants are not specifically enforced. Accordingly, Referral agrees that, in addition to any other relief to which SPVP may be entitled in the form of actual or punitive damages, SPVP shall be entitled to seek and obtain injunctive relief from an arbitration panel or a court of competent jurisdiction for the purposes of restraining Referral from any actual or threatened breach of such provision. The terms of the Section shall survive termination of this Agreement. For purposes of clarity and avoidance of doubt, the identity of Referral's own Potential Customers, Customers, Recruits and Strategic Alliances shall not be deemed confidential information of SPVP subsequent to ay termination of this Agreement.



d. **Representations, Warranties and Covenants**
Referral represents, warrants and covenants to SPVP that at the Effective Date and continuing for the term of this Agreement that neither the execution and delivery of this Agreement nor the sale of SPVP services in accordance with the terms of this Agreement violates or will violate the provisions or obligations of any other agreements to which Referral is a party or by which it is bound.

e. **Successor and Assigns**
Except as otherwise expressly provided in this Agreement, the obligations under this Agreement shall bind and benefit the successors and assigns of the parties hereto. Neither party shall assign this agreement without the prior written consent of the other.

f. **Governing Law**
The laws of the State of New York shall govern this agreement without giving effect to the choice of laws provisions thereof referral agrees to submit to the jurisdiction of the state or federal courts of New York in the County of New York. All issues and questions concerning the construction, validity, enforcement and interpretation of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without giving effect to any choice of law or conflict of law or provisions. If any action at at law or in equity is brought to enforce or interpret the provisions of this Agreement, the the prevailing party in such action shall be entitled to reimbursement for reasonable attorney's fees as well as any and all costs, including investigatory costs. The parties hereto hereby knowingly, voluntarily and intentionally waive any rights to trial by jury, which the Parties may have in any action or proceeding, in law or in equity, in connection with , related to or incidental to the relationship established between them in connection with this Agreement, or the transactions related thereto or hereto.

g. **Authority**
If either party is a corporation or limited liability company, each person executing this Agreement on behalf of such party hereby covenants, represents and warrants that such party is duly formed or duly qualified and that each person executing this Agreement on behalf of such a party is an officer or member of such party and is duly authorized or execute, acknowledge and deliver the Agreement to the other party.

h. **Severability**
If any clause, sentence, paragraph or part of this Agreement shall for any reason be adjudged by a court of competent jurisdiction to be invalid, such judgment shall not affect the remainder of this Agreement, which shall continue in full force and effect but such judgment shall be limited and confined in its operation to the clause, sentence, paragraph or part thereof directly involved in the controversy in which such judgment shall have been rendered.

FOIA CONFIDENTIAL TREATMENT
REQUESTED BY SPVP

SPVP_SEC_061204



i. **Counterparts**

This Agreement may be executed in one or more counterparts. Facsimile and electronic signatures shall be sufficient to indicate acceptance by the parties, each of which shall be original and all of which shall constitute one and the same instrument named below.

IN WITNESS WHEREOF, each of the parties hereto has caused the Agreement to be executed by it's duly authorized representative on the date set forth above.

**StraightPath Venture Partners LLC.**
25 Broadway - 9th Floor

New York, NY 10004

**Referral Agent:**
FLTONY Corp.

Name:

Name:

Date:

Date:

*Tax & Payment Information

Make checks payable to:
If above is a company enter EIN #
EIN#:

If payable name is your personal name then we require your SSN#

FOIA CONFIDENTIAL TREATMENT
REQUESTED BY SPVP

SPVP_SEC_061205