# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

HELENE R. BANKS
ANIRUDH BANSAL
DAVID L. BARASH
LANDIS C. BEST
BRADLEY J. BONDI
BROCKTON B. BOSSON
JONATHAN BROWNSON *
JOYDEEP CHOUDHURI *
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
LISA COLLIER
AYANO K. CREED
PRUE CRIDDLE ±
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
JENNIFER B. EZRING
HELENA S. FRANCESCHI
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL

ARIEL GOLDMAN
PATRICK GORDON
JASON M. HALL
STEPHEN HARPER
WILLIAM M. HARTNETT
NOLA B. HELLER
CRAIG M. HOROWITZ
DOUGLAS S. HOROWITZ
TIMOTHY B. HOWELL
DAVID G. JANUSZEWSKI
ELAI KATZ
JAKE KEAVENY
BRIAN S. KELLEHER
RICHARD KELLY
CHÉRIE R. KISER ‡
JOEL KURTZBERG
TED B. LACEY
MARC R. LASHBROOK
ALIZA R. LEVINE
JOEL H. LEVITIN
GEOFFREY E. LIEBMANN

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM
_____

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

CAHILL GORDON & REINDEL (UK) LLP
20 FENCHURCH STREET
LONDON EC3M 3BY
+44 (0) 20 7920 9800
_____

WRITERS' DIRECT NUMBERS
(212) 701-3230 / -3125s

BRIAN T. MARKLEY
MEGHAN N. McDERMOTT
WILLIAM J. MILLER
EDWARD N. MOSS
NOAH B. NEWITZ
WARREN NEWTON §
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
KIMBERLY PETILLO-DÉCOSSARD
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
THORN ROSENTHAL
TAMMY L. ROY
JONATHAN A. SCHAFFZIN
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
ROSS E. STURMAN
SUSANNA M. SUH

ANTHONY K. TAMA
JONATHAN D. THIER
JOHN A. TRIPODORO
GLENN J. WALDRIP, JR.
HERBERT S. WASHER
MICHAEL B. WEISS
DAVID WISHENGRAD
C. ANTHONY WOLFE
COREY WRIGHT
ELIZABETH M. YAHL
JOSHUA M. ZELIG

* ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY
± ADMITTED AS A SOLICITOR IN WESTERN AUSTRALIA ONLY
‡ ADMITTED IN DC ONLY
§ ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY

**BY EMAIL AND ECF**                                                                                   May 13, 2022

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>SEC</u> v. <u>StraightPath Venture Partners LLC et al.</u>, 22 Civ. 3897 (LAK)

Dear Judge Kaplan:

  We understand that the Securities and Exchange Commission ("SEC") has filed a complaint with an application for emergency relief against our clients, StraightPath Venture Partners LLC and the affiliated entities and individuals named as defendants (collectively, "StraightPath"), including requests for an immediate temporary restraining order freezing their corporate and personal assets to be followed by a preliminary injunction extending those restraints and appointing a receiver to take over the company. Such temporary restraints are wholly unwarranted and should be denied for the reasons set forth below. We also respectfully request a week to submit fuller briefing in opposition to the remainder of the SEC's application, which is meritless and should be denied.

  The SEC's delay in bringing this so-called "emergency" application betrays the lack of any exigency or need for the draconian temporary asset freeze and restraints that it seeks. For close to three years, various components of the SEC have been investigating and aware of — and sought no judicial intervention for — virtually all the alleged compliance issues at StraightPath for which the SEC now requests "emergency" relief. StraightPath has been cooperating for years with the SEC enforcement staff's investigation that preceded this lawsuit. As part of that cooperation, the company voluntarily undertook a standstill of its business in February 2022 to allay the SEC's alleged concerns (regardless of their lack of merit), and self-reported to the SEC as part of settlement discussions pursuant to Federal Rule of Evidence 408 many of the alleged issues that the SEC now seeks to twist against StraightPath (such as, for example, the document preservation

Cahill Gordon & Reindel llp

-2-

issues cited in the SEC's papers).[1]  Tellingly, the SEC gave our clients advance notice (on May 6, 2022) that it was planning to file the instant "emergency" relief application, but waited a week to do so.  The SEC does not allege — let alone offer proof — that anyone at StraightPath has hid or dissipated any assets since receiving that warning.  If there were truly exigent circumstances warranting a temporary restraining order, the SEC would have filed the instant application on an *ex parte* basis without prior notice, as it routinely does in cases involving actual exigencies.  The SEC did not in this case because it could not.

There is no actual emergency here nor any other basis for the sweeping temporary restraining order that the SEC asks for, especially before StraightPath has been afforded due process to challenge the merits of the SEC's allegations.  The SEC's application, for example, proffers no credible evidence that anyone at StraightPath hid or dissipated investor assets during the SEC's multi-year investigation, that any StraightPath investors realized any actual losses on their investments, or that StraightPath (which remains under and will continue its standstill) poses any risk of future harm to investors.  As StraightPath will demonstrate in its forthcoming opposition brief, StraightPath has at all times complied with that standstill and will continue to do so during this litigation.  The SEC's allegations to the contrary — including its claims that StraightPath poses a continuing danger because it has been distributing investment returns to certain investors — strain credulity.  As we will show in our anticipated brief, StraightPath gave the SEC ample prior notice of its plans to make those distributions in full accord with the standstill, and it is backwards for an investor protection agency like the SEC to complain about the company making payments to investors.

