UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

STRAIGHTPATH VENTURE PARTNERS LLC,
STRAIGHTPATH MANAGEMENT LLC, BRIAN
K. MARTINSEN, MICHAEL A. CASTILLERO,
FRANCINE A. LANAIA, and ERIC D.
LACHOW,

Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2022

22 Civ. 03897

## [PROPOSED] ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS, APPOINTING A RECEIVER, AND GRANTING OTHER RELIEF

On the application of Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission") for an Order:

(1) Directing Defendants, StraightPath Venture Partners LLC (the "SP Fund Manager"), StraightPath Management LLC (the "SP Adviser"), Brian K. Martinsen ("Martinsen"), Michael A. Castillero ("Castillero"), Francine A. Lanaia ("Lanaia"), and Eric D. Lachow (collectively, "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

(a) enjoining Defendants from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"); Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder; and Section 206 of the Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8 thereunder;

(b)      freezing the assets of the SP Fund Manager, the SP Adviser, and the personal assets of Martinsen, Castillero, and Lanaia, including the bank and brokerage accounts listed on Exhibit A to this Order (the "Individual Assets"), except for amounts allowed by the Court, upon application by Martinsen, Castillero, and Lanaia, for reasonable living expenses;

(c)      appointing a receiver (the "Receiver") over SP Ventures Fund LLC, SP Ventures Fund 2 LLC, SP Ventures Fund 3 LLC, SP Ventures Fund 4 LLC, SP Ventures Fund 5 LLC, SP Ventures Fund 6 LLC, SP Ventures Fund 7 LLC, SP Ventures Fund 8 LLC, and SP Ventures Fund 9 LLC (collectively, the "SP Funds"); the SP Fund Manager; the SP Adviser (collectively, the SP Funds, the SP Fund Manager, and the SP Adviser are the "Receivership Entities"); and the Individual Assets by entering the proposed Order Appointing Receiver filed herewith;

(d)      enjoining the filing of any new bankruptcy, foreclosure, receivership or other actions by or against the Receivership Entities;

(e)      directing the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia to provide a verified accounting of (i) the current assets, money, and property held directly or indirectly by the Receivership Entities, Martinsen, Castillero, and/or Lanaia, or by others for the direct or indirect beneficial interest of the Receivership Entities, Martinsen, Castillero, and/or Lanaia; and (ii) the use of all investor funds raised by the SP Fund Manager, the SP Adviser, and the SP Funds; and

(f)      prohibiting Defendants from destroying, altering concealing, or otherwise disposing of relevant documents, or directing other individuals or entities to do so;

Case 1:22-cv-03897-LAK   Document 6   Filed 05/13/22   Page 3 of 19

(2)   pending adjudication of the foregoing, an Order:

    (a)   temporarily restraining Defendants from violating Securities Act Sections 5(a), 5(c) and 17(a); Exchange Act Sections 10(b) and 15(a) and Rule 10b-5 thereunder; and Advisers Act Section 206 and Rule 206(4)-8 thereunder;

    (b)   freezing the assets of the SP Fund Manager, the SP Adviser, and the Individual Assets, except for amounts allowed by the Court, upon application by Martinsen, Castillero, and Lanaia, for reasonable living expenses;

    (c)   appointing a Receiver over the Receivership Entities and Individual Assets as described above;

    (d)   enjoining the filing of any new bankruptcy, foreclosure, receivership, or other actions by or against the Receivership Entities;

    (e)   directing SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia to provide a verified accounting of (i) the current assets, money, and property held directly or indirectly by the Receivership Entities, Martinsen, Castillero, and/or Lanaia, or by others for the direct or indirect beneficial interest of the Receivership Entities, Martinsen, Castillero, and/or Lanaia; and (ii) the use of all investor funds raised by the SP Fund Manager, the SP Adviser, and the SP Funds; and

    (f)   providing that the parties and Receiver may take expedited discovery in preparation for a preliminary injunction hearing on this Order to Show Cause; and

    (g)   prohibiting Defendants from destroying, altering concealing, or otherwise disposing of relevant documents, or directing other individuals or entities to do so.

