# **<u>Exhibit 3</u>**

# Edgar Neely

| | |
|---|---|
| **From:** | Fortino, Philip A <fortinop@SEC.GOV> |
| **Sent:** | Monday, May 16, 2022 7:58 PM |
| **To:** | Enzer, Samson |
| **Cc:** | Greenwood, Lee; Markley, Brian; Scott Sherman; Josh Lewin; Rawlings, Steven; Genet, Megan |
| **Subject:** | Re: SEC v. StraightPath, 22 Civ. 3897 |

We will send you the drafts tomorrow. This confirms that tomorrow morning's deposition is adjourned.

Philip A. Fortino
U.S. Securities and Exchange Commission
Division of Enforcement
(212) 336-1014

> On May 16, 2022, at 7:51 PM, Enzer, Samson <SEnzer@cahill.com> wrote:
>
> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Counsel:
>
> The SEC's refusal to take steps to seek immunity orders that would permit our clients to testify at the noticed depositions is unfortunate. However, in light of that, we can confirm that Mr. Martinsen, Ms. Lanaia, Mr. Castillero, and Mr. Lachow intend to assert their Fifth Amendment rights under the United States Constitution if deposed in this matter.
>
> Please send us the proposed declarations at your convenience.
>
> Yours truly,
>
> Samson Enzer
>
> _____
>
> **Samson Enzer | Counsel**
> **Cahill Gordon & Reindel LLP**
> 32 Old Slip, New York, NY 10005
> **t**: +1.212.701.3125 | **m**: +1.917.520.2365 | SEnzer@cahill.com
> http://www.cahill.com
>
> ---
>
> **From:** Fortino, Philip A <fortinop@SEC.GOV>
> **Sent:** Monday, May 16, 2022 4:56 PM
> **To:** Enzer, Samson <SEnzer@cahill.com>; Greenwood, Lee <greenwoodl@SEC.GOV>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin

<josh.lewin@nelsonmullins.com>
**Cc:** Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

Sam:

The Commission staff will not be requesting that the U.S. Attorney seek immunity orders for your clients' depositions under his statutory authority.  Please confirm in writing that your clients intend to assert their Fifth Amendment rights against self-incrimination in response to all questions at the noticed depositions.

Once we receive this confirmation, we will adjourn tomorrow's deposition until next Tuesday, May 24, at 10:00 a.m.  By tomorrow morning, we will send you proposed declarations that we would accept in lieu of insisting on your clients' appearance.

We are available to discuss any questions you may have.


Philip A. Fortino
U.S. Securities and Exchange Commission
Division of Enforcement
(212) 336-1014



**From:** Enzer, Samson <SEnzer@cahill.com>
**Sent:** Monday, May 16, 2022 4:15 PM
**To:** Fortino, Philip A <fortinop@SEC.GOV>; Greenwood, Lee <greenwoodl@SEC.GOV>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel:

We respectfully disagree with your characterization of our correspondence.  Nevertheless, in light of your response, we ask that the SEC request that the United States Attorney's Office apply for an immunity order pursuant to Title 18, United States Code, Section 6003 protecting our clients' deposition testimony in this federal court litigation from use in any criminal prosecution.  If the SEC refuses or fails to do so, Mr. Martinsen, Ms. Lanaia, Mr. Castillero and Mr. Lachow intend to invoke their constitutional rights to refrain from answering deposition questions in this matter at this juncture in the proceedings.

If that becomes necessary, we are open to your proposal for documenting our clients' respective invocations.

Yours truly,

Samson Enzer

**Samson Enzer | Counsel**
**Cahill Gordon & Reindel LLP**
32 Old Slip, New York, NY 10005
**t**: +1.212.701.3125 | **m**: +1.917.520.2365 | SEnzer@cahill.com
http://www.cahill.com

---

**From:** Fortino, Philip A <fortinop@SEC.GOV>
**Sent:** Monday, May 16, 2022 1:08 PM
**To:** Enzer, Samson <SEnzer@cahill.com>; Greenwood, Lee <greenwoodl@SEC.GOV>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

Sam:

We have not sidestepped anything. You have our representation that there has been no coordination with the USAO as to these depositions. And, we will respond as appropriate to your document requests concerning communications more generally in due course. But, we have no obligation to respond to, and do not intend to respond to, what amount to a series of improper and untimely interrogatories.

