Case 1:22-cv-03897-LAK Document 28 Filed 05/23/22 Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/22

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF ENFORCEMENT

**MEMORANDUM ENDORSED**

The deposition is stayed pending determination of this motion. Defendants' opposing papers shall be filed no later than close of business 5/25/2022.

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
5/23/2022

May 23, 2022

By ECF

Hon. Lewis Kaplan
United States District Judge
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *SEC v. StraightPath Venture Partners et al.*, 22 Civ. 03897 (LAK) (S.D.N.Y.)

Dear Judge Kaplan:

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this letter motion for a protective order, pursuant to Federal Rule of Civil Procedure 26(c), to preclude a deposition noticed for Tuesday, May 24, 2022. The Commission seeks an order precluding Defendants StraightPath Venture Partners, LLC ("SP Manager"), StraightPath Management, LLC ("SP Adviser"), Brian Martinsen, Michael Castillero, Francine Lanaia, and Eric Lachow (together, "Defendants") from deposing Steven Rawlings, a Commission attorney and Assistant Regional Director in the Commission's New York office. Defendants' counsel has informed us that its primary focus in the deposition will be Mr. Rawlings' communications with the United States Attorney's Office for the Southern District of New York ("USAO") concerning Defendants in connection with a pending criminal investigation. To the extent not privileged, potential questions on that topic bear no relevance to the merits of this civil case or the preliminary relief sought by the Commission. Commission counsel has met and conferred with Defendants' counsel on this issue and reached an impasse. For the reasons described below, the Court should grant the Commission's motion for a protective order.

I.      Relevant Factual and Procedural Background

On May 13, 2022, the Commission filed its Complaint and an emergency application for a temporary restraining order and preliminary injunction, including an asset freeze, appointment of a receiver, and expedited discovery. (Dkt. Nos. 1, 5–11.) The Commission's papers included a short declaration from Mr. Rawlings pursuant to Local Civil Rule 6.1(d). (Dkt. No. 9.)

As described in the Commission's brief in support of its application (Dkt. No. 8), the Commission's supporting papers provided evidence of Defendants' fraudulent scheme to sell (unlawfully unregistered) securities in investment vehicles. The investment vehicles purported to provide access to highly-coveted shares of private companies that may hold an initial public offering ("IPO") in the future. In fact, the investment vehicles owned significantly fewer pre-IPO shares than Defendants claimed—as Defendants knew and discussed among themselves—and, unbeknownst to the investors, they were paying exorbitant, undisclosed fees that allowed