

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Scott N. Sherman
T. 404.322.6231
Scott.sherman@nelsonmullins.com

Atlantic Station
201 17th Street, NW | Suite 1700
Atlanta, GA 30363
T 404.322.6000 F 404.322.6050
nelsonmullins.com

June 10, 2022

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *SEC* v. *StraightPath Venture Partners LLC*, 22 Civ. 3897 (LAK)**

Dear Judge Kaplan:

Pursuant to the Court's Order of June 6, 2022 (Dkt. 50), my law firm, along with our co-counsel at Cahill Gordon & Reindel LLP, respectfully submit this letter on behalf of the defendants to respond to the Court's request for the parties' respective positions as to whether Otterbourg PC member Melanie L. Cyganowski, former Chief Judge of the United States Bankruptcy Court for the Eastern District of New York, should be appointed as receiver over the StraightPath Fund Manager and Funds (collectively, the "StraightPath") in this case.

While the defendants continue to stand by their nomination of the two receiver candidates that they proposed to the Court by letter dated June 2, 2022, the defendants would have no objection to the Court appointing Judge Cyganowski as receiver instead as long as the Court can satisfy itself that appropriate measures can be taken to address the potential conflict of interest arising from Judge Cyganowski's law firm's client relationship with Flexport Capital LLC.

As the Court is aware, the receivership estate that the receiver in this case will oversee consists primarily of the StraightPath entities' holdings of pre-IPO shares of private companies that may later experience significant value gains if they conduct initial public offerings. Those holdings include StraightPath's ownership interest in more than $1 million in pre-IPO shares of Flexport Inc., which, upon information and belief, is an affiliate of Flexport Capital LLC.[1] We

[1] Flexport Inc. is a freight forwarding and customs brokerage company based in San Francisco. (*See* Flexport Website at https://www.flexport.com/company/about-us/). Flexport Capital LLC appears to be an affiliated entity that furnishes trade financing to Flexport clients. (*See* Flexport Website at https://www.flexport.com/webinars/flexport-capital-how-it-works/; J. P. Hampstead, "Flexport Launches Flexport Capital to Alleviate Customers' Tariff Burdens," *FreightWaives* (July 25, 2019) available at https://www.freightwaves.com/news/flexport-launches-flexport-capital-to-alleviate-customers-tariff-burdens).

asked plaintiff Securities and Exchange Commission (the "SEC") for confirmation as to whether these two entities are affiliated, and the SEC informed us that although the SEC does not know the precise relationship between Flexport Inc. and the Flexport Capital LLC entity that Judge Cyganowski's law firm represents, the SEC presumes that they are affiliated for present purposes. The defendants do not have visibility into whether Judge Cyganowski herself performs legal services for Flexport Capital, the circumstances of her law firm's relationship with Flexport Capital, or the types of services that her firm provides to Flexport Capital. But if, for example, Judge Cyganowski's law firm may become privy to material nonpublic information concerning Flexport (including information about whether or when it may proceed to an initial public offering), it would be critical for screening procedures to be put in place to ensure that Judge Cyganowski is not precluded as receiver from trading StraightPath's pre-IPO shares in Flexport on behalf of the receivership estate in this case.

Assuming the Court can satisfy itself that such issues will not arise or can be effectively addressed with appropriate screening measures, the defendants have no objection to Judge Cyganowski's appointment as receiver in this case.

Respectfully submitted,

Scott N. Sherman

cc: All counsel of record (via email)