```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/14/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

-against-

STRAIGHTPATH VENTURE PARTNERS LLC, *et al.*,

        Defendants.

---

22 Civ. 3897 (LAK)

## STIPULATION AND [PROPOSED] CONSENT ORDER IMPOSING PRELIMINARY INJUNCTION AND OTHER RELIEF

**WHEREAS** the Securities and Exchange Commission (the "Commission") filed this action on May 13, 2022, against Defendants StraightPath Venture Partners LLC (the "SP Fund Manager"), StraightPath Management LLC (the "SP Adviser"), Brian K. Martinsen ("Martinsen"), Michael A. Castillero ("Castillero"), Francine A. Lanaia ("Lanaia"), and Eric D. Lachow (collectively, "Defendants");

**WHEREAS**, also on May 13, 2022, the Commission filed an emergency application for an order to show cause, temporary restraining order, preliminary injunction, asset freeze, receiver, and other relief (Dkt Nos. 5–12) (the "Emergency Application");

**WHEREAS**, also on May 13, 2022, the Court entered an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (Dkt. No. 16) (the "TRO");

**WHEREAS** the Court has subject matter jurisdiction over this action pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)], Sections 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa], and Section 214(a) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-14(a)];

**WHEREAS** venue is proper in this District pursuant to Securities Act Section 22(a) [15 U.S.C. § 77v(a)], Exchange Act Section 27 [15 U.S.C. § 78aa], and Advisers Act Section 214 [15 U.S.C. § 80b-14];

**WHEREAS** the Court has scheduled a hearing on the Emergency Application for June 1, 2022, at 3:00 p.m.; and

**WHEREAS** to resolve these disputes and the issues raised by the Commission's motion, the Commission and the Defendants have reached an agreement resolving the Emergency Application and stipulate to the terms of this Preliminary Injunction, and Defendants will not oppose the enforcement of this Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waive any objection based thereon but without any waiver of the Defendants' rights to contest all claims, allegations, and causes of action asserted against them in this action;

**NOW THEREFORE:**

I.

**IT IS HEREBY ORDERED** that, pending final disposition of this action, Defendants are restrained and enjoined from violating Securities Act Section 17(a) [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendants are restrained and enjoined from violating Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys;

3

and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendants are restrained and enjoined from violating Advisers Act Section 206 [15 U.S.C. § 80b-6] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by, while acting as an investment adviser, using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(c) acting as principal for his own account, knowingly to sell any security to or purchase any security from a client, or acting as broker for a person other than such client, knowingly to effect any sale or purchase of any security for the account of such client, without disclosing to such client in writing before the completion of such transaction the capacity in which he is acting and obtaining the consent of the client to such transaction; or

(d) to engage in any acts, practices, or courses of business which are fraudulent, deceptive, or manipulative.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys;

and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendants are restrained and enjoined from violating Securities Act Sections 5(a) and 5(c) [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(b) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Securities Act Section 8 [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys;

and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## V.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendants are temporarily restrained from violating Exchange Act Section 15(a)(1) [15 U.S.C. § 78o(a)(1)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered as a broker or dealer in accordance with subsection Exchange Act Section 15(b) [15 U.S.C. § 78o(b)].

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VI.

**IT IS FURTHER ORDERED** that, _Melanie L. Cyganowski_ until further Order of this Court, be and hereby is appointed to act as Receiver (the "Receiver") for the SP Fund Manager, the SP Adviser, the SP Funds, and the Escrow Funds, as defined in Section VIII below (collectively, the "Receivership Estate"), subject to all of the terms and conditions set forth in the Consent Order Appointing Receiver entered herewith ("Receiver Order").[1]

---

[1] The SP Funds are SP Ventures Fund LLC, SP Ventures Fund 2 LLC, SP Ventures Fund 3 LLC, SP Ventures Fund 4 LLC, SP Ventures Fund 5 LLC, SP Ventures Fund 6 LLC, SP Ventures Fund 7 LLC, SP Ventures Fund 8 LLC, and SP Ventures Fund 9 LLC.

