```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

　　　　　　　　　　Plaintiff,

　　-against-

STRAIGHTPATH VENTURE PARTNERS LLC, *et al.*,

　　　　　　　　　　Defendants.

---

22 Civ. 03897 (LAK)

# [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiff Securities and Exchange Commission (the "Commission"), Defendants Brian K. Martinsen, Michael A. Castillero, Francine A. Lanaia, and Eric D. Lachow (collectively, the "Individual Defendants"), and Melanie L. Cyganowski, as Court-Appointed Receiver (the "Court-Appointed Receiver") for SP Ventures Fund LLC, SP Ventures Fund 2 LLC, SP Ventures Fund 3 LLC, SP Ventures Fund 4 LLC, SP Ventures Fund 5 LLC, SP Ventures Fund 6 LLC, SP Ventures Fund 7 LLC, SP Ventures Fund 8 LLC, SP Ventures Fund 9 LLC, Defendant StraightPath Venture Partners LLC, and Defendant StraightPath Management LLC (StraightPath Venture Partners LLC and StraightPath Management LLC are collectively, the "Corporate Defendants"), are parties (the "Parties" and each a "Party") to this action (the "Action") and have agreed to abide by the terms of this proposed Protective Order:

　　1.　　**Scope.** All books and records provided to the Court-Appointed Receiver under the Consent Order Appointing Receiver (Dkt. No. 56), including, but not limited to, all files, documents, accounts, instruments, papers, books and records relating to the Receivership Entities (the "Books and Records"), and all documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other

materials that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (together, with Books and Records, the "Documents"), shall be subject to this Order concerning confidential information as set forth below. Except as may be expressly set forth herein, nothing in this Order is intended to or shall modify this Court's Individual Rules of Practice, the Local Rules of this District (the "Local Rules"), and the Federal Rules of Civil Procedure ("Rules"), including, but not limited to, on matters of procedure, calculation of time periods and as set forth in paragraphs 10 and 13 below.

2. **Form and Timing of Designation.** A Party may designate (a "Designating Party") Documents as confidential and restricted in disclosure under this Order prior to or at the time of the production or disclosure of the Documents by: (a) placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the Document, to the extent practicable, in a manner that will not interfere with the legibility of the Document and that will not permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation, (b) where the marking of each Document is impractical or impossible, the Designating Party shall designate by written e-mail notice to each other Party (each a "Receiving Party") the Documents that it designates as confidential or (c) in the case of electronically stored information produced in native format, Documents by including "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in the file or directory name or by affixing the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the media containing the Documents (*e.g.*, CD-ROM, USB, DVD). A Designating Party may designate Documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER after the time of the production or disclosure of the Documents by written e-mail notice to each Receiving Party. The designation

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.  **Documents That May Be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** A Designating Party shall only designate Documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential trade secrets, research, development, marketing, personal, financial, competitive, commercial, personal, private, or such other sensitive commercial or personal information that is not publicly available (the "Good Faith Determination"). For the avoidance of doubt, the right to make a Good Faith Determination designating the Books and Records of the Corporate Defendants as confidential shall be vested in the sole and exclusive discretion of the Court-Appointed Receiver; provided however, that the Individual Defendants reserve the right to upwardly designate any Books and Records of the Corporate Defendants containing individual (rather than corporate) confidential information as confidential pursuant to paragraph 6 of this Order even if the Court-Appointed Receiver does not elect to do so, as to which designation by the Individual Defendants the Court-Appointed Receiver reserves all rights, including, without limitation, the right to challenge any such designation in accordance with paragraph 10 of this Order.

4.  **Depositions.** Deposition testimony or other pre-trial testimony (each a "Deposition") and/or any or any exhibit marked at a deposition or other pre-trial testimony (collectively, "Deposition Material") shall be deemed CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER only if designated as such upon a Good Faith Determination by the Designating Party. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, any portions of the deposition transcripts or exhibits so designated shall be protected as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order. During a Deposition, Deposition Material shall be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by: (i) a statement to that effect on the record during the Deposition at the time of such disclosure or before the conclusion of the Deposition; or (ii) within ten (10) business days (the "10-Day Period") of the receipt by the Designating Party or counsel for the Designating Party of the final transcript of a Deposition, written e-mail notice from the Designating Party to all counsel of record designating the portions of the Deposition to be treated as confidential, to all counsel. For each Deposition all portions of the transcript (and the testimony adduced) shall be deemed to have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER until the lapse of the 10-Day Period. Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript. Each court reporter participating in any such deposition or testimony shall be provided with a copy of this Order and shall agree to adhere to its provisions. To the extent practicable, each court reporter shall mark those portions of the Deposition Material (and where the Deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and shall place on the cover of any such transcript(s) and recording(s) the following legend:

THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE
CLAIMED TO BE CONFIDENTIAL BY COUNSEL AND
COVERED BY A STIPULATED PROTECTIVE ORDER.

