UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    PLAINTIFF,<br><br>                    v.<br><br>STRAIGHTPATH VENTURE PARTNERS LLC, *ET AL.*,<br><br>                    DEFENDANTS. | 22 Civ. 3897 (LAK) |

## <u>INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendants Brian K. Martinsen, Michael A. Castillero, Francine A. Lanaia, and Eric D. Lachow (collectively, the "Individual Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the Complaint filed May 13, 2022 (the "Complaint") by Plaintiff Securities and Exchange Commission (the "SEC") in the above-captioned action, and reserve their rights to request dismissal of the Complaint on any and all grounds.  Any and all allegations not specifically admitted herein are denied.[1]  No statement herein constitutes a comment on the legal theories upon which the SEC purports to proceed; to the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer.  The Individual Defendants respectfully submit that the titles, headings, sub-headings, and unnumbered paragraphs used in the Complaint do not require a response, but, for the avoidance of doubt, to the extent they contain allegations against the Individual Defendants, such allegations are denied.

---

[1]   When a document (or statements, conclusions, or other material references therefrom) is referenced in this Answer or the Complaint, it speaks for itself and the Individual Defendants deny any allegations or characterizations based on the document.  The Individual Defendants reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of such documents.

For the avoidance of doubt, in light of the Court's Consent Orders of June 14, 2022 (Dkts. 55-56) (collectively, the "Receivership Orders") appointing the Honorable Melanie Cyganowski as Receiver over defendants StraightPath Venture Partners LLC (the "SP Fund Manager") and StraightPath Management LLC (the "SP Advisor") until further order of the Court (collectively, the "Corporate Defendants," "Receivership Entities," or "StraightPath"), the Individual Defendants do not purport to answer the SEC's Complaint on behalf of the Corporate Defendants. By answering the Complaint's allegations collectively, the Individual Defendants do not admit that each of them individually possesses knowledge or information sufficient to form a belief as to the accuracy of each of the allegations to which the Individual Defendants herein provide responses.

For their specific responses to the Complaint, the Individual Defendants respond or state as follows:

## RESPONSES TO THE SEC'S ALLEGATIONS

1.      With respect to the allegations in Paragraph 1 of the Complaint, the Individual Defendants admit that the SEC purports to style this lawsuit as an "emergency action" claiming violations of the federal securities laws, but deny that the SEC's claims have merit and otherwise deny the allegations of Paragraph 1.  To be sure, the Individual Defendants admit that StraightPath self-reported to the SEC an inadvertent shortfall in StraightPath's holdings of certain pre-IPO stock shares in or about March 2022 and that they have since taken measures to address the shortfall and prevent harm to investors, including, among other things, (a) Mr. Martinsen using more than $3.3 million of his own assets to cover purchases of pre-IPO shares, and (b) Mr. Martinsen, Ms. Lanaia and Mr. Castillero collectively putting an additional $15 million of their own assets into an account managed by the Receiver pursuant to the Receivership Orders to cover any additional shortfalls in

pre-IPO shares.  The Individual Defendants deny, however, that any such shortfalls were the product of any wrongdoing.  For the avoidance of doubt, the Individual Defendants deny engaging in any illegal conduct.

2.      Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its pre-suit investigation in this matter will reveal whether the allegations set forth in the first sentence of Paragraph 2 of the Complaint are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the alleged financial figures, dates, and other details in that sentence at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations.  The second sentence of Paragraph 2 asserts legal conclusions and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of the second sentence of Paragraph 2, except they admit that there were approximately nine StraightPath investment funds (the "StraightPath Funds") offering investors exposure to underlying shares of pre-IPO stock in private companies that may hold an initial public offering.

3.      To the extent that Paragraph 3 of the Complaint purports to describe the contents of unspecified written or oral representations that were made to unnamed StraightPath investors at unspecified points in time during the five-year period from 2017 through February 2022, the documents or testimony purporting to memorialize any such representations will speak for themselves.  The Individual Defendants deny any characterizations thereof and respectfully refer the Court to whatever documentary evidence or testimony the SEC is relying upon to allege that

such representations occurred (if any such proof exists) for their full content and context.  The Individual Defendants otherwise deny the allegations of Paragraph 3.

4.      The Individual Defendants deny the allegations in Paragraph 4 of the Complaint.

5.      The Individual Defendants deny the legal conclusions, arguments, and characterizations asserted in Paragraph 5 of the Complaint and otherwise deny the allegations of Paragraph 5.

6.      Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the alleged compensation figures in Paragraph 6 of the Complaint are accurate.   The Individual Defendants deny the legal conclusions, arguments, and characterizations in Paragraph 6 and otherwise deny the allegations of Paragraph 6, except they admit that StraightPath collectively paid them millions of dollars during the five-year period from 2017 through February 2022 as reasonable and appropriate compensation for their respective contributions to the substantial returns that StraightPath earned for and distributed to numerous StraightPath investors over that time period.

7.      The Individual Defendants deny the allegations in Paragraph 7 of the Complaint, except Ms. Lanaia and Mr. Castillero admit that they entered into settlements with the Financial Industry Regulatory Authority ("FINRA") resolving FINRA inquiries without admitting or denying FINRA's allegations against them, based upon their respective understandings that the settlements would not bar them from working for StraightPath as consultants.

8.      The Individual Defendants deny the allegations in Paragraph 8 of the Complaint, except Mr. Castillero admits that he entered into a settlement with FINRA in or about February 2019 resolving a FINRA inquiry without admitting or denying FINRA's allegations against him,

based upon his understanding that the settlement would not bar him from working for StraightPath as a consultant.

9.      The allegations in Paragraph 9 of the Complaint concern requests for relief that were resolved by this Court's Receivership Orders and thus no response to them is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions, arguments, and characterizations asserted in Paragraph 9 and otherwise deny the allegations of Paragraph 9.

10.      Paragraph 10 of the Complaint asserts legal conclusions, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 10.

11.      The Individual Defendants deny the allegations in Paragraph 11 of the Complaint.

12.      With respect to the allegations in Paragraph 12 of the Complaint, the Individual Defendants admit that the SEC purports to bring this action under the Securities Act of 1933, the Securities and Exchange Act of 1934 and the Investment Advisers Act of 1940, but they deny that the SEC's claims under those statutes have any merit whatsoever and otherwise deny the allegations of Paragraph 12.

13.      Paragraph 13 of the Complaint alleges the relief that the SEC seeks, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny that the requested relief is warranted and otherwise deny the allegations of Paragraph 13.

14.      The allegations in Paragraph 14 of the Complaint concern requests for relief that were resolved by this Court's Receivership Orders and thus no response to them is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 14.

15.     Paragraph 15 of the Complaint asserts legal conclusions, as to which no response is required.  To the extent any response is necessary, the Individual Defendants admit that the SEC purports to assert jurisdiction under Securities Act Section 22, Exchange Act Section 27, and Advisers Act Section 214.

16.     Paragraph 16 of the Complaint asserts legal conclusions, as to which no response is required.  To the extent any response is necessary, the Individual Defendants admit that the SEC purports to assert that the Individual Defendants used "the means or instrumentalities of interstate commerce or of the mails" in connection with the operation of StraightPath's business.

17.     Paragraph 17 of the Complaint asserts legal conclusions, as to which no response is required.  To the extent any response is necessary, the Individual Defendants admit that StraightPath had an office in lower Manhattan during the period from approximately 2017 through mid-2021.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations of Paragraph 17.

18.     With respect to the allegations in the first sentence of Paragraph 18 of the Complaint, the Individual Defendants admit that StraightPath Venture Partners Inc. was incorporated in Delaware in or about May 2017 and was later converted to a Delaware limited liability company called StraightPath Venture Partners LLC, but they otherwise deny the allegations in the first sentence.  The Individual Defendants admit the allegations in the second and third sentences of Paragraph 18, except they deny any implication that the SP Fund Manager was required to register with the SEC as a broker-dealer.

