**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

     - against -

STRAIGHTPATH VENTURE PARTNERS LLC,
STRAIGHTPATH MANAGEMENT LLC, BRIAN
K. MARTINSEN, MICHAEL A. CASTILLERO,
FRANCINE A. LANAIA, and ERIC D.
LACHOW,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ECF Case

No. 22 Civ. 3897 (LAK)

## THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## <u>APPLICATION TO INTERVENE AND FOR A COMPLETE STAY</u>

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for the United States
    of America

Allison Nichols
Jason Richman
Assistant United States Attorneys

   *- Of Counsel -*

# Contents

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ................................................................................................... 4

ARGUMENT ......................................................................................................... 7

    I.     THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE ... 8

    II.    A COMPLETE STAY OF THIS ACTION IS APPROPRIATE ................................... 9

        A.    Applicable Law ................................................................................... 9

        B.    Discussion ........................................................................................ 10

           1.    The Extent of the Overlap ............................................................. 10

           2.    The Status of the Criminal Matter ................................................ 11

           3.    The Potential Prejudice to the Parties .......................................... 12

           4.    The Interests of the Court ............................................................. 14

           5.    The Public Interest ........................................................................ 14

CONCLUSION ................................................................................................... 19

# PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its application to intervene in the above-captioned case, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and to stay discovery in order to avoid prejudice to an ongoing criminal investigation being conducted in the Southern District of New York (the "Criminal Investigation").

As set forth below, there is a substantial overlap between the facts at issue in this action and those at issue in the Criminal Investigation.  [1] The defendants have requested, however, that in advance of any charging decision, they be given the opportunity to be heard, and have professed inability to be ready for such a meeting before the last week in October.

---

[1] The Government respectfully requests that the portions of this memorandum that discuss details about its investigation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ be filed *ex parte* and under seal. An *ex parte* submission is "appropriate where, as here, it [i]s necessary in order to protect grand jury secrecy." *SEC v. Beacon Hill Asset Mgmt. LLC*, No. 02 CIV. 8855 (LAK), 2004 WL 367673, at *1 (S.D.N.Y. Feb. 25, 2004) (citing *In re Doe*, 711 F.2d 1187, 1194 (2d Cir.1983); *SEC v. Downe*, 1993 WL 22126, at *11 n.7 (S.D.N.Y. Jan. 25, 1993)); *see also United States v. Cojab*, 996 F.2d 1404, 1408 (2d Cir. 1993) ("Were some matters to become public, the Supreme Court instructs, prospective witnesses may refuse to testify, they may testify less truthfully, or the target of a grand jury investigation may disappear.") (citations omitted). In addition to the need to maintain the secrecy of grand jury proceedings, certain details are being filed *ex parte* and under seal to avoid revealing the scope of an ongoing investigation, which could result in the destruction of evidence, flight from prosecution, and otherwise jeopardize the investigation. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (presumption of open records overcome by countervailing law enforcement concerns).

In the meantime, document discovery is proceeding in this matter, raising the risk that the defendants may attempt to use the tools of civil discovery to obtain improper insight into the Government's investigation, to circumvent the rules of criminal discovery, or to improperly tailor their defense to potential criminal charges.    These concerns are not hypothetical.    The defendants have served both the Securities and Exchange Commission ("SEC") and the Court-appointed Receiver with document requests for all correspondence with and documents reflecting meetings with the U.S. Attorney's Office, among other things.

Nor is it beyond the defendants to obstruct the function of a government body.

