UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

          -against-                                  22-cv-3897 (LAK)

STRAIGHTPATH VENTURE PARTNERS LLC, et al.,

                Defendants.
------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-17-2023

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Plaintiff, the Securities and Exchange Commission ("SEC"), brought this action against StraightPath Venture Partners LLC, StraightPath Management LLC, and the three founders and beneficial owners and a former manager (the "individual defendants") of StraightPath for alleged violation of the federal securities laws, including the Investment Advisers Act of 1940, and the rules promulgated thereunder. Pursuant to the parties' consent order, the Court appointed a receiver for the purpose of marshaling and preserving the assets of the StraightPath entities and funds (Dkt 56).

       On October 18, 2022, the United States moved for leave to intervene for the purpose of seeking a complete stay of discovery for an initial period of 90 days, subject to renewal, in light of its pending criminal investigation of the individual defendants. On consent of the parties, the Court granted the government's motion and stayed all proceedings pending further order of the Court (Dkt 105). The matter now is before the Court on the individual defendants' opposition to the

2

government's motion, in which they request a partial stay of discovery to permit them to obtain discovery from the receiver.[1]

The individual defendants request permission to seek discovery from the receiver in relation to eight broad areas of the receiver's work. They have submitted proposed discovery requests seeking, *inter alia*, "[a]ll [d]ocuments and/or [c]ommunications with third parties . . . concerning the [r]eceiver's exercise of its rights, duties, and obligations . . . ," communications between the receiver and any StraightPath investor, and documents relied upon by the receiver in preparing status reports (Dkt 136-2 at 5-7). The crux of their argument is that a complete stay of discovery would prejudice their ability to challenge the receiver's actions (which they have preserved the right to do pursuant to the Court's order appointing a receiver, Dkt 56 § XVII) because a complete stay would prevent them from obtaining information to support such a challenge.

Setting aside the issue of whether the individual defendants possess a right to receive discovery from a court-appointed receiver in the first place, on which I do not now rule, the individual defendants have not offered any persuasive justification for their discovery requests. They have not identified any specific challenge to the receiver's work for which they require discovery. Instead, they seek authorization to pursue broad-ranging discovery that might help them identify a future challenge. For the reasons identified by the government, the requested discovery is reasonably likely to interfere with the criminal investigation. Although the defendants have not been indicted, the overlap between the issues in the criminal investigation and the discovery that the individual defendants seek, the lack of any demonstrable prejudice to the individual defendants at

---

[1] One of the individual defendants, Eric D. Lachow, has not taken a position on the opposition by the three other individual defendants. For ease of expression, I use "individual defendants" to refer to the three moving defendants. The SEC has taken no position on the government's motion to stay discovery (Dkt 135).

this stage, and the interests of justice favor a complete stay of discovery in this action.

The individual defendants' request to permit only a narrower stay that the government seeks (Dkt 136) is denied. I have considered also the arguments put forward in the individual defendants' sur-reply brief. Without ruling now on the immunity issue, I have concluded that the individual defendants' argument that they should be permitted to proceed with the discovery they have sought and that the intervention of the government to protect its criminal investigation should not be permitted to upset the bargain with respect to a receiver that the individual defendants had made with the SEC – before a criminal investigation was known to be under weigh – is unpersuasive. The government's request to extend the current stay of discovery for an additional thirty days, until February 15, 2023 (Dkt 141), is granted. All proceedings are stayed pending further order of the Court.

SO ORDERED.

Dated:      January 17, 2023

_____
Lewis A. Kaplan
United States District Judge