After years of cooperating with the SEC's inquiries without the aid of counsel, StraightPath retained Nelson Mullins Scarborough & Riley LLP (in August 2021) and Cahill Gordon & Reindel LLP (in November 2021) to augment the company's cooperation efforts, stopped soliciting any new investments as part of the standstill that it undertook in February 2022 at the SEC's request, and voluntarily self-reported to the SEC in March 2022 that the company had inadvertently failed to acquire enough stock for existing investors in one of its offerings.  Nearly two months later, the SEC now invokes this inadvertent shortfall as one of the main pretexts for its "emergency" application.  But notably, when this shortfall became apparent, the company's owner, Brian Martinsen, contributed more than $3 million of his own resources to fund a stock purchase to help ensure that no StraightPath investors were harmed.  That is the opposite of asset dissipation.  And as noted below, three of the individual defendants (Mr. Martinsen, Ms. Lanaia and Mr. Castillero) are prepared to place $15 million in escrow pending the outcome of this litigation to cover any additional stock shortfalls.

---

[1] We are still analyzing the SEC's lengthy "emergency" relief application and supporting papers, which the SEC provided to us for the first time today, to determine whether the SEC has based any of its allegations on or otherwise improperly used protected statements from settlement discussions in violation of Rule 408(a).  Our clients reserve all their rights under Rule 408(a), and will address any such violations in our forthcoming opposition brief.

CAHILL GORDON & REINDEL LLP

-3-

Against that backdrop, the SEC cannot make the showings required to justify the extraordinary temporary restraints that it seeks.  *First*, even if StraightPath had committed the historical securities law violations alleged by the SEC (which is not the case), the SEC has failed to show that there is any risk of StraightPath repeating such conduct in light of StraightPath's willingness to continue its standstill.  *Second*, the SEC has failed to proffer credible evidence that anyone at StraightPath dissipated investor assets or that any investors have realized any actual losses from the alleged violations, and thus the SEC cannot carry its burden to justify freezing the StraightPath defendants' corporate and personal assets.  Indeed, the only purported proof of dissipation cited by the SEC are (a) an alleged stock shortfall of $14 million (representing less than 4% of the $410 million in funds that the SEC says that StraightPath has raised from investors since 2017) that three of the individual StraightPath defendants are prepared to remedy with their own capital if the SEC's allegations turn out to be correct (just as Mr. Martinsen did to address the shortfall that StraightPath self-reported two months ago), and (b) distributions that StraightPath paid to various *investors* (rather than to the defendants) during the standstill.  *Third*, in light of the fact that the SEC revealed last week that it has apparently prompted the United States Attorney's Office to open a grand jury investigation into StraightPath, the temporary *personal* asset freeze sought by the SEC poses an undue risk of interfering with the individual defendants' Fifth and Sixth Amendment rights to retain the counsel of their choosing to defend themselves against that criminal inquiry.

In any event, the SEC fails to disclose to the Court in its "emergency" application that the StraightPath defendants previously offered and remain willing to consent to an order requiring them to abide by the following investor safeguards (which, we respectfully submit, would obviate the need for the relief sought by the SEC) during this litigation:

- ***Business Standstill.***  StraightPath will continue and expand the previously agreed-upon standstill.  Specifically, StraightPath will not solicit any new investments for the company, and (absent advance approval from the SEC or Court) the company will not make any further distributions of stock or cash to investors, purchases of or sales of stock, or any other expenditures.

- ***Voluntary Escrow.***  StraightPath's owner Brian Martinsen and consultants Francine Lanaia and Michael Castillero would collectively contribute $15 million into an escrow account to be available to cover any remaining stock shortfalls or any financial penalties that may be imposed if the SEC prevails.[2]

- ***Independent Forensic Audit.***  StraightPath on May 8, 2022 engaged Nardello & Co., a top-ranked investigations firm that is prepared to serve immediately as an independent forensic examiner to (among other things):  (a) conduct a forensic audit of StraightPath's

---

[2]  Before learning of the SEC's allegations today claiming there is a $14 million stock shortfall, StraightPath proposed to have these individual defendants place $10 million in escrow.  They are willing to increase that escrow amount to $15 million in light of the SEC's new allegations.

CAHILL GORDON & REINDEL LLP

-4-

books to further ensure that investor assets are safeguarded and there are sufficient assets available to cover amounts owed to investors; (b) calculate the gross income and expense figures needed to determine any claimed disgorgement quantum if the SEC were to prevail; and (c) report its findings to the SEC and Court.

- ***Independence Protections.*** To ensure Nardello's independence, StraightPath will be barred from terminating Nardello without Court or SEC approval, there will be no privilege over StraightPath's communications with Nardello, and Nardello will agree not to work for StraightPath for two years after the completion of this engagement. Nardello will be paid by Mr. Martinsen, Ms. Lanaia and Mr. Castillero at its customary hourly rates.

In light of the foregoing, the SEC's request for a temporary restraining order should be denied as meritless. We also respectfully request a week to submit fuller opposition briefing detailing why the balance of the SEC's application should be denied.

Respectfully submitted,

*/s/*  
Brian Markley and Samson Enzer  
Cahill Gordon & Reindel LLP

*/s/*  
Scott N. Sherman and Josh Lewin  
Nelson Mullins Riley & Scarborough LLP

*Attorneys for the StraightPath Defendants*

Cc: All counsel of record