The Court has considered (1) the Complaint filed by Plaintiff on May 13, 2022; (2) the Declaration of Douglas Smith filed on May 13, 2022, and the exhibits thereto; (3) the Declaration of Megan Genet filed on May 13, 2022, and the exhibits thereto; (4) the Local Civil Rule 6.1(d) Declaration of Steven Rawlings filed on May 13, 2022; and (5) Plaintiff's Memorandum of Law in Support of its Emergency Application for an Order to Show Cause, Temporary Restraining Order, Preliminary Injunction, Asset Freeze, Receiver, and Other Relief, filed on May 13, 2022 *as well as defendant's written submission and oral arguments*.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Securities Act Section 20(b), Exchange Act Section 21(d)(1), and Advisers Act Section 209(d) has been made for the relief granted herein, for the following reasons:

1. It appears from the evidence presented that the Defendants have violated and, unless temporarily restrained, will continue to violate, Securities Act Sections 5(a), 5(c) and 17(a); Exchange Act Sections 10(b) and 15(a) and Rule 10b-5 thereunder; and Advisers Act Section 206 and Rule 206(4)-8 thereunder, as charged in the Complaint.

2. It appears that the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property, and other assets that could be subject to an order of disgorgement or an order imposing civil penalties. It appears that an order freezing the assets of the SP Fund Manager, the SP Adviser, and the Individual Assets, as specified herein, is necessary to preserve the status quo, to protect investors from further transfers of funds and misappropriation, to protect this Court's ability to award equitable relief in the form of disgorgement of ill-gotten gains and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

3. ~~It appears that the appointment of a Receiver for the Receivership Entities and over the Individual Assets, as described above and as set forth in the proposed Order Appointing~~

4

Receiver, is necessary to: (a) preserve the status quo, (b) ascertain the extent of commingling of funds among the Receivership Entities; (c) ascertain the true financial condition of the Receivership Entities and the disposition of investor funds; (d) prevent further dissipation of the property and assets of the Receivership Entities; (e) prevent the encumbrance or disposal of property or assets of the Receivership Entities and the investors; (f) preserve the books, records, and documents of the Receivership Entities; (g) be available to respond to investor inquiries; and (h) protect investors' assets.

4. It appears that an order requiring the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia to provide a verified accounting of (i) the current assets, money, and property held directly or indirectly by the Receivership Entities, Martinsen, Castillero, and/or Lanaia, or by others for the direct or indirect beneficial interest of the Receivership Entities, Martinsen, Castillero, and/or Lanaia; and (ii) the use of all investor funds raised by the SP Fund Manager, the SP Adviser, and the SP Funds is necessary to effectuate and ensure compliance with the freeze imposed on the assets of the Receivership Entities and the Individual Assets and to locate additional assets for the benefit of investors.

5. It appears that Defendants have and may in the future again attempt to destroy, alter, conceal, or otherwise dispose of relevant documents, or direct other individuals or entities to do so.

6. Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary, including those set forth in the Local Civil Rule 6.1(d) Declaration of Steven Rawlings.

7. This Court has jurisdiction over the subject matter of this action and over Defendants, and venue properly lies in this District.

5

**NOW, THEREFORE,**

I.

**IT IS HEREBY ORDERED** that Defendants show cause, if there be any, to this Court at 3:00 p.m. on the 26th day of May 2022, in Room 21B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Securities Act Section 20(b), Exchange Act Section 21(d)(1), and Advisers Act Section 209 preliminarily enjoining Defendants from Securities Act Sections 5(a), 5(c) and 17(a); Exchange Act Sections 10(b) and 15(a) and Rule 10b-5 thereunder; and Advisers Act Section 206 and Rule 206(4)-8 thereunder.

II.

**IT IS FURTHER ORDERED** that the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but

not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the accounts listed on Exhibit A,¹ except for amounts allowed by the Court, upon application by Martinsen, Castillero, and Lanaia, for reasonable living expenses.

### III.

**IT IS FURTHER ORDERED** that the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia show cause at that time why this Court should not also enter an Order appointing [~~appointing or continuing the appointment of~~] a Receiver for the Receivership Entities and over the Individual Assets, ~~as described above and as set forth in the proposed Order Appointing Receiver,~~ to (a) preserve the status quo; (b) ascertain the extent of commingling of funds among the Receivership Entities and all entities they control or have an ownership interest in; (c) ascertain the true financial condition of the Receivership Entities and the disposition of investor funds; (d) prevent further dissipation of the property and assets of the Receivership Entities and all entities they control or have an ownership interest in; (e) prevent the encumbrance or disposal of property or assets of the Receivership Entities and the investors; (f) preserve the books, records and documents of the Receivership Entities; (g) be available to respond to investor inquiries; and (h) protect the assets of the Receivership Entities.