We will not be seeking immunity orders for your clients. Please note that Section 6004 allows the Commission to seek such orders only in "a proceeding before an agency of the United States," which this is not. In light of that, please give us a straight answer on whether each of your clients intends to testify at the scheduled times or intends to invoke his or her Fifth Amendment privilege against self-incrimination. If the latter, we are amenable to discussing ways to document any of your client's invocation other than doing so on the record.

Philip A. Fortino
U.S. Securities and Exchange Commission
Division of Enforcement
(212) 336-1014

---

**From:** Enzer, Samson <SEnzer@cahill.com>
**Sent:** Monday, May 16, 2022 12:13 PM
**To:** Fortino, Philip A <fortinop@SEC.GOV>; Greenwood, Lee <greenwoodl@SEC.GOV>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel:

We take your silence in response to several of our questions below as confirmation that the SEC did, in fact, prompt the United States Attorney's Office to open a criminal investigation into our clients some time ago, and has been communicating with that Office about this matter since that referral. Your response side-steps, rather than answering, a number of critical questions seeking necessary information for our clients to decide whether or not they should invoke their constitutional rights to decline your requests to depose them in light of the federal criminal investigation brought on by the SEC's actions.

Nevertheless, please be advised that Mr. Martinsen, Ms. Lanaia, Mr. Castillero and Mr. Lachow are willing to testify at depositions if the SEC procures immunity orders for them to do so pursuant to 18 U.S.C §§ 6001-6004 and SEC Enforcement Manual Section 6.2.4 ("Statutory immunity permits the Commission, pursuant to 18 U.S.C §§ 6001-6004, to seek a court order compelling the individual to give testimony or provide other information that may be necessary to the public interest, if the request is approved by the U.S. Attorney General.").

Yours truly,

Samson Enzer

**Samson Enzer | Counsel**
**Cahill Gordon & Reindel LLP**
32 Old Slip, New York, NY 10005
**t**: +1.212.701.3125 | **m**: +1.917.520.2365 | SEnzer@cahill.com
http://www.cahill.com

---

**From:** Fortino, Philip A <fortinop@SEC.GOV>
**Sent:** Monday, May 16, 2022 8:47 AM
**To:** Enzer, Samson <SEnzer@cahill.com>; Greenwood, Lee <greenwoodl@SEC.GOV>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

Sam:

Your first email from yesterday expressed a concern that the depositions might be a "perjury trap." In response, we assured you that we have not coordinated with the USAO with regard to the depositions. To state it more plainly, we have not discussed the topics to be covered or the questions to be asked with the USAO. We trust this representation should address the specific concern you identified.

We have your document requests seeking our communications with the USAO and will respond in due course.


Philip A. Fortino
U.S. Securities and Exchange Commission
Division of Enforcement

4

(212) 336-1014

**From:** Enzer, Samson <SEnzer@cahill.com>
**Sent:** Sunday, May 15, 2022 9:27 PM
**To:** Fortino, Philip A <fortinop@SEC.GOV>; Greenwood, Lee <greenwoodl@SEC.GOV>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel:

We can confirm that Ms. Machado will make herself for a virtual deposition on Monday May 23 at 10:00 a.m.

The additional information that you have provided about the criminal investigation by the United States Attorney's Office raises more questions and concerns than it does quell them.

You have not denied – and thus we assume it to be the case – that the SEC prompted the United States Attorney's Office to open a criminal investigation into our clients. However, if the SEC did not refer or bring this matter to that Office's attention, please let us know.

Assuming the SEC did refer this matter to that Office, then we expect that the SEC Enforcement Staff would have abided by the SEC Enforcement Manual's guidance that "[a]fter an informal referral to criminal authorities is made, staff is encouraged and expected to maintain periodic communication with the criminal authorities concerning the status of any criminal investigation." Bearing that in mind, we reiterate our request – to which you have not responded – for all communications that the SEC has had with the United States Attorney's Office concerning this matter.

You say that you "have not coordinated the timing or any other aspect of the upcoming depositions with the Government." Regardless of whether you would classify them as "coordination," please advise whether you have communicated with the Government about the upcoming depositions requested by the SEC or about the SEC's earlier requests to take testimony from our clients during the SEC's investigation.

With respect to those of our clients who are considering whether to invoke their constitutional rights to decline to submit to deposition testimony, we will of course promptly advise you of their respective decisions in this regard. But we note that responses to the foregoing inquiries bear directly on the potential implications and collateral consequences of any such invocation, and thus they will need to consider the SEC's responses before making any final decisions.