## VII.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against any of the Receivership Entities, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets, including, but not limited to the filing of any lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets subject to this Order and the Receiver Order.

## VIII.

**IT IS FURTHER ORDERED** that Martinsen, Castillero, and Lanaia shall pay $15,000,000, plus the remainder of the unused retainer funds that Martinsen provided to Nardello & Co. on or about May 9, 2022, which is at least $150,000 (collectively, the "Escrow Funds"), into a segregated interest-bearing account established by and under the control of the Receiver. Martinsen, Castillero, and Lanaia shall pay the Escrow Funds within five business days of the Receiver's appointment or the unfreezing of the personal financial accounts (bank and brokerage) identified in Exhibit C to the Receiver Order (whichever is later), except that up to $2,100,000 may be paid later, as set forth in Section IX below. The Escrow Funds shall be subject to all of the terms and conditions set forth in the Receiver Order. The Receiver may direct up to $1,150,000 of the Escrow Funds to a segregated operating account to be used for fees and expenses associated with the operation of the receivership (such as, for example, fees to compensate the Receiver and persons and entities retained to assist the Receiver), subject to the terms of the Receiver Order; the other Escrow Funds shall not be available to fund operating expenses.

## IX.

**IT IS FURTHER ORDERED** that Martinsen, Castillero, Lanaia, and any and all third parties shall not sell, dispose of, or otherwise encumber any real or commercial property owned by

Martinsen, Castillero, and/or Lanaia, whether directly or indirectly, including, without limitation, the properties listed on Exhibit A hereto, without further Order of this Court, except that Castillero may proceed with the pending sale of the real property at 4083 Old Saint Lucie Boulevard, Stuart, Florida, 34996, provided such sale is concluded no later than June 10, 2022. Castillero shall contribute the net sale proceeds of such sale, amounting to not less than $2,100,000, into the Escrow Funds within five business days of the closing of the sale, which is currently scheduled for June 3, 2022. If the pending sale does not close by June 10, 2022, or the net sale proceeds are less than $2,100,000, Martinsen, Castillero, and Lanaia are responsible for fully ensuring that all Escrow Funds are paid by no later than June 17, 2022 subject to Paragraph VIII above. If the pending sale does not close by June 10, 2022, the real property at 4083 Old Saint Lucie Boulevard, Stuart, Florida, 34996, shall be added to the list of properties on Exhibit A hereto, without further order of this Court.

## X.

**IT IS FURTHER ORDERED** that nothing in this Order prohibits the Commission or the Receiver, as appropriate, from seeking further relief from the Court either freezing or attaching any additional personal assets of Martinsen, Castillero, and Lanaia, or seeking additional Escrow Funds.

**XI.**

**IT IS FURTHER ORDERED** that the SP Fund Manager, the SP Adviser, Martinsen, Castillero, and Lanaia serve upon the Commission, within fourteen (14) days, or within such extension of time as the Commission agrees to in writing or that the Court grants upon request, a verified written accounting signed by Martinsen, Castillero, and Lanaia identifying (i) the current assets, money, and property held directly or indirectly by the Receivership Entities, Martinsen, Castillero, and/or Lanaia, or by others for the direct or indirect beneficial interest of the Receivership Entities, Martinsen, Castillero, and/or Lanaia, as well as the current assets, money, and property held by all immediate family members of Martinsen, Castillero, and/or Lanaia; and (ii) the use of all investor funds raised by the SP Fund Manager, the SP Adviser, and the SP Funds. Martinsen, Castillero, and Lanaia shall serve such sworn statements on the Commission's counsel, Lee A. Greenwood and Philip A. Fortino, by email sent to GreenwoodL@sec.gov and FortinoP@sec.gov.