5.      **Documents and Deposition Material That May Not Be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**. Notwithstanding anything in this Order that may be contrary, the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall not be applied to, and the restrictions and obligations set forth in this Order shall not apply to, any Document or Deposition Material that: (i) is already public knowledge or otherwise in the public domain, including, but not limited to, public records and other information or documents that are publicly available; (ii) has become public knowledge or enters the public domain other than as a result of violation of this Order; or (iii) has come or shall come into a Receiving Party's legitimate possession independently of the Party or non-party seeking to designate information or documents as confidential in this Action.

6.      **Upward Designation of Documents.** A Party or non-party may upwardly designate any Documents produced by another Party or any non-party (i.e., change the designation of any Documents produced without a designation to a designation of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER), provided that said Party has made a Good Faith Determination under paragraph 3 of this Order to so designate. Upward designation shall be accomplished by the Designating Party providing written e-mail notice to all other Parties (and, if the Documents were produced by a non-party, to that person or entity) identifying (by Bates number or other individually identifiable information) the Documents to be upwardly designated. Thereafter, the upwardly designated Documents will be treated as confidential in conformity with

5

the new designation, and will be fully subject to this Order from the date of such notice, subject to the provisions of paragraph 9 below.

**7.     Protection of Confidential Material.**

    **(a)     General Protections.** Subject to paragraphs 12, 13, and 18 of the Order, Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in paragraph 7(b) for any purpose whatsoever other than to prepare for and conduct discovery, prepare and respond to motions, and prepare for and conduct any hearings or trial in this Action, including any appeal thereof.

    **(b)     Limited Third-Party Disclosures.** Except by Order of the Court, Documents or Deposition Material that have been that designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall not be furnished, shown or disclosed to any person or entity except to:

        **(1)     Counsel.** Counsel for the Parties and counsel's employees and agents who assist in the preparation and trial of this Action;

        **(2)     Parties.** Parties to this Action, including any Party's officers, directors, employees, independent contractors, and interns;

        **(3)     The Court.** The Court and its personnel;

        **(4)     Court Reporters and Recorders.** Court reporters and recorders engaged for depositions or other proceedings in this Action, including, but not limited to, motions and trial;

(5) **Consultants, Investigators, and Experts.** Consultants, investigators, experts, or any person engaged to provide specialized advice and/or testimony (hereinafter referred to collectively as "Experts"), and whether employed or retained by a Party or by counsel for a Party, to assist in the preparation and trial of this Action or other proceedings in this Action, including, but not limited to, motions and trial, provided that no disclosure shall occur until each such any such Expert has agreed to be bound by the terms of this Order;

(6) **Outside Vendors.** Clerical, paralegal, and data processing, photocopying and similar support vendors and their personnel, not employed by the Parties to this Action or by their counsel, involved in the production, reproduction, organizing, filing, coding, cataloguing, converting, storing, retrieving, or review of Documents in this Action, to the extent reasonably necessary to assist a Party to this Action or its counsel in this Action;

(7) **Non-parties with prior knowledge of Documents.** Non-parties who are an author, addressee, other person indicated on the face of the Document as having received a copy, or otherwise have prior knowledge of the facts disclosed in such Documents, to the extent such knowledge was not obtained in violation of this Order;

(8) **Witnesses.** Other persons (and their counsel) who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action; and

(9) **Others by Consent.** Other persons or entities upon written consent by e-mail or otherwise of the Designating Party on such conditions as may be agreed, provided that no disclosure shall occur until each such entity or person has agreed to be bound by the terms of this Order.

7

(c) **Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Documents and Deposition Material designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.

8. **Inadvertent Production.** Federal Rule of Evidence 502(b) shall govern the treatment of the inadvertent production of any Document asserted to be privileged. The Parties agree that the turnover of the Books and Records by the Individual Defendants to the Court-Appointed Receiver as required by the "Consent Order Appointing Receiver" entered in the Action on June 14, 2022 (Dkt. No. 45, the "Consent Order"), is not, by itself, a waiver of any applicable privilege so long as the Individual Defendants comply with Federal Rule of Evidence 502(b), and under such circumstances, no Party shall assert that such turnover of the Books and Records to the Receiver by the Individual Defendants, by itself, is the basis for a claim that the Individual Defendants failed to preserve any applicable privilege. Notwithstanding the foregoing, the Parties reserve the right to challenge the designation of material as privileged for any other reason. The Parties further agree that a Party in possession of potentially privileged material shall comply with all applicable rules of ethics including, without limitations Rule 4.4(b) of the New York Rules of Professional Conduct. Nothing herein is intended to or shall modify any other agreement between the Individual Defendants and the Court-Appointed Receiver concerning inadvertent production of allegedly privileged material.