19.     With respect to the allegations in the first sentence of Paragraph 19 of the Complaint, the Individual Defendants admit that StraightPath Management Inc. was incorporated in Delaware in or about May 2017 and was later converted to a Delaware limited liability company

called StraightPath Management LLC, but they otherwise deny the allegations in the first sentence. The Individual Defendants admit the allegations in the second and third sentences of Paragraph 19, except they deny any implication that the SP Advisor was required to register as a broker-dealer.

20.     Paragraph 20 of the Complaint makes assertions concerning Mr. Castillero.  Mr. Castillero denies the legal conclusions, arguments, and characterizations of Paragraph 20.  Mr. Castillero denies the now-incorrect allegation in the first sentence of Paragraph 20 concerning his residence, but admits that he is 44 years old and his homestead is in Stuart, Florida.  With respect to the allegations in the second and third sentences of Paragraph 20, Mr. Castillero admits that he was a beneficial owner of certain StraightPath entities for a period and later became a consultant to StraightPath, but he otherwise denies the allegations in the second and third sentences.  As to the allegations in the fourth sentence of Paragraph 20, Mr. Castillero admits that he entered into a settlement with FINRA in or about February 2019 resolving a FINRA inquiry without admitting or denying FINRA's allegations against him, based upon his understanding that the settlement would not bar him from working for StraightPath as a consultant, but he otherwise denies the allegations in the fourth sentence.  Mr. Castillero admits the allegations in the fifth sentence of Paragraph 20 concerning his employment history and Series 7, 63 and 65 securities licenses, but denies that he held a Series 24 securities license.  With respect to the final sentence of Paragraph 20, Mr. Castillero admits that there were occasions when securities industry customers made complaints asserting allegations about him, but he denies that they have any relevance or would be admissible as evidence in this case, reserves the right to challenge their allegations if they are considered in this case, and denies the SEC's characterizations of them.

21.     Paragraph 21 of the Complaint makes assertions concerning Mr. Martinsen.  Mr. Martinsen denies the legal conclusions, arguments, and characterizations of Paragraph 21.  Mr. Martinsen denies the now-incorrect allegations in the first sentence of Paragraph 21 concerning his age and residence, but admits that he is 46 years old and resides in Florida.  Mr. Martinsen denies the allegations in the second through fourth sentences of Paragraph 21, except he admits that he eventually became the owner of StraightPath, that he used to be a registered broker at approximately 12 different broker-dealers, and that he used to hold Series 7, 24, 62 and 63 securities licenses.  With respect to the final sentence of Paragraph 21, Mr. Martinsen admits that there were occasions when securities industry customers made complaints asserting allegations about him before he joined StraightPath, but he denies that they have any relevance or would be admissible as evidence in this case, reserves the right to challenge their allegations if they are considered in this case, and denies the SEC's characterizations of them.

22.     Paragraph 22 of the Complaint makes assertions concerning Ms. Lanaia.  Ms. Lanaia denies the legal conclusions, arguments, and characterizations of Paragraph 22.  Ms. Lanaia denies the now-incorrect allegation in the first sentence of Paragraph 22 concerning her age, but admits that she is 58 years old and resides in New York.  Ms. Lanaia denies the allegations in the second sentence of Paragraph 22, except she admits that she was at all relevant times a consultant to StraightPath.  Ms. Lanaia admits the allegations in the third sentence of Paragraph 22 concerning her prior Chapter 13 bankruptcy petitions, but she denies that they have any relevance or would be admissible as evidence in this case.  As to the allegations in the fourth sentence of Paragraph 22, Ms. Lanaia admits that she entered into a settlement in or about 2018 with FINRA resolving a FINRA inquiry without admitting or denying FINRA's allegations against her, based upon her understanding that the settlements would not bar her from working for StraightPath as a consultant,

but she otherwise denies the allegations in the fourth sentence.  Ms. Lanaia admits the allegations

in the fifth sentence of Paragraph 22 concerning her employment history and Series 7, 24 and 63

securities licenses.  With respect to the allegations in the final sentence of Paragraph 22, Ms.

Lanaia admits that there were occasions before she joined StraightPath when securities industry

customers made complaints asserting allegations in which she was named as a control person and

on one occasion, about her, but she denies that they have any relevance or would be admissible as

evidence in this case, reserves the right to challenge their allegations if they are considered in this

case, and denies the SEC's characterizations of them.

      23.    Paragraph 23 of the Complaint makes assertions concerning Mr. Lachow.  Mr.

Lachow denies the legal conclusions, arguments, and characterizations of Paragraph 23.  Mr.

Lachow denies the now-incorrect allegation in the first sentence of Paragraph 23 concerning his

age, but admits that he is 48 years old and resides in Florida.  Mr. Lachow denies the allegations

in the second and third sentences of Paragraph 23, except he admits that he was a manager and

minority (one-percent) owner of certain StraightPath entities.  Mr. Lachow admits the allegations

in the fourth sentence of Paragraph 23, except he denies any implication that he was required to

register as a broker-dealer during his affiliation with StraightPath.  Mr. Lachow admits the

allegations contained in the final sentence of Paragraph 23 concerning his employment history and

Series 7, 9, 10, 24, 53, 63 and 65 securities licenses.

      24.    Paragraph 24 of the Complaint asserts characterizations to which no response is

required.  To the extent any response is necessary, the Individual Defendants admit that Mr.

Castillero, Mr. Martinsen and Ms. Lanaia met each other prior to StraightPath's founding, but

otherwise deny the allegations of Paragraph 24.

25.     The Individual Defendants deny the allegations in Paragraph 25 of the Complaint, except they admit that StraightPath was founded in 2017 and that Ms. Lanaia loaned funds to StraightPath that were used to help establish StraightPath.

26.     Paragraph 26 of the Complaint asserts legal conclusions, arguments and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 26, except they admit that StraightPath's business model was described in private placement memoranda ("PPMs") and other offering documents that were sent to StraightPath investors.  The Individual Defendants respectfully refer the Court to those documents' discussions of StraightPath's business model, as they speak for themselves.

27.     Paragraph 27 of the Complaint asserts generalizations and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 27.

28.     Paragraph 28 of the Complaint makes allegations speculating about the mental states of investors, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 28.

29.     The Individual Defendants admit the allegations in Paragraph 29 of the Complaint, except they deny those allegations insofar as they imply that Ms. Lanaia had any role in establishing the entities referenced in Paragraph 29 beyond administrative support in her capacity as a consultant to StraightPath.

30.     Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the alleged dates and figures in Paragraph 30 of the Complaint are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 30 at this early stage of the proceedings before they have had an opportunity to receive and review any and all discovery materials relied upon by the SEC to make these allegations.

31.     The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 31 of the Complaint at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations.

32.     The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 32 of the Complaint at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations.

33.     The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 33 of the Complaint at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations.

34.     To the extent that Paragraph 34 of the Complaint purports to make generalized allegations about the language in all the offering documents provided to every StraightPath investor during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.

The Individual Defendants otherwise deny the allegations of Paragraph 34, except they admit that StraightPath typically issued PPMs and other offering documents to StraightPath investors. The Individual Defendants deny the characterizations of Paragraph 34 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

35.     Paragraph 35 of the Complaint makes allegations concerning Ms. Lanaia. Ms. Lanaia denies the allegations of Paragraph 35, except she admits that to the best of her knowledge and belief, the PPMs issued by StraightPath were based upon templates from industry peers that were reviewed by one or more attorneys before they were issued to StraightPath investors.