To prevent prejudice to the Criminal Matter, the Government seeks a stay of the civil proceedings for an initial period of 90 days, subject to renewal in the event the Government brings criminal charges. In similar situations, courts in this Circuit and others have often entered a complete stay of parallel civil actions, even where criminal charges had not yet been brought. *See, e.g.*, *SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (granting U.S. Attorney's Office request for full stay of discovery for six months over defendant's objection while criminal investigation was proceeding but prior to any criminal charge); *Blue Cross & Blue Shield Assoc. Nat'l Employee Benefits Comm. v. Aon Investments USA Inc.*, No. 20 Civ. 7606 (KPF) ECF No. 184 (S.D.N.Y. May 11, 2022) (granting 30-day discovery stay while criminal investigation was proceeding but had not yet been fully indicted); *SEC v. Mersky*, No. Civ. A 93–5200, 1994 WL 22305, at *2 (E.D. Pa. Jan. 24, 1994) (granting three-month stay pending indictment, to be extended until conclusion of criminal prosecution if indictment issued); *SEC v. Downe*, No. 92 CIV. 4092 (PKL), 1993 WL 22126, at *14 (S.D.N.Y. Jan. 26, 1993) (granting two-month stay pending indictment, to be extended until conclusion of criminal prosecution if indictment issued); *SEC v. Beacon Hill Asset Mgmt. LLC*, No. 02 CIV. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (granting approximately four-month discovery stay while criminal investigation was proceeding but had not yet been indicted).

Individual defendants Brian Martinsen, Francine Lanaia, and Michael Castillero oppose the Government's motion.    The Government understands that individual defendant Eric Lachow is in the process of engaging separate counsel and has not yet taken a position.    The Receiver consents to the Government's motion.    The SEC takes no position with respect to the Government's motion.

## **BACKGROUND**

This case and the Criminal Investigation concern the same underlying facts. ███ ███

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████

### The Criminal Investigation

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

<u>The SEC's Allegations</u>

The SEC alleges in its complaint (the "Complaint") that the StraightPath Funds and the individual defendants violated a number of sections of the securities laws by illegally selling unregistered securities in fraudulent investment vehicles while charging investors exorbitant and undisclosed fees, allowing them to pay themselves and their sales agents more than $100 million in total.   (Compl. ¶¶ 1, 6, 10).   The Complaint alleges that the defendants overstated the number of pre-IPO shares acquired by the StraightPath Funds and sold more pre-IPO shares than they had actually obtained, resulting in a shortfall of at least $14 million.   (Compl. ¶¶ 58-74).   The Complaint further alleges that, contrary to representations made to investors, investor funds were comingled across the StraightPath Funds, transferred between the various funds, and used to make "Ponzi-like" payments to other investors.   (Compl. ¶¶ 75-91).   Additionally, the Complaint alleges that the defendants charged excessive and undisclosed markups, which effected a hidden fee on investors that the defendants used to pay unregistered sales agents and themselves.   (Compl. ¶¶ 92-117).   The Complaint alleges that the defendants unlawfully sold unregistered securities without meeting the criteria for registration exemption for certain qualifying private offerings, in part because Castillero and Lanaia were barred and/or suspended from association with any FINRA member, (Compl. ¶¶ 118-128), and that the defendants took steps to conceal Castillero's and Lanaia's role from investors after the two were effectively barred from the industry, (Compl. ¶¶ 7, 20-23).   Finally, the Complaint alleges that the StraightPath Funds violated broker-dealer registration provisions by running "boiler rooms" using unlicensed sales agents, including those previously barred from working as securities

brokers, and providing many of them with email addresses and business cards that falsely identified them as employees of the StraightPath Funds' manager. (Compl. ¶¶ 129-52). The Complaint alleges that, to thwart regulators, Castillero and Martinsen deleted subpoenaed emails belonging to some of those sales agents. (Compl. ¶¶ 153-66).

The SEC filed the Complaint on May 13, 2022. Based on its discussions with the parties and its review of the docket, the Government has learned that responses to further document requests are due on October 24, 2022, including document requests from the individual defendants seeking detailed information about communications that the SEC and the Receiver may have had with this Office. Specifically, the defendants seek from the SEC:

> 45. All Correspondence with or Documents reflecting meetings with the United States Attorney's Office for the Southern District of New York ("the Office") related to the Investigation or the Individual Defendants, including but not limited to Documents sufficient to identify the dates and times of all telephone calls, virtual meetings, and/or in-person meetings involving SEC Enforcement Staff and the Office concerning any of the StraightPath entities, the Individual Defendants, or any of the allegations in the Complaint.