### IV.

**IT IS FURTHER ORDERED** that the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia show cause at that time why this Court should not also enter an Order

---

¹ The Commission is authorized to transmit a version of Exhibit A that contains the full bank account numbers subject to this Order to the relevant financial institutions listed on Exhibit A.

enjoining the filing of any new bankruptcy, foreclosure, receivership, or other actions by or against the Receivership Entities.

V.

**IT IS FURTHER ORDERED** that the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia show cause at that time why this Court should not also enter an Order directing the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia to serve upon Plaintiff, within five (5) business days, or within such extension of time as the Plaintiff agrees to, a verified written accounting signed by the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia identifying (i) the current assets, money, and property held directly or indirectly by the Receivership Entities, Martinsen, Castillero, and/or Lanaia, or by others for the direct or indirect beneficial interest of the Receivership Entities, Martinsen, Castillero, and/or Lanaia; and (ii) the use of all investor funds raised by the SP Fund Manager, the SP Adviser, and the SP Funds.

The SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia shall serve such sworn statements on Plaintiff's counsel, Lee A. Greenwood and Philip A. Fortino, by email sent to GreenwoodL@sec.gov and FortinoP@sec.gov.

VI.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at their direction or on their behalf, or any other person, from destroying, altering, concealing or otherwise interfering with the access of Plaintiff and the Receiver to any and all documents, books and records, that are in the possession, custody or control of Defendants, and each of their officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the

8

allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Receivership Entities', Martinsen's, Castillero's, and/or Lanaia's finances or business operations.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendants are temporarily restrained from violating Securities Act Section 17(a) [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendants are temporarily restrained from violating

Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendants are temporarily restrained from violating Advisers Act Section 206 [15 U.S.C. § 80b-6] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by, while acting as an investment adviser, using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange:

 (a) to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

    (c)    acting as principal for his own account, knowingly to sell any security to or purchase any security from a client, or acting as broker for a person other than such client, knowingly to effect any sale or purchase of any security for the account of such client, without disclosing to such client in writing before the completion of such transaction the capacity in which he is acting and obtaining the consent of the client to such transaction; or

    (d)    to engage in any acts, practices, or courses of business which are fraudulent, deceptive, or manipulative.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendants are temporarily restrained from violating Securities Act Sections 5(a) and 5(c) [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or

11

        otherwise; or carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(b)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Securities Act Section 8 [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendants are temporarily restrained from violating Exchange Act Section 15(a)(1) [15 U.S.C. § 78o(a)(1)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered as a broker or dealer in accordance with subsection Exchange Act Section 15(b) [15 U.S.C. § 78o(b)].

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the accounts listed on Exhibit A, except that any amounts allowed by the Court, upon application by Martinsen, Castillero, and Lanaia, for reasonable living expenses, shall not be subject to the asset freeze in this paragraph.

Notwithstanding the foregoing, the asset freeze contained in this paragraph shall not include the account at Capital One Bank in the name of Antoinette McPherson with an account number ending in 5306.

### XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia or over which they exercise actual or apparent investment or other authority (including assets in the name of the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia), in whatever form such assets may presently exist and wherever located, including but not limited to all such funds held in the accounts [and which are in active concert and participation with any of the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia,] listed in Exhibit A, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen, except that any amounts allowed by the Court, upon application by Martinsen, Castillero, and Lanaia, for reasonable living expenses, shall not be subject to the asset freeze in this paragraph.