Yours truly,

Samson Enzer

**Samson Enzer | Counsel**
**Cahill Gordon & Reindel LLP**
32 Old Slip, New York, NY 10005

**t**: +1.212.701.3125 | **m**: +1.917.520.2365 | SEnzer@cahill.com
http://www.cahill.com

---

**From:** Fortino, Philip A <fortinop@SEC.GOV>
**Sent:** Sunday, May 15, 2022 4:30 PM
**To:** Enzer, Samson <SEnzer@cahill.com>; Greenwood, Lee <greenwoodl@SEC.GOV>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

Counsel:

We are amenable to adjourning the deposition of Ms. Machado to 10 a.m. on Monday, May 23.

Your assertion that there may be some impropriety with respect to the depositions of your other individual clients is unfounded.  As a courtesy, prior to filing the complaint in this matter, we disclosed the existence of a parallel criminal investigation by the United States Attorney's Office.  That investigation was separate from the pre-litigation investigation conducted by the Commission staff.  We have not coordinated the timing of or any other aspect of the upcoming depositions with the Government.

With regard to the topics for the depositions, we expect them to cover any and all matters relevant to the topics addressed in the papers we filed with the Court on Friday.  Without agreeing to any limits on scope, the following is an illustrative list of the matters we will cover:

- The ownership of the entities involved in the StraightPath business;
- The individuals' roles and responsibilities in those entities and in that business;
- Communications with investors, or with sales agents, about the SP Funds;
- Use of investor proceeds or assets from the SP Funds, the SP Fund Manager, or the SP Adviser;
- Payments, both in cash and stock, to each of the individuals, including how the amounts of such payments were determined, the source of those payments, and how those funds were used;
- The identity and location of personal assets and all other assets subject to the asset freeze;
- Location of all books and records of the SP Funds, the SP Fund Manager, and the SP Adviser;
- Use of the email address or signature stamp of other people (or otherwise impersonating other people) in connection with the StraightPath business;
- The regulatory history and background of each of the individuals;
- Preservation and/or destruction of relevant documents and records; and
- How, absent the appointment of a receiver, StraightPath will continue to conduct its business including, for example, how StraightPath will respond to or handle investor redemption requests, how it will respond to liquidation events, and how Pre-IPO Share shortfalls will be addressed.

Please confirm that your clients will appear for their depositions noticed this week, as well as of your client's decisions concerning invoking constitutional rights, as soon as possible.


Philip A. Fortino
U.S. Securities and Exchange Commission
Division of Enforcement
(212) 336-1014

**From:** Enzer, Samson <SEnzer@cahill.com>
**Sent:** Sunday, May 15, 2022 12:07 PM
**To:** Greenwood, Lee <greenwoodl@SEC.GOV>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Fortino, Philip A <fortinop@SEC.GOV>; Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel:

With respect to the SEC request to depose Ms. Machado served yesterday (Saturday May 14), we are in the process of attempting to reach Ms. Machado to confirm her availability for a deposition. Subject to confirmation, we tentatively expect to be able to make Ms. Machado available for deposition testimony on Monday May 23 or Tuesday May 24.

Our remaining individual clients are still considering whether or not they will invoke their constitutional rights to refrain from offering deposition testimony at this stage of the proceedings. The generalized information provided in your email of yesterday about the topics the SEC expects to inquire about at any depositions of them — which is akin to saying that the SEC intends to "ask about this case" — is insufficient to put them in a position to make informed decisions about whether to invoke their constitutional rights.

Given that the SEC appears to have prompted the United States Attorneys' Office to open a criminal investigation into our clients and has apparently been secretly coordinating with that Office for some time — creating what may be an unlawful "perjury trap" in this case — it is incumbent on the SEC to provide our clients with the information needed for them to evaluate the potential risks of submitting to the SEC's demands for expedited deposition testimony.

To mitigate the prejudice to our clients from this situation of the SEC's own making, please provide a detailed list of the topics and questions that you propose to ask each of our individual clients (other than Ms. Machado) at any deposition. Please also disclose what, if any, communications the SEC has had with the United States Attorney's Office concerning potential depositions of our individual clients.