Notwithstanding the foregoing, the Individual Defendants shall reserve any rights they may have to decline to provide a verified accounting under the Fifth Amendment of the United States Constitution, and nothing in this Order shall be construed as a waiver of their Fifth Amendment rights.

**XII.**

**IT IS FURTHER ORDERED** that Defendants, and any person or entity acting at their direction or on their behalf, are restrained and enjoined from destroying, altering, concealing, or otherwise interfering with the access of the Commission and the Receiver to, any and all documents, books and records, that are in the possession, custody or control of Defendants, and each of their officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-

fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Receivership Entities', Martinsen's, Castillero's, and/or Lanaia's finances or business operations.

## XIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendants, and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

## XIV.

**IT IS FURTHER ORDERED** that the TRO is hereby vacated and replaced with this Order and the Receiver Order. Accordingly, the personal asset freeze imposed by the TRO on Martinsen, Castillero, and Lanaia is hereby lifted, subject to the restraints on their real estate assets set forth in Section IX, above.

**STIPULATED AND AGREED BY:**

Dated: New York, NY
June 1, 2022

/s/ Lee A. Greenwood
Lee A. Greenwood
Philip A. Fortino
SECURITIES AND EXCHANGE
  COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004
(212) 336-1100
GreenwoodL@sec.gov
FortinoP@sec.gov

Dated: New York, NY
       June 1, 2022

/s/ Samson Enzer
Samson Enzer
Brian Markley
CAHILL GORDON & REINDEL
32 Old Slip
New York, NY 10005
(212) 701-3125
SEnzer@cahill.com
BMarkley@cahill.com


/s/ Scott Sherman
Scott Sherman
Josh Lewin
NELSON MULLINS RILEY &
  SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6231
Scott.Sherman@nelsonmullins.com
Josh.Lewin@nelsonmullins.com

*Attorneys for Defendants StraightPath Venture Partners LLC, StraightPath Management LLC, Brian K. Martinsen, Michael A. Castillero, Francine A. Lanaia, and Eric D. Lachow*

**SO ORDERED.**

Dated: June 1̶4̶, 2022
      New York, New York

Issued at: 1:50 pm

_____
Hon. Lewis A. Kaplan
United States District Judge

11

## EXHIBIT A*

| Address | Property Type | Owner(s) |
|---|---|---|
| 1125 SW Martin Downs Blvd, Palm City, FL | Commercial | BMF Realty, LLC |
| 1772 NE Ocean Blvd, Stuart FL** | Residential | Michael and Nikki Castillero |
| 24 Haywood St, Staten Island, NY | Residential | Michael and Nikki Castillero |
| 5612 SW Peach Palm Place, Palm City, FL | Residential | Michael Castillero |
| 5663 SW Quail Hollow Trail, Palm City, FL** | Residential | Nikki Mazzola |
| 17920 Gulf Blvd Apt 1007, Redington Shores, FL | Residential | Francine Lanaia |
| Sandpine Lane, Hobe Sound, FL (under construction) | Residential | Francine Lanaia |
| 4 Williamsburg Drive, Fort Salonga, New York | Residential | Francine Lanaia |
| 14 Sullivan Ave Farmingdale, New York | Rental Home | FMJ Realty, LLC |
| 238 Southwest Palm Cove Drive, Palm City, FL | Residential | Brian and Amanda Martinsen |
| 3 Northfield Lane, St James, NY | Residential | Niss LLC |

*Inclusion of real estate identified in Exhibit A is not an admission or reference that any property constitutes, is derived from, or is traceable to proceeds of the alleged securities law violations asserted by the SEC.

**This property is currently listed for sale. In the event that a buyer agrees to buy the property, Michael Castillero intends to file a motion with the Court requesting leave to permit the sale to close.

***Inclusion of 5663 SW Quail Hollow Trail is not an admission that Brian Martinsen, Fran Lanaia, or Michael Castillero have direct or indirect ownership of this property or a legal property interest in this property.