9. **Filing of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" Documents under Seal.** In the event that any Party intends to file with, or submit to, this Court (or to the court in any "Related Action" as that term is defined in paragraph 13 below) any Document or Deposition Material designated as CONFIDENTIAL under the terms of this Order, such Party shall first seek leave of this Court to file or submit such confidential material or papers

8

under seal following the procedures set out in the Court's Individual Rules of Practice. The Party seeking leave to file sealed or redacted materials should meet and confer with any opposing Parties (or non-parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request. When a Party seeks leave to file sealed or redacted materials on the ground that an opposing Party or non-party has requested it, that Party shall notify the opposing Party or non-party that it must file, within three days, a letter explaining the need to seal or redact the materials. Nothing herein is intended to alter or modify the applicability of Rule 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

10. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any Party or non-party with standing to object (each an "Objecting Party") at any time. Before seeking judicial intervention challenging a confidentiality designation, the Objecting Party shall have an obligation to meet and confer with the Designating Party in a good faith effort to resolve the objection by agreement. If agreement is reached resolving the objection to the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any Documents or Deposition Materials, the Designating Party shall notify all Parties of the nature of this Agreement and specify the covered Documents or Deposition Materials. If the objection is not resolved and the Objecting Party files a motion or other request to the Court challenging the designation, the Designating Party shall have the burden of proof to establish that the designation is appropriate.

11. **Action by the Court.** Applications to the Court for an order relating to any Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion and any other applicable Rules or the Court's Individual Rules of Practice in Civil Cases.

Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to issue any orders that may be appropriate with respect to the use and disclosure of any Documents produced or used in discovery or at trial in this Action (or in any "Related Action" as that term is defined in paragraph 13 below).

12. **Use of Confidential Documents or Information in This Action.** The provisions of this Order shall not be construed as preventing the use or disclosure of any information in any motion, hearing, or trial held in this Action, or any appeal therefrom, subject to the Rules and the Court's Individual Practices in Civil Cases. In the event that any material previously designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER becomes public in a legal proceeding, that material will no longer be afforded confidential treatment under this Order.

13. **Use of Confidential Documents or Information by the Court-Appointed Receiver in Other Actions or Proceedings.** Notwithstanding paragraph 7(a) above, but otherwise subject to the last sentence of this paragraph 13, Documents or Deposition Materials designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER may be used by the Court-Appointed Receiver in connection with this Action or any other Action arising from or related to the Receivership (a "Related Action") subject to the terms of this Order. If the Court-Appointed Receiver seeks to use Documents or Deposition Materials designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in a Related Action, all references in this Order to the term "Action" shall be deemed to include the Related Action.

14. **Producing Non-Parties.** Any Party issuing a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party.

15. **Obligations on Conclusion of Litigation.**

    (a)    **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b)    **Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.** Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Documents and Deposition Materials designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order and all reproductions thereof shall be returned to the Designating Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of Experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter. With regard to any Documents in the possession of the Commission, nothing in this subparagraph (b) shall prevent the Commission or its staff from retaining such Documents to fulfill its record-keeping obligations or from using such Documents as permitted by Commission Form 1662.

(c) **Work Product.** Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product, including an index that refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER documents. The restrictions in this subparagraph (c) do not apply to the Commission's use of materials as permitted by Commission Form 1662.

(d) **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy Documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

16. **Order Subject to Modification.** This Order shall be subject to modification by the Court *sua sponte* or on motion of a Party or any other person or entity with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and any other applicable Rule, Order, and/or the Court's Individual Rules of Practice in Civil Cases.

17. **Limited Protection.** Documents not designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER but produced to the Commission by any person or entity and bearing the language "Requests That These Documents Be Accorded Confidential Treatment" or "Confidential Treatment Requested By," shall be used by any Party solely for use in connection with this Action. Such Documents are not, however, subject to the other restrictions imposed

upon those Documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

18. **Disclosures Required or Permitted by Law.** Notwithstanding any other provisions contained herein, this Order does not limit or restrict the Commission from using or disclosing any Documents or information to the extent otherwise required by law or permitted under Sections 21(a)(2), 24(c), and 24(f) of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78u(a)(2), 78x(c), and 78x(f)] and Rule 24c-1 promulgated thereunder [17 C.F.R. § 240.24c-1].