36.     Paragraph 36 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required. To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 36, except they admit that various PPMs issued to StraightPath investors discussed Mr. Lachow's role in StraightPath, background and experience in the securities industry. The Individual Defendants deny the characterizations of Paragraph 36 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

37.     Paragraph 37 asserts legal conclusions, arguments, and characterizations, as to which no response is required. To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 37, except they admit that various PPMs issued to StraightPath investors discussed Mr. Martinsen's role at StraightPath, background and experience in the securities industry. The Individual Defendants deny the characterizations of Paragraph 37 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

38.     Paragraph 38 of the Complaint purports to characterize the contents of all the PPMs that were issued to every StraightPath investor during the five-year period from 2017 through February 2022.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 38.

39.     Paragraph 39 of the Complaint makes allegations purporting to quote, summarize, or characterize all the PPMs sent to every StraightPath investor during the five-year period from 2017 through February 2022, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 39 insofar as they purport to describe the language in all the PPMs issued during that five-year period.  The Individual Defendants deny the characterizations of Paragraph 39 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

40.     Paragraph 40 of the Complaint makes allegations purporting to quote, summarize, or characterize all the PPMs sent to every StraightPath investor during the five-year period from 2017 through February 2022, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 40 insofar as they purport to describe the language in all the PPMs issued during that five-year period.  The Individual Defendants deny the characterizations of Paragraph 40 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

41.     Paragraph 41 of the Complaint makes allegations purporting to quote, summarize, or characterize all the PPMs sent to every StraightPath investor during the five-year period from 2017 through February 2022, as to which no response is required.  To the extent any response is

necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 41 insofar as they purport to describe the language in all the PPMs issued during that five-year period. The Individual Defendants deny the characterizations of Paragraph 41 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

42. Paragraph 42 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required. To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 42.

43. Paragraph 43 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required. To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the assertions of Paragraph 43 about the legal consequences of purchasing interests in a StraightPath fund series.

44. Paragraph 44 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required. To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the assertions of Paragraph 44 about the legal consequences of the hypothetical transaction described therein.

45. Paragraph 45 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required. To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 45.

46. Paragraph 46 of the Complaint makes allegations purporting to quote, summarize, or characterize StraightPath's website, as to which no response is required. To the extent any

response is necessary, the Individual Defendants deny the characterizations of Paragraph 46 of StraightPath's website, which speaks for itself, and respectfully refer the Court to that website's text for an accurate record of its contents.

47.     Paragraph 47 of the Complaint makes allegations concerning Mr. Lachow.  Mr. Lachow denies the allegations of Paragraph 47, except he admits that investors received hyperlinks to the PPMs, subscription agreements, purchaser questionnaires, and pre-IPO company-specific documents by email and that the emails contained the equivalent price per pre-IPO share offered to investors.  Mr. Lachow denies the characterizations of Paragraph 47 of those documents, which speak for themselves, and respectfully refers the Court to the text of those documents for an accurate record of their contents.

48.     The Individual Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     To the extent that Paragraph 49 of the Complaint purports to make generalized allegations about the procedure followed in every transaction with StraightPath investors during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.  The Individual Defendants otherwise deny the allegations of Paragraph 49, except they admit that the allegations in the first sentence of Paragraph 49 purport to summarize the procedure that was supposed to be followed, and they admit the allegations in the second sentence of Paragraph 49 concerning re-investments.

50.     To the extent that Paragraph 50 of the Complaint purports to make generalized allegations about the procedure followed in every transaction with StraightPath investors during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.  Insofar as

Paragraph 50 purports to quote, summarize, or characterize subscription agreements and welcome letters sent to StraightPath investors, the Individual Defendants deny the characterizations of Paragraph 50 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

51.     To the extent that Paragraph 51 of the Complaint purports to make generalized allegations quoting, summarizing, or characterizing the contents of all the welcome letters sent to every StraightPath investor during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.  The Individual Defendants deny the characterizations of Paragraph 51 of those welcome letters, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

52.     Paragraph 52 of the Complaint makes assertions concerning Ms. Lanaia and Mr. Lachow.  Ms. Lanaia and Mr. Lachow deny the allegations of Paragraph 52, except they admit that there were occasions when Ms. Lanaia performed administrative functions as a consultant at StraightPath, including occasions when she emailed welcome letters to StraightPath investors via Mr. Lachow's StraightPath email account.

53.     Paragraph 53 of the Complaint makes allegations concerning Mr. Lachow.  Mr. Lachow denies the allegations of Paragraph 53, except he admits that there were occasions when he prepared welcome letters that were sent to StraightPath investors.

54.     The Individual Defendants deny the allegations in Paragraph 54 of the Complaint, except they admit that there were occasions when Mr. Martinsen sourced and acquired pre-IPO shares on behalf of StraightPath.

55.     The Individual Defendants deny the allegations in Paragraph 55 of the Complaint, except they admit that there were occasions when Mr. Martinsen set the price per pre-IPO share equivalent at which corresponding StraightPath Fund series interests would be sold to investors.

56.     Paragraph 56 of the Complaint asserts that Mr. Martinsen, Ms. Lanaia and Mr. Lachow "signed certain contracts" without sufficient details to identify the alleged contracts to which Paragraph 56 is referring.  Mr. Martinsen, Ms. Lanaia and Mr. Lachow deny knowledge or information sufficient to form a belief as to the accuracy of the unduly vague allegations of Paragraph 56 about "certain contracts."

57.     Paragraph 57 of the Complaint makes assertions about Ms. Lanaia with respect to the unspecified "contracts" alluded to in Paragraph 56 of the Complaint.  Ms. Lanaia denies knowledge or information sufficient to form a belief as to the accuracy of the unduly vague allegations of Paragraph 57.  Insofar as the allegations of Paragraph 57 purport to quote, summarize, or characterize documents such as "contracts" and "emails," Ms. Lanaia denies the characterizations of Paragraph 57 of these documents, which speak for themselves, and respectfully refers the Court to the text of those documents for an accurate record of their contents. Nevertheless, Ms. Lanaia admits that she performed various administrative functions as a consultant at StraightPath, including occasions when she signed contracts or sent emails on behalf of Mr. Lachow as an administrative convenience.

58.     Paragraph 58 of the Complaint makes generalized assertions that are too vague to require any response.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 58, except they admit that StraightPath self-reported to the SEC an inadvertent shortfall in StraightPath's holdings of certain pre-IPO shares in or about March 2022 and have since taken measures to address the shortfall and prevent harm to investors, including,

among other things, (a) Mr. Martinsen using more than $3.3 million of his own assets to cover purchases of pre-IPO shares, and (b) Mr. Martinsen, Ms. Lanaia and Mr. Castillero collectively putting an additional $15 million of their own assets into an account managed by the Receiver pursuant to the Receivership Orders to cover any additional shortfalls in pre-IPO shares.

59.     The Individual Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 60 of the Complaint purporting to quantify the alleged shortfall of pre-IPO shares, except they admit that StraightPath self-reported to the SEC an inadvertent shortfall in StraightPath's holdings of certain pre-IPO shares in or about March 2022 and have since taken measures to address the shortfall and prevent harm to investors, including, among other things, (a) Mr. Martinsen using more than $3.3 million of his own assets to cover purchases of pre-IPO shares, and (b) Mr. Martinsen, Ms. Lanaia and Mr. Castillero collectively putting an additional $15 million of their own assets into an account managed by the Receiver pursuant to the Receivership Orders to cover any additional shortfalls in pre-IPO shares.