> 46. Documents sufficient to identify Persons who attended or participated in each call or meeting referenced in Document Request 45.

> 47. Documents sufficient to identify the dates and times of all emails, text messages, and other electronic communications involving SEC Enforcement Staff and the Office concerning any of the StraightPath entities, the Individual Defendants, or any of the allegations in the Complaint.

> 48. Documents sufficient to identify Persons who sent, received, or were copied on each Communication referenced in Document Request 47.

(Def. Third Doc. Requests to SEC dated Sept. 23, 2022). Defendants seek from the Receiver:

> 16. All Correspondence with or Documents reflecting meetings with the United States Attorney's Office for the Southern District of New York ("the Office") related to the Investigation or the Individual Defendants, including but not limited to Documents sufficient to

identify the dates and times of all telephone calls, virtual meetings, and/or in-person meetings involving the Receiver and the Office concerning any of the StraightPath entities, the Individual Defendants, or any of the allegations in the Complaint.

17. Documents sufficient to identify Persons who attended or participated in each call or meeting referenced in Document Request 16.

18. All Correspondence with or Documents reflecting meetings with the any other governmental or regulatory authority related to the Investigation or the Individual Defendants, including but not limited to Documents sufficient to identify the dates and times of all telephone calls, virtual meetings, and/or in-person meetings involving the Receiver and the agency concerning any of the StraightPath entities, the Individual Defendants, or any of the allegations in the Complaint.

19. Documents sufficient to identify Persons who attended or participated in each call or meeting referenced in Document Request 18.

(Def. First Doc. Requests to Receiver dated Sept. 23, 2022).

## ARGUMENT

The Government's requests to intervene and for a complete stay of this civil action should be granted.    If this case were to proceed, there would be a risk of significant interference with the Criminal Investigation.    A stay would prejudice no party to this civil action; would protect the secrecy and integrity of the Criminal Investigation; would prevent the circumvention of important statutory limitations on criminal discovery and avoid asymmetrical discovery; and would preserve the Court's resources because many of the issues presented by the civil action will be resolved in the event that the Government brings criminal charges.    The Receiver consents to the motion for a complete stay, and the SEC takes no position with respect to the motion, while the individual defendants either oppose or are continuing to consider their position.    Nonetheless, for the reasons that follow, it is appropriate to grant a complete stay, with an exception to allow for the Receiver to continue her work.

# I.      THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."   The Government respectfully submits that its application satisfies both of these provisions given the effect this civil proceeding would have on the Criminal Matter and the similarity of claims under investigation.

As a general rule, courts "have allowed the government to intervene in civil actions — especially when the Government wishes to do so for the limited purpose of moving to stay discovery."   *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC v. Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002).   The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

Intervention is warranted because the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represents the Government's interests with respect to the investigation and enforcement of federal criminal statutes.   *See Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) ("[T]he Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff or the defendants have this identical interest.").

Furthermore, permissive intervention is warranted as an exercise of this Court's discretion, under Fed. R. Civ. P. 24(b)(2). Rule 24(b)(2) requires only that the government's "claim . . . and the main action have a question of law or fact in common." The Government's application readily satisfies this standard because there is a substantial overlap between the allegations set forth in the SEC Complaint and the factual questions that will likely be resolved in the Criminal Investigation, including whether the StraightPath Funds and the individual defendants were engaged in a fraudulent scheme to violate the securities laws by deceiving investors.

Finally, the Government's intervention for the limited purpose of seeking a stay will not prejudice any party's rights. The Government seeks only a stay, and its intervention will not alter the parties' respective positions. In fact, should the Criminal Investigation ripen into criminal charges, such a prosecution may benefit the parties to the civil case by bringing out relevant facts and streamlining the ensuing litigation.