14

## XIV.

IT IS FURTHER ORDERED that ~~_____~~, until further order of this Court, be and hereby is appointed to act as Receiver for the Receivership Entities and over the Individual Assets, subject to all of the terms and conditions set forth in the Order Appointing Receiver. [struck through]

## XV.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against any of the Receivership Entities, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets, including, but not limited to the filing of any lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets subject to this Order ~~and the Order Appointing Receiver.~~

## XVI.

**IT IS FURTHER ORDERED** that discovery in advance of a hearing on Plaintiff's application for a preliminary injunction is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties and the Receiver may:

(1) Take depositions, subject to two (2) [handwritten, replacing "three (3)"] calendar days' notice by facsimile, email, or otherwise;

(2) Obtain the production of documents, within three (3) [handwritten, replacing "four (4)"] calendar days from service by facsimile, email, or otherwise of a request or subpoena from any persons or entities, including non-party witnesses;

(3) Service of any discovery requests, notices, or subpoenas may be made by email, personal service, facsimile, overnight courier, or first-class mail on an individual, entity or the individual's or entity's attorney; and

15

~~(4)   The Receiver may take discovery in this action without further order of the Court.~~  LAK

## XVII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's application for a preliminary injunction, Defendants, any person or entity acting at their direction or on their behalf, and any other third party, be and hereby are ~~(1)~~ enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of Plaintiff ~~and the Receiver~~ to any and all documents, books, and records that are in the possession, custody or control of Defendants, the Receivership Entities, and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to Defendants', and the Receivership Entities' finances or business operations, or the offer, purchase or sale of securities and the use of proceeds therefrom. ~~and (2) ordered to provide all reasonable cooperation to the Receiver in carrying out his duties set forth herein.~~

## XVIII.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Plaintiff's application for a preliminary injunction be served upon Defendants on or before May 13, 2022, by personal delivery, facsimile, email, overnight courier, or first-class mail.

## XIX.

**IT IS FURTHER ORDERED** that Defendants shall ~~deliver~~ file any opposing papers in response to this Order to Show Cause above no later than May 20, 2022. Service shall be made either by ECF or by email (to GreenwoodJ@sec.gov and FortinoP@sec.gov) on Plaintiff's counsel. Plaintiff shall have until May 25, 2022, to file ~~serve, either by ECF or by the most expeditious means~~

16

~~available~~, any reply papers upon Defendants, or upon their counsel, if counsel shall have made an   LAK

appearance in this action.

### XX.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendants, and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