Yours truly,

Samson Enzer

---

**Samson Enzer | Counsel**
**Cahill Gordon & Reindel LLP**
32 Old Slip, New York, NY 10005
**t**: +1.212.701.3125 | **m**: +1.917.520.2365 | SEnzer@cahill.com
http://www.cahill.com

**From:** Greenwood, Lee <greenwoodl@SEC.GOV>
**Sent:** Sunday, May 15, 2022 11:29 AM
**To:** Enzer, Samson <SEnzer@cahill.com>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman

7

<scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Fortino, Philip A <fortinop@SEC.GOV>; Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

Counsel:

For scheduling purposes, please confirm that you will be producing Ms. Machado for her noticed deposition tomorrow at noon. Per your email yesterday referencing the possible invocation of constitutional rights, we'd also like to know whether she intends to answer questions substantively at the deposition.

Let us know if you'd like to discuss.

Lee A. Greenwood
Division of Enforcement
U.S. Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004
(212) 336-1060
GreenwoodL@sec.gov

---

**From:** Greenwood, Lee
**Sent:** Saturday, May 14, 2022 10:41 AM
**To:** Enzer, Samson <SEnzer@cahill.com>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Fortino, Philip A <fortinop@SEC.GOV>; Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

Sam:

We intend to cover topics related to our motion for a temporary restraining order and preliminary injunction, which itself contains a fairly detailed description of the SEC's claims and basis for the relief sought. Specifically, this would include relevant background; information about work, ownership, and roles at StraightPath; StraightPath's securities offerings and use of investor proceeds; compensation from or related to StraightPath; and the preservation or destruction of relevant documents.

Lee A. Greenwood
Division of Enforcement
U.S. Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004
(212) 336-1060
GreenwoodL@sec.gov

---

**From:** Enzer, Samson <SEnzer@cahill.com>
**Sent:** Saturday, May 14, 2022 9:01 AM
**To:** Greenwood, Lee <greenwoodl@SEC.GOV>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>

8

**Cc:** Fortino, Philip A <fortinop@SEC.GOV>; Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel:

Based on your comments during our May 6, 2022 call, it is our understanding that the SEC Enforcement Division referred this matter to the Criminal Division of the United States Attorney's Office of the Southern District of New York. That Office has confirmed that it is has been conducting a criminal investigation in this matter for some time. In light of the foregoing, please provide a list of the topics and questions that you would propose to ask our clients in deposition testimony so that they can evaluate whether to invoke their constitutional rights to object or decline to respond to the SEC's requests for deposition testimony.

We are representing Ms. Machado for the time being and accept service of this subpoena on her behalf.

Yours truly,

Samson Enzer

---

**Samson Enzer | Counsel**
**Cahill Gordon & Reindel LLP**
32 Old Slip, New York, NY 10005
**t**: +1.212.701.3125 | **m**: +1.917.520.2365 | SEnzer@cahill.com
http://www.cahill.com

**From:** Greenwood, Lee <greenwoodl@SEC.GOV>
**Sent:** Saturday, May 14, 2022 8:51 AM
**To:** Enzer, Samson <SEnzer@cahill.com>; Markley, Brian <BMarkley@Cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Fortino, Philip A <fortinop@SEC.GOV>; Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** RE: SEC v. StraightPath, 22 Civ. 3897

For clarity, attached is a revised deposition notice that includes Ms. Machado.

**From:** Greenwood, Lee
**Sent:** Saturday, May 14, 2022 8:16 AM
**To:** Enzer, Samson <SEnzer@cahill.com>; Markley, Brian <BMarkley@cahill.com>; Scott Sherman <scott.sherman@nelsonmullins.com>; Josh Lewin <josh.lewin@nelsonmullins.com>
**Cc:** Fortino, Philip A <fortinop@SEC.GOV>; Rawlings, Steven <RawlingsS@sec.gov>; Genet, Megan <GENETM@SEC.GOV>
**Subject:** SEC v. StraightPath, 22 Civ. 3897

Counsel,

Pursuant to the Court's Order to Show Cause entered yesterday, please see the attached deposition subpoena and notices of deposition for your clients.

With respect to Ms. Machado, we understand you to have been representing her in connection with the SEC's investigation.  Please confirm that you are authorized to accept service on her behalf.

Thanks,

Lee A. Greenwood
Division of Enforcement
U.S. Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004
(212) 336-1060
GreenwoodL@sec.gov

* * * * * * * * * * * * * * * * * * * *

The information contained in this e-mail message is confidential and may be privileged.  If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you believe you have received this communication in error, please notify the sender immediately by replying to this email and then delete this email from your system.  Thank you.