19. **Confidential Material Subpoenaed or Ordered to Be Produced in Other Litigation.** Nothing in this Order will prevent a Receiving Party from producing any confidential material in its possession in response to a lawful subpoena, notice or other compulsory process (collectively, a "Demand"), provided that such Receiving Party, to the extent permitted by law, gives written e-mail notice to the Designating Party as soon as reasonably permitted by the time allowed under the request, and in no event less than ten (10) business days before any disclosure unless prohibited by law or impracticable due to the timing of the Demand. Such written e-mail notice must include a copy of the Demand to the extent permitted by law. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the Demand if it so chooses. The Receiving Party must also immediately inform in writing the person or entity who caused the Demand to issue that some or all of the requested materials are subject to this Order, must object to the production of confidential material on the grounds of the existence of this Order and, in doing so, must provide a copy of this Order, but under no circumstances shall the Receiving Party have any obligation to litigate compliance of the Demand on grounds that some or all of the requested materials are subject to this Order. Nothing in this paragraph shall be

construed as requiring, authorizing, or encouraging a Receiving Party in this Action to disobey a lawful direction from another court or from a government agency.

**20.** **Privacy Information.** The term "Privacy Information" shall mean documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), or a financial account number (other than only last four digits thereof), regardless of whether such information has been designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. With regard to Privacy Information that any Party has obtained in this case through production of documents, other discovery, or otherwise under Rule 26(a), that Party will not disclose or use such Privacy Information other than for purposes of litigating this case, subject to the following exceptions:

**(a)** The Order shall not limit or restrict the Commission from using or disclosing Privacy Information to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

**(b)** The Order shall not apply to Privacy Information that any Party obtained or obtains independently of materials produced or provided to it in this case.

**(c)** The Order shall not limit or restrict the ability to file Privacy Information in this case, or present, disclose, or use Privacy Information at trial, depositions, hearings or other proceedings in this case, subject to paragraph 13(d) above.

**(d)** The Parties agree that any documents filed with the Court must adhere to this Court's Individual Rules of Practice.

21.     **No Prior Judicial Determination.**  This Order is entered based on this Agreement of the Parties and for the purpose of facilitating discovery and for turnover to the Court-Appointed Receiver of the Books and Records under the Consent Order.  Nothing herein shall be construed or presented as a judicial determination that any Documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) or otherwise until such time as the Court may rule on a specific Document or issue.

22.     **No Admission.**  Nothing in this Order operates to create an admission by any Party that any material disclosed in this case is relevant or admissible.  Each Party specifically reserves the right to object to the use or admissibility of all material disclosed, in accordance with applicable law and rules.

23.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon the parties, their counsel, and persons made subject to this Order by its terms.

**STIPULATED AND AGREED BY:**

Dated: New York, NY
August 9, 2022

/s/ Samson Enzer
Samson Enzer
Brian Markley
CAHILL GORDON & REINDEL
32 Old Slip
New York, NY 10005
(212) 701-3125
SEnzer@cahill.com
BMarkley@cahill.com

/s/ Scott Sherman
Scott Sherman
Josh Lewin
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
(404) 322-6231
Scott.Sherman@nelsonmullins.com
Josh.Lewin@nelsonmullins.com

*Counsel for Brian K. Martinsen, Michael A. Castillero, Francine A. Lanaia, and Eric D. Lachow*

/s/ Lee A. Greenwood
Lee A. Greenwood
Philip A. Fortino
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004
(212) 336-1100
GreenwoodL@sec.gov
FortinoP@sec.gov

*Counsel for Plaintiff Securities and Exchange Commission*

/s/ Erik B. Weinick
Erik B. Weinick
John Bougiamas
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
(212) 661-9100
eweinick@otterbourg.com
jbougiamas@otterbourg.com

*Counsel for Melanie L. Cyganowski, as Court-Appointed Receiver for SP Ventures Fund LLC, SP Ventures Fund 2 LLC, SP Ventures Fund 3 LLC, SP Ventures Fund 4 LLC, SP Ventures Fund 5 LLC, SP Ventures Fund 6 LLC, SP Ventures Fund 7 LLC, SP Ventures Fund 8 LLC, SP Ventures Fund 9 LLC, Defendant StraightPath Venture Partners LLC, and Defendant StraightPath Management LLC*

**SO ORDERED.**

Dated: New York, NY
August 9, 2022

Hon. Lewis A. Kaplan
United States District Judge

16