61.     Paragraph 61 of the Complaint makes assertions concerning Mr. Martinsen, Ms. Lanaia and Mr. Castillero, which they deny.  To the extent Paragraph 61 purports to quote, summarize or characterize alleged text messages, Mr. Martinsen, Ms. Lanaia and Mr. Castillero deny the characterizations of Paragraph 61 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

62.     Paragraph 62 of the Complaint purports to quote, summarize, or characterize alleged text messages between Mr. Martinsen, Ms. Lanaia and Mr. Castillero.  Mr. Martinsen, Ms. Lanaia and Mr. Castillero deny the characterizations of Paragraph 62 of those documents, which

speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

63.     Paragraph 63 of the Complaint purports to quote, summarize, or characterize alleged text messages between Mr. Martinsen, Ms. Lanaia and Mr. Castillero.  Mr. Martinsen, Ms. Lanaia and Mr. Castillero deny the characterizations of Paragraph 63 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

64.     Paragraph 64 of the Complaint purports to quote, summarize, or characterize alleged text messages between Mr. Martinsen and an unidentified business contact ("Contact A"). Mr. Martinsen denies the characterizations of Paragraph 64 of those documents, which speak for themselves, and respectfully refers the Court to the text of those documents for an accurate record of their contents.

65.     Paragraph 65 of the Complaint purports to quote, summarize, or characterize alleged text messages between Mr. Martinsen, Ms. Lanaia and Mr. Castillero.  Mr. Martinsen, Ms. Lanaia and Mr. Castillero deny the characterizations of Paragraph 65 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

66.     Paragraph 66 of the Complaint purports to quote, summarize, or characterize alleged text messages between Mr. Martinsen and Contact A.  Mr. Martinsen denies the characterizations of Paragraph 66 of those documents, which speak for themselves, and respectfully refers the Court to the text of those documents for an accurate record of their contents.

67.     Paragraph 67 of the Complaint purports to quote, summarize, or characterize alleged text messages between Mr. Martinsen, Ms. Lanaia and Mr. Castillero.  Mr. Martinsen, Ms.

Lanaia and Mr. Castillero deny the characterizations of Paragraph 67 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

68.     The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 68 of the Complaint at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations.

69.     Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the alleged dates, figures, and other details asserted in Paragraph 69 of the Complaint are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 69 at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations.

70.     Paragraph 70 of the Complaint purports to characterize alleged text messages sent by Mr. Martinsen.  Mr. Martinsen denies the characterizations of Paragraph 70 of those documents, which speak for themselves, and respectfully refers the Court to the text of those documents for an accurate record of their contents.

71.     The Individual Defendants deny the allegations in Paragraph 71 of the Complaint, except they admit that StraightPath appropriately returned more than $8 million to investors when the company was unable to procure enough pre-IPO shares of UiPath stock.

72.     With respect to the allegations in Paragraph 72 of the Complaint, the Individual Defendants admit that as part of their efforts to cooperate with the SEC's investigation in this

matter and resolve the SEC's alleged concerns, the Individual Defendants and StraightPath agreed on February 18, 2022 in discussions with the SEC pursuant to Federal Rule of Evidence 408 to a standstill of StraightPath's business, including a requirement that they stop soliciting new investments in StraightPath Funds.  The Individual Defendants reserve all their rights to seek all appropriate remedies for any violations of Rule 408 by the SEC.

73.     The Individual Defendants deny the allegations in Paragraph 73 of the Complaint, except they admit that StraightPath self-reported to the SEC an inadvertent shortfall in StraightPath's holdings of certain pre-IPO shares in or about March 2022 and have since taken measures to address the shortfall and prevent harm to investors, including, among other things, (a) Mr. Martinsen using more than $3.3 million of his own assets to cover purchases of pre-IPO shares, and (b) Mr. Martinsen, Ms. Lanaia and Mr. Castillero collectively putting an additional $15 million of their own assets into an account managed by the Receiver pursuant to the Receivership Orders to cover any additional shortfalls in pre-IPO shares.

74.     The Individual Defendants deny the allegations in Paragraph 74 of the Complaint, except they admit that Mr. Martinsen contributed millions of dollars of his own assets to prevent harm to StraightPath investors from an inadvertent shortfall in StraightPath's holdings of pre-IPO shares of Rubrik stock.

75.     To the extent that Paragraph 75 of the Complaint purports to make generalized allegations characterizing the contents of all the written and oral representations made to every StraightPath investor during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.  The Individual Defendants admit that various PPMs sent to StraightPath investors made statements about the "segregation" of each SP Fund series, but they deny the

characterizations of Paragraph 75 of those statements and respectfully refer the Court to the text of those PPMs for an accurate record of their contents. The Individual Defendants otherwise deny the allegations of Paragraph 75.

76.     To the extent that Paragraph 76 of the Complaint purports to make generalized allegations characterizing the contents of all the PPMs sent to every StraightPath investor during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations. The Individual Defendants deny the characterizations of Paragraph 76 of those PPMs, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

77.     Paragraph 77 of the Complaint purports to quote from StraightPath's website. The Individual Defendants deny the characterizations of Paragraph 77 of StraightPath's website, which speaks for itself, and respectfully refer the Court to the text of that website for an accurate record of its contents.

78.     Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the allegations in Paragraph 78 of the Complaint concerning the purported commingling of specified assets are accurate. The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations. The Individual Defendants otherwise deny the allegations of Paragraph 78, and deny any implication that any commingling of such assets would have been wrongful or illegal if it occurred.

79.     Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the allegations in Paragraph 79 of the Complaint concerning the purported commingling of assets are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations.  The Individual Defendants deny any implication that any commingling of such assets would have been wrongful or illegal if it occurred.

80.     Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the allegations in Paragraph 80 of the Complaint concerning the commingling of assets are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations.  To the extent that the allegations of Paragraph 80 purport to quote, characterize, or summarize the contents of text messages, bank records and other documents, the Individual Defendants deny the characterizations of Paragraph 80 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

81.     The Individual Defendants deny the allegations in the first sentence of Paragraph 81 of the Complaint.  Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the remaining allegations in Paragraph 81 (including

subparts (A) through (D)) of the Complaint are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations in Paragraph 81 at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations, except they admit that there were occasions where StraightPath appropriately refunded various capital contributions to investors.  To the extent that the remaining allegations in Paragraph 81 purport to summarize court filings, bank records and other documents, the Individual Defendants deny the characterizations of such documents, which speak for themselves, and respectfully refer the Court to the text of such documents for an accurate record of their contents.

82.     Paragraph 82 of the Complaint makes assertions characterizing alleged text messages among Mr. Martinsen, Ms. Lanaia and Mr. Castillero.  Mr. Martinsen, Ms. Lanaia and Mr. Castillero deny the characterizations of Paragraph 82 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

83.     Paragraph 83 of the Complaint makes assertions concerning Messrs. Martinsen and Castillero that are too vague to require any response.  To the extent a response is necessary, Messrs. Martinsen and Castillero deny knowledge or information sufficient to form a belief as to the accuracy of the unduly vague allegations of Paragraph 83.

84.     The Individual Defendants deny the allegations in Paragraph 84 of the Complaint, except they admit that StraightPath's record-keeping of the matters referenced in Paragraph 84 was at times imperfect, incomplete, or disorganized but was always done in good faith.

85.     To the extent that Paragraph 85 of the Complaint purports to make generalized allegations summarizing the contents of all the general ledgers of StraightPath's transactions

during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.  Insofar as Paragraph 85 purports to characterize or quote specific general ledgers, the Individual Defendants deny the characterizations of Paragraph 85 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

86.     Paragraph 86 of the Complaint asserts characterizations of alleged text messages between Mr. Martinsen, Ms. Lanaia and Mr. Castillero, as to which no response is required.  To the extent any response is necessary, Mr. Martinsen, Ms. Lanaia and Mr. Castillero deny the characterizations of Paragraph 86 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

87.     Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the alleged compensation figures in Paragraph 87 of the Complaint are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review any and all discovery materials relied upon by the SEC to make these allegations.  The Individual Defendants otherwise deny the allegations of Paragraph 87, except they admit that StraightPath collectively paid them millions of dollars during the five-year period from 2017 through February 2022 as reasonable and appropriate compensation for their respective contributions to the substantial returns that StraightPath earned for and distributed to numerous StraightPath investors during that period.