In light of these circumstances, the Government respectfully submits that its application to intervene should be granted.

## II. A COMPLETE STAY OF THIS ACTION IS APPROPRIATE

### A. Applicable Law

This Court has the inherent power to stay civil proceedings in the interests of justice pending the completion of a parallel criminal trial. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action." (internal citations and quotations omitted)). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)

(quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).    In evaluating whether to grant such

a stay, courts in this Circuit consider:

> (1) the extent to which the issues in the Criminal Matter overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*See, e.g.*, *SEC v. Tuzman*, No. 15 Civ. 7057 (AJN), ECF No. 43 at 2 (quoting *Louis Vuitton*, 676

F.3d at 99).    "Balancing these factors is a case-by-case determination, with the basic goal being

to avoid prejudice."   *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39

(S.D.N.Y. 1993).    But the factors "can do no more than act as a rough guide for the district court

as it exercises its discretion" and do not replace the Court's "studied judgment as to whether the

civil action should be stayed based on the particular facts before it and the extent to which such a

stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis*

*Vuitton*, 676 F.3d at 99.    The Court's "decision ultimately requires and must rest upon a

particularized inquiry into the circumstances of, and the competing interests in, the case."   *Id.*

(quotation marks omitted).

## B.    Discussion

Application of each of these factors here weighs in favor of the stay sought by the

Government.

### 1.    *The Extent of the Overlap*

That the facts of this case overlap substantially with the Criminal Investigation weighs

heavily in favor of a stay.    "The most important factor at the threshold is the degree to which the

civil issues overlap with the criminal issues."   *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge

Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989));

*see also Parker v. Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (E.D.N.Y. Aug.

27, 2007) (same); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353

(S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related

transactions the government is ordinarily entitled to a stay of all discovery in the civil case until

disposition of the criminal matter.").

Here, as described above, it is likely that substantially the same set of facts would have to

be proven twice in two different proceedings, draining resources from the courts and from the

Government, and inconveniencing witnesses.   *See, e.g.*, *SEC v. Shkreli*, *et al.*, 15 Civ. 7175

(KAM), 2016 WL 1122029, at *4 (E.D.N.Y. Mar. 22, 2016); *Tuzman*, No. 15 Civ. 7057 (AJN),

ECF No. 43, at 3.   As a result, this factor weighs heavily in favor of a stay.

## 2.   The Status of the Criminal Matter

Although the return of an indictment is "the strongest argument for granting a stay,"

*Shkreli*, 2016 WL 1122029, at *5 (quotation and citation omitted), when government prosecutors

have advised courts that they are conducting criminal investigations of individuals involved in a

pending civil action, courts have regularly permitted the government to intervene in order to

request a stay of discovery in the civil case, even prior to the filing of a criminal indictment.

*See, e.g.*, *Chestman*, 861 F.2d at 50 (finding that there was no "clear abuse of discretion" in

district court allowing government to intervene and stay discovery pending completion of a

criminal investigation concerning the same underlying facts because the "government had a

discernible interest in intervening in order to prevent discovery in the civil case from being used

to circumvent the more limited scope of discovery in the criminal matter," nor was the defendant

prejudiced); *Global Indus., Ltd.*, 2012 WL 5505738, at *3 (granting government request for full stay of discovery for six months over defendant's objection while criminal investigation was proceeding but prior to any criminal charge); *Mersky*, 1994 WL 22305, at *2 (granting three-month stay pending indictment, to be extended until conclusion of criminal prosecution if indictment issued); *Downe*, 1993 WL 22126, at *14 (granting two-month stay pending indictment, to be extended until conclusion of criminal prosecution if indictment issued). Similarly, in *SEC v. Beacon Hill Asset Management LLC*, this Court granted a discovery stay pending the completion of a grand jury investigation in part to prevent the civil defendant from "us[ing] the pendency of this action to gain an advantage that is not ordinarily afforded to subjects of criminal investigations or to interfere with the government's inquiries." 2003 WL 554618, at *1.