**SO ORDERED.**

Dated: May 13, 2022
New York, New York

Issued at: 4:14pm

_____
United States District Judge

17

**Exhibit A**

| Account Name | Financial Institution | Account Type | Last Four Digits of Account Number |
|---|---|---|---|
| StraightPath Management Inc | JPMorgan Chase | Bank | 9678 |
| StraightPath Venture Partners Inc | JPMorgan Chase | Bank | 7691 |
| StraightPath Holdings Inc | JPMorgan Chase | Bank | 2527 |
| SP Ventures Fund LLC | JPMorgan Chase | Bank | 9821 |
| SP Ventures Fund LLC | Signature Bank | Bank | 2298 |
| StraightPath Venture Partners LLC | Signature Bank | Bank | 2662 |
| StraightPath Management LLC | Signature Bank | Bank | 2689 |
| StraightPath Holdings LLC | Signature Bank | Bank | 2670 |
| SP Ventures Fund 2 LLC | Signature Bank | Bank | 4495 |
| SP Ventures Fund 3 LLC | Signature Bank | Bank | 4883 |
| SP Ventures Fund 4 LLC | Signature Bank | Bank | 8005 |
| SP Ventures Fund 5 LLC | Signature Bank | Bank | 8080 |
| SP Ventures Fund 6 LLC | Signature Bank | Bank | 8099 |
| SP Ventures Fund 7 LLC | Signature Bank | Bank | 3459 |
| SP Ventures Fund 8 LLC | Signature Bank | Bank | 3467 |
| SP Ventures Fund 9 LLC | Signature Bank | Bank | 5329 |
| SP Ventures Fund 3 LLC | Axos Clearing | Brokerage | 1083 |
| Straightpath Venture Partners | Axos Clearing | Brokerage | 0163 |
| SP Ventures Fund 5 LLC | Axos Clearing | Brokerage | 8131 |
| SP Ventures Fund 7 LLC | Axos Clearing | Brokerage | 5580 |
| SP Ventures Fund LLC | Axos Clearing | Brokerage | 3063 |
| SP Ventures Fund 8 LLC | Axos Clearing | Brokerage | 0017 |
| SP Ventures Fund 8 LLC | Axos Clearing | Brokerage | 2953 |
| SP Ventures Fund 3 LLC | Axos Clearing | Brokerage | 1202 |
| SP Ventures Fund 2 LLC | Axos Clearing | Brokerage | 0887 |
| SP Ventures Fund 4 LLC | Axos Clearing | Brokerage | 3933 |
| SP Ventures Fund 6 LLC | Axos Clearing | Brokerage | 5683 |
| Straightpath Venture Ptnrs LLC | Pershing | Brokerage | 8767 |
| SP Ventures Fund LLC | Pershing | Brokerage | 8791 |
| SP Ventures Fund 2 LLC | Pershing | Brokerage | 8866 |
| SP Ventures Fund 3 LLC | Pershing | Brokerage | 8874 |
| SP Ventures Fund 4 LLC | Pershing | Brokerage | 8882 |
| SP Ventures Fund 5 LLC | Pershing | Brokerage | 8890 |
| SP Ventures Fund 6 LLC | Pershing | Brokerage | 8908 |
| SP Ventures Fund 7 LLC | Pershing | Brokerage | 8916 |
| SP Ventures Fund 8 LLC | Pershing | Brokerage | 8924 |
| Straightpath Venture Partners | RBC | Brokerage | 4657 |
| SP Ventures Fund LLC | RBC | Brokerage | 4658 |
| SP Ventures Fund 2 LLC | RBC | Brokerage | 4659 |
| SP Ventures Fund 3 LLC | RBC | Brokerage | 4669 |
| SP Ventures Fund 4 LLC | RBC | Brokerage | 4861 |
| SP Ventures Fund 5 LLC | RBC | Brokerage | 4862 |
| SP Ventures Fund 6 LLC | RBC | Brokerage | 4868 |
| SP Ventures Fund 7 LLC | RBC | Brokerage | 4869 |
| SP Ventures Fund 8 LLC | RBC | Brokerage | 2756 |
| BKM CONSULTING NY INC | Charles Schwab | Brokerage | 0437 |

**Exhibit A**

| Account Name | Financial Institution | Account Type | Last Four Digits of Account Number |
|---|---|---|---|
| BRIAN MARTINSEN | Charles Schwab | Brokerage | 4892 |
| NISS LLC | Charles Schwab | Brokerage | 1015 |
| Charee Corp | JPMorgan Chase | Bank | 6780 |
| Charee Corp | JPMorgan Chase | Bank | 8156 |
| BKM Consulting Inc/BKM Consulting NY Inc | JPMorgan Chase | Bank | 3967 |
| BKM Consulting Inc/BKM Consulting NY Inc | JPMorgan Chase | Bank | 5668 |
| BKM Consulting Inc/BKM Consulting NY Inc | JPMorgan Chase | Bank | 8616 |
| BKM Consulting Inc/BKM Consulting NY Inc | JPMorgan Chase | CD | 2479 |
| NISS LLC | JPMorgan Chase | Bank | 5276 |
| BMF Realty LLC | JPMorgan Chase | Bank | 1558 |
| SP Ventures Fund 8 LLC | StoneX Financial | Brokerage | 4098 |
| SP Venture Partners LLC | TD Ameritrade | Brokerage | 1351 |
| SP Ventures Fund LLC | TD Ameritrade | Brokerage | 1330 |
| SP Ventures Fund 2 LLC | TD Ameritrade | Brokerage | 1363 |
| BKM Consulting Inc/BKM Consulting NY Inc | TD Ameritrade | Brokerage | 0759 |
| Francine A Lanaia | TD Ameritrade | Brokerage | 0035 |
| Francine A Lanaia | TD Ameritrade | Brokerage | 5519 |
| Michael Alejandro Castillero | TD Ameritrade | Brokerage | 1734 |
| Nikki Mazzola & Michael Castillero Jt Ten | TD Ameritrade | Brokerage | 5745 |
| Michael Alejandro Castillero SEP IRA | TD Ameritrade | Brokerage | 2267 |
| Charee FL Corp | Wells Fargo | Bank | 1533 |
| Francine Lanaia | Capital One | Bank | 1986 |
| BKM Consulting Inc/BKM Consulting NY Inc | Astoria Bank | Bank | 0368 |