88.     Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the alleged compensation figures in Paragraph 88 of the Complaint are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those alleged figures at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations.  The Individual Defendants otherwise deny the legal conclusions and characterizations of Paragraph 88 of certain individuals as "unregistered sales agents" and of certain transactions as "commission payments."

89.     Paragraph 89 of the Complaint asserts legal conclusions, characterizations, and ambiguous terms, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 89.

90.     Paragraph 90 of the Complaint asserts legal conclusions, characterizations, and ambiguous terms, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the alleged dates, figures, and transaction details in Paragraph 90, and otherwise deny the allegations of Paragraph 90.

91.     Paragraph 91 of the Complaint asserts legal conclusions, characterizations, and ambiguous terms, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the alleged dates, figures, and transaction details in Paragraph 91, and otherwise deny the allegations of Paragraph 91.

92.     To the extent that Paragraph 92 of the Complaint purports to make generalized allegations summarizing the contents of all the PPMs and operating agreements sent to every StraightPath investor during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.   Insofar as Paragraph 92 purports to characterize specific PPMs or operating agreements, the Individual Defendants deny the characterizations of Paragraph 92 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

93.     Paragraph 93 of the Complaint purports to quote, summarize, or characterize the StraightPath website.   The Individual Defendants deny the characterizations of Paragraph 93 of the StraightPath website, which speaks for itself, and respectfully refer the Court to that website's text for an accurate record of its contents.

94.     To the extent that the allegations in Paragraph 94 of the Complaint purport to characterize or summarize the contents of all the PPMs sent to every StraightPath investor during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.   Insofar as Paragraph 94 purports to characterize specific PPMs, the Individual Defendants deny the characterizations of Paragraph 94 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

95.     Paragraph 95 of the Complaint makes allegations concerning a StraightPath entity now represented by the Receiver, as to which no response is required from the Individual Defendants.   To the extent any response from the Individual Defendants is necessary, they deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of

Paragraph 95 concerning what that entity may have "told investors" during the five-year period from 2017 through February 2022.

96.     To the extent that the allegations in Paragraph 96 of the Complaint purport to describe the contents of all the welcome letters sent to every StraightPath investor during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.  Insofar as Paragraph 96 purports to characterize specific welcome letters, the Individual Defendants deny the characterizations of Paragraph 96 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

97.     To the extent that the allegations in Paragraph 97 of the Complaint purport to describe the contents of all the alleged "side letters" sent to every StraightPath investor during the five-year period from 2017 through February 2022, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.  Insofar as Paragraph 97 purports to characterize "side letters," the Individual Defendants deny the characterizations of Paragraph 97 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

98.     Paragraph 98 of the Complaint asserts characterizations as to which no response is required and allegations about alleged "side letters" that are too vague to answer.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the unduly vague allegations of Paragraph 98 about unspecified "side letters" sent during the course of the five-year period from 2017 to February 2022.  Insofar as Paragraph 98 purports to characterize specific "side letters," the Individual Defendants deny the characterizations of Paragraph 98 of those documents, which speak for themselves, and

respectfully refer the Court to the full text of those documents for an accurate record of their contents.

99.     The Individual Defendants deny the allegations in Paragraph 99 of the Complaint, except they admit that StraightPath disclosed in PPMs sent to investors that StraightPath had the right to charge the type of mark-ups that Paragraph 99 mischaracterizes as "undisclosed," including PPM disclosures stating in pertinent part:

> **Mark-Ups . . . . . . . . . . . . . . . .** StraightPath Affiliates may, to the extent permissible by law, may receive income generated from the sale of Interests with an underlying price per share of Portfolio Company security that is higher to the Fund than the price per share paid by the affiliate for such security.  None of the aforementioned fees or profits shall be shared with the Fund.

(*See* Declaration of SEC Staff Attorney Megan Genet filed May 13, 2022, Ex. 1 at 10 (PPM's bold and ellipses)).

100.    Paragraph 100 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 100.

101.    Paragraph 101 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 101 concerning whether StraightPath faced pre-IPO share deficits or increased mark-ups or payments in 2021.  The Individual Defendants otherwise deny the allegations of Paragraph 101.

102.    Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the allegations in Paragraph 102 of the Complaint are accurate.

The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations, but they deny any implication that they engaged in any wrongful or illegal conduct.

103.    Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the allegations in Paragraph 103 of the Complaint are accurate. The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations, but they deny any implication that they engaged in any wrongful or illegal conduct.

104.    Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the allegations in Paragraph 104 of the Complaint are accurate. The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations, but they deny any implication that they engaged in any wrongful or illegal conduct.

105.    Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the allegations in Paragraph 105 of the Complaint are accurate. The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an

opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations, but they deny any implication that they engaged in any wrongful or illegal conduct.

106.    Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the allegations in Paragraph 106 of the Complaint are accurate. The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review any and all discovery materials relied upon by the SEC to make these allegations, but they deny any implication that they engaged in any wrongful or illegal conduct.

107.    Paragraph 107 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 107.

108.    Paragraph 108 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 108.

109.    Paragraph 109 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 109, except they admit that PPMs sent to StraightPath investors disclosed that StraightPath had discretion to charge mark-ups as shown above.

110.    Paragraph 110 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 110.

111.    Paragraph 111 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 111.

112.    Paragraph 112 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 112.

113.    The allegations in Paragraph 113 of the Complaint purport to characterize the contents of all the welcome letters and other communications sent to every StraightPath investor during the five-year period from 2017 through February 2022.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations.  The Individual Defendants also deny the characterizations of Paragraph 113 of those documents, which speak for themselves, and the Individual Defendants respectfully refer the Court to the full text of those documents for an accurate record of their contents.  The Individual Defendants otherwise deny any implication that they did not disclose to StraightPath investors that StraightPath had discretion to charge mark-ups and engage in principal transactions.

114.    Paragraph 114 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 114 purporting to characterize the contents of all the Forms D that StraightPath filed with the SEC during the five-year period from 2017 through

February 2022.  The Individual Defendants deny the characterizations of Paragraph 114 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.  The Individual Defendants deny the allegations of Paragraph 114 mischaracterizing mark-ups as "hidden fees."

115.    Paragraph 115 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 115 purporting to characterize the contents of all the so-called "side letters" that were sent to every StraightPath investor during the five-year period from 2017 through February 2022.  The Individual Defendants deny the characterizations of Paragraph 115 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.  The Individual Defendants deny the allegations of Paragraph 115 mischaracterizing mark-ups as "hidden fees."

116.    To the extent that the allegations in Paragraph 116 of the Complaint purport to characterize an alleged "side letter" dated September 29, 2020, the Individual Defendants deny the characterizations of Paragraph 116 of that document, which speaks for itself, and respectfully refer the Court to that document's full text for an accurate record of its contents.  The Individual Defendants otherwise deny the allegations of Paragraph 116.

117.    To the extent that the allegations in Paragraph 117 of the Complaint purport to characterize an alleged "side letter" dated June 18, 2020, the Individual Defendants deny the characterizations of Paragraph 117 of that document, which speaks for itself, and respectfully refer the Court to that document's full text for an accurate record of its contents.  The Individual Defendants otherwise deny the allegations of Paragraph 117.

118.    Paragraph 118 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants admit that Paragraph 118 purports to summarize Securities Act Section 5, but deny any implication that they violated Section 5.

119.    Paragraph 119 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 119, except they admit that StraightPath made offers and sales that were not subject to or were exempt from Securities Act Section 5's registration requirements.  The Individual Defendants deny any implication that they violated Section 5.