### 3. The Potential Prejudice to the Parties

No prejudice will result from the complete stay requested by the Government. The SEC has indicated that it takes no position as to the Government's motion. The SEC will not be adversely impacted by a complete stay, as such a stay will allow the SEC to conserve its

12

resources (as well as the resources of the Court) by avoiding needless duplicative litigation of many of the issues presented by the civil action that may be resolved in the Criminal Matter. At a minimum, therefore, there can be no argument that there would be prejudice to the plaintiff by staying this action. *See Shkreli*, 2016 WL 1122029, at *5 (citing cases).[2] Likewise, the Receiver consents to a discovery stay, and, indeed, the Receiver's important work marshalling the Receivership assets, proposing a liquidation plan for Receivership property, and proposing a distribution plan for the Receivership property to investors is likely to be aided, rather than prejudiced, by a complete stay of discovery, as a stay would allow the Receiver to devote her full time and energy to those duties.

With respect to the individual defendants ███████████████████ ███████ granting a stay of the civil case to permit the Criminal Investigation to proceed to its conclusion would actually inure to their benefit. The requested stay will allow the Government to honor the defendants' request to be heard prior to any charges being filed and give careful consideration to their arguments, without prejudicing the Government's litigating position should the Criminal Investigation ripen into charges. Moreover, granting a stay of the civil case would, for now, remove the obligation for the defendants to choose between, on the one hand, being prejudiced in the civil case by asserting their Fifth Amendment rights and, on the other, being prejudiced in the Criminal Investigation if they waived those rights. In other words, the defendants will – for the time being – benefit from not having to choose between, on the one hand, submitting to depositions by the SEC and potentially incriminating themselves

---

[2] Where the SEC, the plaintiff in the litigation, does not oppose a stay, "[t]his position perhaps indicates support for a stay, but at the very least makes clear that the SEC does not believe it will be prejudiced by one." *Global Indus., Ltd.*, No. 11-CV-6500, 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012).

and, on the other, asserting their Fifth Amendment rights and risking adverse inferences. *See, e.g.*, *SEC v. Bauer, et al.*, 22 Civ. 3089 (RA) ECF No. 62 (S.D.N.Y. Oct. 11, 2022) (granting a complete stay of discovery even where four of the civil defendants had not yet been criminally charged).

In sum, no party will suffer any unfair prejudice from a complete stay.

### 4. The Interests of the Court

Considerations of judicial economy also weigh in favor of granting a stay. In the event the Government brings charges, issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the civil action. *Cf. SEC v. Contorinis*, No. 09 Civ. 1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *Global Indus.*, 2012 WL 5505738, at *4 ("[T]he Civil Case is likely to benefit to some extent from the Criminal Matter no matter its outcome."); *LaBianca*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered). Because the Criminal Investigation's outcome will likely affect the conduct, scope, and result of the civil proceeding, thereby streamlining issues in this matter and avoiding duplication of effort and judicial resources, this factor favors the Government's application for a complete stay.

### 5. The Public Interest

Finally, the Government and the public have an important interest in ensuring that civil discovery is not used to violate the secrecy of grand jury investigations, obstruct those investigations, or otherwise circumvent the well-founded restrictions that pertain to criminal discovery — restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal

process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses.   *See United States v. Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States v. McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

In *Tuzman*, Judge Nathan outlined three principal Government interests justifying a stay of discovery of civil proceedings while parallel criminal proceedings are pending:

> First, broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence. Second, revelation of the identity of prospective witnesses may create the opportunity for intimidation. Third, criminal defendants may unfairly surprise the prosecution at trial with information developed through [civil] discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants.