120.    Paragraph 120 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants admit that SEC Rule 506(c) of Regulation D provides a safe-harbor registration exemption under Securities Act Section 4(a)(2) for qualifying private offerings, and that PPMs soliciting investments in StraightPath funds cited Rule 506(c) as a basis for why those solicitations were exempt from SEC registration requirements.  The Individual Defendants otherwise deny the allegations of Paragraph 120, including any implication that StraightPath is precluded from relying on other registration exemptions.

121.    Paragraph 121 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants admit that Paragraph 121 purports to summarize Rule 506(c)'s requirements, but deny any implication that they did not meet those requirements.

122.    Paragraph 122 of the Complaint asserts legal conclusions, arguments, and characterizations about Receivership Entities now represented by the Receiver, as to which no response is required from the Individual Defendants.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 122.

123.    Paragraph 123 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 123 concerning who solicited the "vast majority of the investments in SP Funds," and otherwise deny the allegations of Paragraph 123.

124.    Paragraph 124 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 124.

125.    The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 125 purporting to characterize the steps taken to verify all the claims in all the self-certifications provided by StraightPath investors during the five-year period from 2017 through February 2022.  The Individual Defendants otherwise deny the allegations of Paragraph 125, including any implication that they were required to collect the types of documents identified in Rule 506(c)(2)(ii), which lists "non-exclusive and non-mandatory methods of verifying that a natural person who purchases securities in [a Rule 506(c)] offering is an accredited investor[.]"

126.    Paragraph 126 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 126.

127.    Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the alleged sales figures referenced in Paragraph 127 of the Complaint are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to those allegations at this early stage of the proceedings before they have had an opportunity to receive and review any and all discovery materials relied upon by the SEC to make these allegations, but deny any implication that those alleged sales were wrongful or illegal.

128.    Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the alleged sales figures in Paragraph 128 of the Complaint are accurate at this early stage of the proceedings before they have had an opportunity to receive and review any and all discovery materials relied upon by the SEC to make these allegations.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations, but deny any implication that those alleged sales were wrongful or illegal.

129.    Paragraph 129 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants admit that Paragraph 129 purports to summarize Exchange Act Section 15(a)(1), but deny any implication that they violated Section 15(a)(1).

130.    Paragraph 130 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 130.

131.    Paragraph 131 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary,

the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the alleged figures referenced in Paragraph 131, but admit that there were occasions when investors were referred to StraightPath by brokerage firms that were registered with the SEC or other referral sources.

132.    The assertions in Paragraph 132 of the Complaint purport to characterize or quote alleged Craigslist postings.  Those documents speak for themselves, and the Individual Defendants respectfully refer the Court to their text for an accurate record of their contents.  The Individual Defendants otherwise deny the characterizations and allegations of Paragraph 132.

133.    Paragraph 133 asserts legal conclusions, arguments, and characterizations about Mr. Castillero that are too vague to require any response.  To the extent any response is necessary, Mr. Castillero denies knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 133 concerning who the unspecified "sales agents" referenced in Paragraph 133 are or when he supposedly managed them.  Nevertheless, Mr. Castillero admits that during his tenure at StraightPath, he had interactions from time to time with individuals who referred investors to StraightPath and other referral sources.

134.    To the extent that Paragraph 134 asserts legal conclusions, arguments, and characterizations about the alleged actions of unspecified "sales agents," the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 134.  Insofar as Paragraph 134 asserts characterizations of alleged "lead lists" and "sales scripts," the Individual Defendants deny the characterizations of Paragraph 134 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

135.    Paragraph 135 of the Complaint asserts legal conclusions, arguments, and characterizations about alleged "boiler rooms." To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 135.

136.    Paragraph 136 asserts legal conclusions, arguments, and characterizations about Mr. Castillero that are too vague to require any response. To the extent any response is necessary, Mr. Castillero denies knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 136 concerning his purported interactions with unspecified "sales agents" at unidentified times during the five-year period from 2017 through February 2022. Mr. Castillero otherwise denies the allegations of Paragraph 136.

137.    The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations in Paragraph 137 of the Complaint.

138.    Paragraph 138 of the Complaint asserts legal conclusions, arguments, and characterizations about Mr. Martinsen, Ms. Lanaia and Mr. Castillero, as to which no response is required. To the extent any response is necessary, Mr. Martinsen, Ms. Lanaia and Mr. Castillero deny the allegations of Paragraph 138.

139.    Paragraph 139 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required. To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 139 concerning the legal status of unidentified "sales agents."

140.    Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the alleged commission figures referenced in Paragraph 140 of

the Complaint are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations, but they deny any implication that those alleged payments were wrongful or illegal.

141.    Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the alleged commission figures referenced in Paragraph 141 of the Complaint are accurate.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations, but they deny any implication that those alleged payments were wrongful or illegal.

142.    Paragraph 142 of the Complaint asserts legal conclusions, arguments, and characterizations of alleged "Referral Agent Agreements," as to which no response is required. To the extent any response is necessary, the Individual Defendants deny the characterizations of Paragraph 142 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

143.    Paragraph 143 of the Complaint asserts legal conclusions, arguments, and characterizations of allegedly "typical" actions by Ms. Lanaia and Mr. Castillero, as to which no response is required.  To the extent any response is necessary, Ms. Lanaia and Mr. Castillero deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 143 about who "typically" performed the actions described therein.  Nevertheless, Ms.

Lanaia and Mr. Castillero admit that there were occasions when they performed various administrative functions for StraightPath, including occasions when they filled in standardized templates for agreements between StraightPath and individuals who referred investors to StraightPath.

144.     Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the allegations in Paragraph 144 of the Complaint are accurate. The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of those allegations at this early stage of the proceedings before they have had an opportunity to receive and review all the discovery materials relied upon by the SEC to make these allegations.

145.     Paragraph 145 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 145 about the legal status of the unidentified "sales agents" referenced therein, and otherwise deny the allegations of Paragraph 145.  Mr. Castillero admits, however, that during his tenure at StraightPath, he had interactions from time to time with individuals who referred investors to StraightPath.

146.     Paragraph 146 of the Complaint asserts legal conclusions, arguments, and characterizations concerning Mr. Lachow, as to which no response is required.  To the extent any response is necessary, Mr. Lachow denies the allegations of Paragraph 146.

147.     Paragraph 147 of the Complaint purports to characterize the terms of an alleged "Referral Agent Agreement" with Mr. Lachow.  Mr. Lachow denies the characterizations of

Paragraph 147 of that document, which speaks for itself, and respectfully refers the Court to the text of that document for an accurate record of its contents.

148.     Paragraph 148 of the Complaint makes allegations concerning Mr. Lachow.  Upon information and belief, the corporate books and records of the Receivership Entities now under the Receiver's control and other documents collected by the SEC during its investigation will reveal whether the alleged figures in Paragraph 148 are accurate.  Mr. Lachow denies knowledge or information sufficient to form a belief as to the accuracy of those allegations.

149.     Paragraph 149 of the Complaint asserts legal conclusions, arguments, and characterizations concerning Mr. Lachow's compensation, as to which no response is required.  To the extent any response is necessary, Mr. Lachow denies the allegations of Paragraph 149, except that he admits that StraightPath paid him reasonable and appropriate compensation for his contributions to the substantial returns that StraightPath earned for and distributed to numerous StraightPath investors over the period from 2017 through February 2022.

150.     Paragraph 150 of the Complaint asserts legal conclusions, arguments, and characterizations concerning allegedly "unregistered sales agents," as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the allegations of Paragraph 150.

151.     Paragraph 151 of the Complaint asserts legal conclusions, arguments, and characterizations concerning Ms. Lanaia and Mr. Castillero, as to which no response is required.  To the extent any response is necessary, Ms. Lanaia and Mr. Castillero deny the allegations of Paragraph 151.