*Tuzman*, No. 15 Civ. 7057 (AJN), ECF No. 43 at 3-4 (internal citations and quotations omitted). Based on these concerns, judges in this District have frequently granted Government requests to limit discovery in a parallel civil action in order to prevent the civil discovery rules from being subverted into a device for improperly obtaining discovery in the criminal proceeding.   *See, e.g.*,

*id.* (granting stay sought by Government); *Beacon Hill Asset Mgmt. LLC*, 2003 WL 554618, at *1 (in granting government's motion to stay, court noted: "The principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in Criminal Matters."); *Phillip Morris Inc. v. Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (granting stay motion because if "civil discovery is not stayed, the criminal investigation will be prejudiced, as the Defendants may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules."); *Bd. of Governors of the Federal Reserve System* v. *Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("'A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial.'" (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1952))); *see also SEC v. Doody*, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002) (granting partial stay of discovery in civil case where only one of the civil defendants was criminally charged, over the objection of the non-charged civil defendant, because proceeding with civil discovery would "almost surely" give the charged defendant "access to information to which he would not be entitled in his defense of the criminal case.")

These concerns are particularly present here. ■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

[REDACTED]

Moreover, as discussed, the Government understands from the parties that the individual defendants have sought from both the SEC and the Receiver detailed information about those entities' communications with this Office—information to which they would not be entitled in the criminal case.   In other words, the individual defendants are "avidly pursuing discovery in this action with a view to finding out what has passed between various entities and the United States Attorney's office."   *Beacon Hill Asset Mgmt. LLC*, 2003 WL 554618, at *1.   Such information would appear to have marginal relevance, at best, in the civil case; rather, the individual defendants appear to be using the civil discovery process to attempt to gain information regarding the Criminal Investigation.   Such an improper use of the civil discovery process is precisely why courts commonly grant civil discovery stays where an open criminal investigation or prosecution concerns the same facts and circumstances underlying the civil action.

Moreover, the fact that the individual defendants are aware of the Criminal Investigation gives even stronger force to the rationale underlying a stay, given that a defendant aware of a criminal investigation will likely invoke his Fifth Amendment rights in the civil case and not participate in the very discovery process he seeks to use affirmatively.   *See, e.g.*, *SEC v. Chakrapani*, Nos. 09 Civ. 325 (RJC), 09 Civ. 1043 (RJS), 2010 WL 2605819 (S.D.N.Y. June 29, 2010) (inviting the Government to renew its motion to stay discovery if the defendant intends to invoke the Fifth Amendment if noticed for a deposition); *Nicholas*, 569 F. Supp. 2d at 1070

(noting when granting full stay that "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants").

A denial of the Government's requested stay would therefore result in asymmetrical discovery, pursuant to which the defendants would be able to obtain statements from relevant witnesses through depositions and use other discovery mechanisms such as requests for admission and interrogatories to obtain information from the SEC, while the SEC would be unable to use any of these discovery mechanisms to obtain information from the defendants because of their assertion of his Fifth Amendment rights.   Such asymmetry is both unfair and a circumvention of the criminal discovery rules that govern when criminal defendants are entitled to obtain prior statements of the Government's trial witnesses.   *See* 18 U.S.C. § 3500(b) (prior statements of Government witnesses must be made available after the witnesses have testified on direct examination).

Therefore, in order to avoid circumvention of the criminal discovery restrictions, including the provisions that are designed to prevent defendants from tailoring their testimony and obtaining asymmetrical discovery, and because the defendants will not in any way be prejudiced in preparing and defending themselves, this factor weighs in favor of the Government's application.

## CONCLUSION

For these reasons, the Government respectfully requests that its application to intervene and for a complete stay of this matter be granted, except that the Receiver may continue her work. A proposed stay order is annexed hereto as Exhibit A.

Dated:  New York, New York
         October 18, 2022

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Allison Nichols
Jason Richman
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2366/2589