152.     Paragraph 152 of the Complaint asserts legal conclusions, arguments, and characterizations concerning Mr. Castillero, as to which no response is required.  To the extent any response is necessary, Mr. Castillero denies the allegations of Paragraph 152.

153.     With respect to the allegations in Paragraph 153 of the Complaint, the Individual Defendants admit that the SEC purported to issue an investigative subpoena to StraightPath Holdings LLC and affiliated entities in or about November 2020 (the "Subpoena"), but otherwise deny the allegations of Paragraph 153.

154.     Paragraph 154 of the Complaint makes allegations purporting to quote, characterize, or summarize the Subpoena.  The Subpoena speaks for itself, and the Individual Defendants respectfully refer the Court to the text of the Subpoena for an accurate record of its contents.

155.     Paragraph 155 of the Complaint makes allegations purporting to quote, characterize, or summarize the Subpoena.  The Subpoena speaks for itself, and the Individual Defendants respectfully refer the Court to the text of the Subpoena for an accurate record of its contents.  The Individual Defendants deny the allegations of Paragraph 155 insofar as they imply that the SEC never extended the Subpoena's response deadline.

156.     Paragraph 156 of the Complaint asserts legal conclusions, arguments, and characterizations concerning whether (and if so, how) the Subpoena was supposedly "served" on Mr. Martinsen, as to which no response is required.  To the extent any response is necessary, Mr. Martinsen denies the allegations of Paragraph 156, except he admits that he received the Subpoena at some point.

157.     Paragraph 157 of the Complaint asserts legal conclusions, arguments, and characterizations, as to which no response is required.  To the extent any response is necessary,

the Individual Defendants deny the allegations of Paragraph 157, except they admit that StraightPath cooperated with the SEC's investigation by, among other things, making rolling productions of documents in response to the SEC's Subpoena that were not complete as of April 2021.  The Individual Defendants deny any implication that StraightPath's response to the Subpoena was dilatory or inadequate.

158.    Paragraph 158 of the Complaint asserts legal conclusions, arguments, and characterizations about alleged "deficiencies," as to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the characterizations of Paragraph 158 of the alleged "email" referenced therein, which speaks for itself, and respectfully refer the Court to the text of that email for an accurate record of its contents.

159.    Paragraph 159 of the Complaint makes allegations purporting to quote, summarize, or characterize the terms of an April 14, 2021 email from the SEC.  The Individual Defendants deny the characterizations of Paragraph 159 of the email, which speaks for itself, and respectfully refer the Court to the text of that email for an accurate record of its contents.

160.    Paragraph 160 of the Complaint makes allegations concerning Mr. Castillero.  Mr. Castillero denies the allegations of Paragraph 160, except he admits that there were occasions in or about 2021 when he informed certain individuals that their access to StraightPath email accounts would be disabled because they had been abusing those accounts.

161.    Paragraph 161 of the Complaint makes assertions concerning alleged text messages between Messrs. Castillero and Martinsen.   Messrs. Castillero and Martinsen deny the characterizations of Paragraph 161 of those text messages, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

162.    Paragraph 162 of the Complaint makes assertions concerning alleged text messages from Mr. Martinsen.  Mr. Martinsen denies the characterizations of Paragraph 162 of those text messages, which speak for themselves, and respectfully refers the Court to the text of those documents for an accurate record of their contents.

163.    Paragraph 163 of the Complaint makes allegations concerning Mr. Castillero.  Mr. Castillero denies the allegations of Paragraph 163, except he admits that in or about 2021, he took measures to disable access to certain StraightPath email accounts that had the unintended effect of deleting the accounts.

164.    Paragraph 164 of the Complaint purports to quote, summarize, or characterize a letter that Mr. Martinsen allegedly sent to the SEC on May 5, 2021.  Mr. Martinsen denies the characterizations of Paragraph 164 of that letter, which speaks for itself, and respectfully refers the Court to the text of the letter for an accurate record of its contents.

165.    Paragraph 165 of the Complaint purports to quote, summarize, or characterize a letter that Mr. Martinsen allegedly sent to the SEC on May 21, 2021.  Mr. Martinsen denies the characterizations of Paragraph 165 of that letter, which speaks for itself, and respectfully refers the Court to the text of the letter for an accurate record of its contents.

166.    Paragraph 166 of the Complaint makes allegations concerning Mr. Castillero.  Mr. Castillero denies the allegations of Paragraph 166, except he admits that in or about 2021, he took measures to disable access to certain StraightPath email accounts that had the unintended effect of deleting the accounts.

167.    Paragraph 167 of the Complaint asserts legal conclusions, arguments, and characterizations as to which no response is required.  To the extent any response is necessary, the

Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 167.

168.    Paragraph 168 of the Complaint asserts legal conclusions, arguments, and characterizations concerning one of the Receivership Entities now represented by the Receiver, as to which no response from the Individual Defendants is required.  To the extent any response is necessary, the Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 168 concerning that entity's claimed representations, and otherwise deny the allegations of Paragraph 168.

169.    Paragraph 169 of the Complaint makes allegations purporting to quote, characterize, or summarize Forms ADV filed with the SEC by StraightPath.  The Individual Defendants deny the characterizations of Paragraph 169 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

170.    The Individual Defendants deny the allegations in Paragraph 170 of the Complaint, except they admit that StraightPath had an outside fund administrator for a period.

171.    Paragraph 171 of the Complaint makes allegations purporting to quote, characterize, or summarize Forms ADV filed with the SEC by StraightPath.  The Individual Defendants deny the characterizations of Paragraph 171 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

172.    Paragraph 172 of the Complaint makes allegations purporting to quote, characterize, or summarize Forms ADV filed with the SEC by StraightPath.  The Individual Defendants deny the characterizations of Paragraph 172 of those documents, which speak for

themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

173.    The Individual Defendants deny the allegations in Paragraph 173 of the Complaint, except they admit that StraightPath utilized the services of an external certified public accountant for (among other things) the preparation of Schedule K-1 tax forms for investors but did not otherwise have an external auditor.

174.    Paragraph 174 of the Complaint makes allegations purporting to quote, characterize, or summarize Forms ADV filed with the SEC by StraightPath.  The Individual Defendants deny the characterizations of Paragraph 174 of those documents, which speak for themselves, and respectfully refer the Court to the text of those documents for an accurate record of their contents.

175.    Paragraph 175 of the Complaint alleges that the Individual Defendants provided unspecified Forms ADV to unnamed "broker-dealers" and "prospective investors" at unidentified times.  The Individual Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the unduly vague allegations of Paragraph 175.

176.    As to Paragraph 176 of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

177.    Paragraph 177 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 177.

178.    Paragraph 178 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 178.

179.    As to Paragraph 179 of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

180.    Paragraph 180 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 180.

181.    Paragraph 181 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 181.

182.    Paragraph 182 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 182.

183.    Paragraph 183 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 183.

184.    As to Paragraph 184 of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

185.     Paragraph 185 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 185.

186.     Paragraph 186 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 186.

187.     As to Paragraph 187 of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

188.     Paragraph 188 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 188.

189.     Paragraph 189 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 189.

190.     Paragraph 190 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 190.

191.     Paragraph 191 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 191.

192.    As to Paragraph 192 of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

193.    Paragraph 193 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 193.

194.    Paragraph 194 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 194.

195.    Paragraph 195 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 195.

196.    As to Paragraph 196 of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

197.    Paragraph 197 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 197.

198.    Paragraph 198 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 198.

199.    Paragraph 199 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 199.

200.    Paragraph 200 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 200.

201.    As to Paragraph 201 of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

202.    Paragraph 202 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 202.

203.    Paragraph 203 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 203.

204.    As to Paragraph 204 of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

205.    Paragraph 205 of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 205.

206.     Paragraph 206 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 206.

207.     Paragraph 207 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 207.

208.     Paragraph 208 of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 208.

209.     As to Paragraph 1A of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.[2]

210.     Paragraph 2A of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 2A.

211.     Paragraph 3A of the Complaint asserts legal conclusions to which no response is required.   To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 3A.

---

[2]  The numbering of the Complaint's paragraphs restarts at its Ninth Claim for Relief, such that paragraph 208 of the Complaint is followed by paragraphs numbered 1 through 16.  To avoid confusion, this Answer refers to the Complaint's second set of paragraphs numbered 1 through 16 as 1A through 16A.

212.     As to Paragraph 4A of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

213.     Paragraph 5A of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 5A.

214.     Paragraph 6A of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 6A.

215.     Paragraph 7A of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 7A.

216.     Paragraph 8A of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 8A.

217.     As to Paragraph 9A of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

218.     Paragraph 10A of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 10A.

219.    Paragraph 11A of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 11A.

220.    As to Paragraph 12A of the Complaint, the Individual Defendants repeat and restate their answers set forth in the preceding paragraphs of this Answer, inclusive, as if fully set forth herein.

221.    Paragraph 13A of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 13A.

222.    Paragraph 14A of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 14A.

223.    Paragraph 15A of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 15A.

224.    Paragraph 16A of the Complaint asserts legal conclusions to which no response is required.  To the extent any response is necessary, the Individual Defendants deny the legal conclusions and all other allegations in Paragraph 16A.

## PRAYER FOR RELIEF

The SEC's prayer for relief and judgment (including sections I through X thereof) do not require a response, but to the extent any response is necessary, the Individual Defendants deny that the SEC is entitled to the requested relief.  Further, the Individual Defendants make no answer to

the SEC's requests relating to preliminary relief because they have been rendered moot by this Court's Receivership Orders.

## DEMAND FOR JURY TRIAL

The Individual Defendants hereby demand a jury trial for all issues so triable.

## GENERAL DENIAL

The Individual Defendants deny that they engaged in any wrongful or illegal conduct, and deny all allegations in the Complaint except as admitted above.  The Individual Defendants specifically deny that the SEC is entitled to any of the relief prayed for against the Individual Defendants in the Complaint.  The Individual Defendants expressly reserve the right to amend or supplement this Answer and their defenses.

## DEFENSES

The Individual Defendants allege, assert, and state the following defenses as separate and distinct defenses to the Complaint.  By virtue of alleging these defenses, the Individual Defendants do not admit any wrongdoing on their part and do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The SEC's claims for relief are barred, in whole or in part, because the SEC's allegations of fraud lack the required particularity.

## THIRD DEFENSE

The SEC's claims for relief are barred, in whole or in part, because the Individual Defendants acted in conformity with all applicable federal statutes, and all applicable rules and regulations promulgated thereunder.

## FOURTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, because the Individual Defendants did not act with intent, scienter, willfulness, knowledge, recklessness, or negligence in connection with any of the alleged wrongdoing.

## FIFTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, because the Individual Defendants did not have, and the SEC failed to provide, fair notice that their conduct was in violation of law, in contravention of the Individual Defendants' due process rights under the United States Constitution.  Due process requires that laws give a person of ordinary intelligence a reasonable opportunity to know what is prohibited.  Here, due to the lack of clarity and fair notice regarding the Individual Defendants' obligations under the federal securities laws, in addition to the lack of clarity and fair notice regarding the SEC's interpretation of those laws, the Individual Defendants lacked fair notice that their conduct was prohibited.

## SIXTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, because the alleged statements upon which the SEC's claims are based do not contain any misrepresentations or omissions of material fact, and the Individual Defendants are not responsible in law or in fact for any alleged false or misleading statements or omissions of material fact by others.

## SEVENTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, because the Individual Defendants did not participate in or directly induce any of the acts alleged in the Complaint to constitute a violation of federal securities laws.

## EIGHTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, because the Individual Defendants acted in good faith at all relevant times.

## NINTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, because the conduct alleged in the Complaint was not intentional, was believed to be lawful, proper, and fair, or was the result of mistakes of fact or law.

## TENTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, to the extent that they seek to impose upon the Individual Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed pursuant to the applicable federal statutes, and the applicable rules and regulations promulgated thereunder.

## ELEVENTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, because the matters alleged to be the subject of the purported misrepresentations or omissions were adequately disclosed by the Individual Defendants, publicly disclosed, or in the public domain.

## TWELFTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, by the bespeaks caution doctrine and the risk disclosures that were provided to StraightPath investors.

## THIRTEENTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, because the relevant offerings were not subject to or were exempt from the registration requirements of the Securities Act and the rules and regulations promulgated thereunder.

## FOURTEENTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, because StraightPath and the Individual Defendants were not subject to or were exempt from broker-dealer registration requirements.

## FIFTEENTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, because StraightPath and the Individual Defendants did not aid and abet any alleged violations of broker-dealer registration requirements.

## SIXTEENTH DEFENSE

The SEC's claims for relief and prayers for civil penalties and disgorgement are barred, in whole or in part, by the applicable statutes of limitation and repose, and the doctrines of waiver, acquiescence, laches, and estoppel.

## SEVENTEENTH DEFENSE

The SEC's claims for relief are barred, in whole or in part, due to the SEC's outrageous misconduct and unconstitutional behavior, and the doctrines of estoppel and unclean hands.

## EIGHTEENTH DEFENSE

The SEC lacks extraterritorial authority over all or some of the transactions alleged in the Complaint that took place outside of the United States.

## NINETEENTH DEFENSE

The Individual Defendants are not liable to the extent any alleged misrepresentation constitutes an expression of honest opinion or optimism.

## TWENTIETH DEFENSE

The aiding and abetting claims asserted in the Complaint against the Individual Defendants are barred, in whole or in part, because there were no primary violations.

## TWENTY-FIRST DEFENSE

Even if the SEC were to establish misconduct on the part of the Individual Defendants, the relief requested in the Complaint is inappropriate, in whole or in part, because the Complaint fails to allege a reasonable likelihood of future violations by the Individual Defendants.

## TWENTY-SECOND DEFENSE

Even if the SEC were to establish misconduct on the part of the Individual Defendants, the SEC's claim for disgorgement fails because it has not alleged and cannot establish the identities of any investors that were harmed, or any damages suffered by any investor, and there is no evidence that disgorgement is necessary for the benefit of investors or deterrent purposes.

## TWENTY-THIRD DEFENSE

Even if the SEC were to establish misconduct on the part of the Individual Defendants, the SEC's claim for civil penalties is unwarranted because any sanction for the conduct alleged herein would be contrary to the public interest.

## TWENTY-FOURTH DEFENSE

Even if the SEC were to establish misconduct on the part of the Individual Defendants, the SEC's claims for injunctive relief are barred because the adverse effects of an injunction far outweigh any benefit from any injunction.

## **RESERVATION OF RIGHTS**

By designating the aforementioned defenses, the Individual Defendants do not in any way waive or limit any defenses, which are or may be raised by their denials and averments. These defenses are pled in the alternative, and are raised to preserve the rights of the Individual Defendants to assert such defenses, and are without prejudice to the Individual Defendants' ability to raise other and further defenses. The Individual Defendants expressly reserve, in accordance with applicable law, the right to amend or supplement their Answer, defenses, and all other pleadings, and the right to assert any and all other additional and further defenses as appropriate, upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.

Dated: August 19, 2022
New York, New York

Respectfully submitted,

/s/
Brian Markley and Samson Enzer
Cahill Gordon & Reindel LLP

/s/
Scott N. Sherman and Josh Lewin
Nelson Mullins Riley & Scarborough LLP

*Attorneys for the Individual Defendants*