UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION, :
:
                   Plaintiff, :
:
-v- : No. 1:22-cv-03897-LAK
:
STRAIGHTPATH VENTURE PARTNERS LLC, :
STRAIGHTPATH MANAGEMENT LLC, :
BRIAN K. MARTINSEN, :
MICHAEL A. CASTILLERO, :
FRANCINE A. LANAIA, and :
ERIC D. LACHOW, :
:
                   Defendants. :
------------------------------------------------------------X

**APPLICATION FOR ORDER APPROVING THE RETENTION OF
LIQUID ADVISORS, INC. AS THE RECEIVER'S INVESTMENT ADVISOR
EFFECTIVE AS OF THE ENGAGEMENT DATE**

Melanie L. Cyganowski, the duly appointed receiver (the "*Receiver*") in the above-captioned action (the "*Underlying Action*"), applies (the "*Application*") to this Court for an order approving the retention of Liquid Advisors, Inc. ("*Liquid Advisors*") as investment advisor for the Receiver, effective as of October 27, 2023 (the "*Engagement Date*"), the date on which the Receiver and Liquid Advisors entered into that certain Consulting Services Agreement in connection with the Underlying Action (the "*Engagement Agreement*").

### I.      PRELIMINARY STATEMENT

1. In order to fulfill her obligations with respect to the Receivership Estate's (defined below) current and potential future equity interests in pre-IPO companies (the "*Pre-IPO Interests*"), the Receiver seeks the guidance of a professional with expertise and experience in that highly specialized market. To that end, the Receiver undertook an extensive search and vetting process to identify such a professional, interviewing more than 10 individuals and/or

firms for the role, ranging from individuals to large well-known consulting and investment firms. After consideration of each candidate, the Receiver selected Liquid Advisors as her investment advisor, subject to Court approval, because, for among other reasons: (a) Liquid Advisors is extremely qualified, appropriately priced, and prepared to take on the engagement; and (b) the other candidates interviewed either had no specific experience in this particular market, were not prepared to take on the engagement (in some cases even after conducting diligence pursuant to a non-disclosure agreement), and/or would only take on the engagement with high guaranteed minimum fees.

2. Liquid Advisors—in particular, Annemarie Tierney (founder and principal of Liquid Advisors)—has expertise and hands-on experience in providing cost-effective strategic advice on asset investment and management of interests in private (i.e., pre-IPO) companies, such as the Pre-IPO Interests. Liquid Advisors is prepared to assist the Receiver, is well-qualified to provide services as the Receiver's investment advisor, and such services will not overlap with or duplicate the services provided the Receiver's other retained professionals in the Underlying Action.

3. Further, the relief sought in this Application is consistent with the relief that the Receiver is seeking in her recently filed motion to approve procedures for the use of certain funds held in escrow pursuant to the Receivership Order (defined below) to cover any shortfall of Pre-IPO Shares (defined below) in the event she determines in her business judgment that such would be in the best interest of the Receivership Estate (the "*Shortfall Motion*") (Dkt. No. 231).

4. In further support of this Application, the Receiver submits the Declaration of Annemarie Tierney (the "*Tierney Declaration*"), and respectfully states as follows:

## II.   FACTUAL BACKGROUND

### A.   The Underlying Action

5. On May 13, 2022, the Securities and Exchange Commission (the "*SEC*") filed the Underlying Action against StraightPath Venture Partners LLC, StraightPath Management LLC, Brian K. Martinsen, Michael A. Castillero, Francine A. Lanaia, and Eric D. Lachow (collectively, the "*Defendants*"), alleging, among other things, violations of various sections of the Securities Act, the Exchange Act, and the Advisers Act, and seeking, among other relief, temporary and permanent injunctive relief, disgorgement of alleged ill-gotten gains, imposition of civil penalties, and appointment of a receiver (Dkt. No. 1).

6. On May 13, 2022, this Court entered an *Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief* (Dkt. No. 16).

7. On June 14, 2022, this Court entered two consent orders in the Underlying Action, both stipulated to by the SEC and the Defendants—first, an order imposing a preliminary injunction (Dkt. No. 55), and second, an order appointing the Receiver (the "*Receivership Order*") (Dkt. No. 56).

8. Among other things, the Receivership Order appointed Melanie L. Cyganowski as Receiver for the estate (the "*Receivership Estate*") of SP Ventures Fund LLC, SP Ventures Fund 2 LLC, SP Ventures Fund 3 LLC, SP Ventures Fund 4 LLC, SP Ventures Fund 5 LLC, SP Ventures Fund 6 LLC, SP Ventures Fund 7 LLC, SP Ventures Fund 8 LLC, SP Ventures Fund 9 LLC (collectively, the "*SP Funds*"); StraightPath Venture Partners LLC (the "*SP Fund Manager*"); and StraightPath Management LLC (the "*SP Advisor*" and collectively with the SP Funds and the SP Fund Manager, the "*Receivership Entities*").

3

### B. The Receivership Order[1]

9. Pursuant to the Receivership Order, and as most germane to this Application, the Receiver is authorized, subject to this Court's approval, to: (a) engage and employ persons or entities at the Receiver's discretion to assist in carrying out the Receiver's duties (Receivership Order, IV.G, XVI); (b) use Escrow Funds for any appropriate purpose, including purchasing shares ("*Pre-IPO Shares*") in certain private companies that have the potential for sale or public offering ("*Pre-IPO Companies*") (Receivership Order, XI); and (c) to take such other action as may be approved by this Court (Receivership Order, IV.O).

10. Consistent with, and in furtherance of, the responsibilities and powers set forth in the Receivership Order, the Receiver seeks this Court's approval of her retention of Liquid Advisors as her investment advisor.

### C. The Receiver's Need for the Services to be Provided by Liquid Advisors

11. In view of the highly specialized nature of the market for interests in Pre-IPO Interests, the Receiver seeks the assistance and guidance of Liquid Advisors. As more fully described in the proposed Engagement Agreement, the Receiver proposes to retain Liquid Advisors as her investment advisor to render consulting services, including the following:

(a) To advise and assist the Receiver in connection with the actual or potential sale, collection, or other disposition of the Receivership Entities' portfolio of Pre-IPO Interests (the "*Receivership Portfolio*"), including the assessment of related liabilities and the closing of any such transactions;

(b) To advise and assist the Receiver with any authority granted to the Receiver as sought by the Receiver in the Shortfall Motion; and

---

[1] Capitalized terms not defined herein have the meanings set forth in the Receivership Order.

(c) To advise and assist the Receiver with strategy and analysis regarding initiatives to be identified by the Receiver relating to the Receivership Portfolio.

12. The services to be rendered by Liquid Advisors will not overlap or duplicate services rendered by other professionals retained by the Receiver; rather, they will complement the services of such other professionals. Specifically, Liquid Advisors will not duplicate work being performed by the Receiver's financial advisors, Stout Risius Ross, LLC, which stated in its engagement letter that "[it has] not been engaged to provide investment advice" (Dkt. No. 62-2, at 13). Similarly, Liquid Advisors will not duplicate the work of Otterbourg P.C., the Receiver's legal counsel. Liquid Advisors' Engagement Agreement expressly provides that the services it will perform "do not include the provision of legal advice." (Engagement Agreement, § 3).

### D. Qualifications and Experience of Liquid Advisors

13. Liquid Advisors is well-qualified to serve as the Receiver's investment advisor. In particular, Annemarie Tierney, who will be the lead and primary professional providing direct services on this engagement, has extensive experience in providing strategic advisory and analytical services relating to, among other things, the identification and efficient implementation of asset investment and liquidity solutions, particularly regarding Pre-IPO Interests. This, in turn, will enhance the Receiver's efforts to maximize potential recoveries for investors and creditors. (Tierney Decl., ¶¶ 3-5)

14. Ms. Tierney is a seasoned strategist, with over 30 years of strategic advisory experience, the last four years of which have been through Liquid Advisors. She regularly advises clients on achieving their investment and liquidity needs. Among other things, she is experienced in providing strategic advisory services on specialized issues involving private

issuers and financial services platforms, including with respect to investments in Pre-IPO Companies. (Tierney Decl., ¶ 5)

15. Ms. Tierney's experience is derived from extensive hands-on involvement and draws upon her years of experience working within leading financial services companies. She previously served as Head of Strategy at Nasdaq Private Market and as Executive Vice President – Legal of SecondMarket Holdings, Inc. (now Digital Currency Group). She has also previously worked at the SEC, the NYSE, and NYFIX, Inc., and has led a broad range of regulatory and legislative thought leadership initiatives in the private issuer space and is a frequent speaker on a range of private market topics. (Tierney Decl., ¶ 6)

16. The Tierney Declaration further describes the qualifications of Liquid Advisors and its professionals, who may be used if appropriate, and the terms and conditions of its retention, as set forth in the Engagement Agreement, including the hourly rates currently charged by Liquid Advisors. (Tierney Decl., ¶ 7)

17. For all of these reasons, the Receiver submits that Liquid Advisors and its professionals are well qualified to assist her in this matter.

**E.   Compensation and Expenses**

18. Subject to this Court's approval, and in accordance with the Engagement Agreement, Liquid Advisors will charge the Receiver a consulting fee in the amount of $650 per hour for services rendered by Ms. Tierney.

19. Ms. Tierney's $650 hourly rate for this engagement reflects an approximate 13% public service accommodation on Ms. Tierney's standard hourly rate of $750.

20. Ms. Tierney may be assisted on this engagement, if needed, by Sarah English from Liquid Advisors at her standard billing rate of $450 per hour.[2]

21. Liquid Advisors and Ms. Tierney have received and reviewed the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the *"SEC Receivership Billing Instructions"*) (available at https://www.sec.gov/oiea/Article/billinginstructions.pdf).

22. All time billed by Liquid Advisors will be supported by reasonable written documentation, and pursuant to the SEC Receivership Billing Instructions.

23. Liquid Advisors customarily seeks reimbursement from its clients for costs and expenses reasonably incurred on behalf of the client. As set forth in the Engagement Agreement, Liquid Advisors proposes to charge the Receiver for the costs and expenses in the same manner as Liquid Advisors charges its other clients for the same costs and expenses, subject to the SEC Receivership Billing Instructions.

24. Liquid Advisors has advised the Receiver that it will apply to the Court for allowance of compensation for professional services rendered and for reimbursement of reasonable costs and expenses incurred in connection with this matter in accordance with the Receivership Order and any other applicable Orders of the Court. Liquid Advisors has further confirmed to the Receiver that, in applying to the Court for compensation, Liquid Advisors will comply with the SEC Receivership Billing Instructions.

25. Liquid Advisors has acknowledged and agreed that its interim quarterly applications shall be subject to a hold back in the amount of thirty percent (30%) of the allowed

---

[2] To the extent services are rendered by any of Liquid Advisors' other professionals, then Liquid Advisors will charge the Receiver a consulting fee in the amount of such professional's standard hourly rate. In the normal course of its business, Liquid Advisors reassesses its billing rates on an annual basis, typically as of January 1 of each calendar year.

fees requested in an interim application (the "***Holdback Amount(s)***"), so that Liquid Advisors will forego immediate payment of its Holdback Amounts, with the understanding that, subject to approval by the Court, Liquid Advisors' Holdback Amounts may be paid as part of a subsequent fee application.

    **F.**    <u>**No Adverse Interests**</u>

    26.    Liquid Advisors has advised the Receiver that in connection with its retention as investment advisor to the Receiver, it has reviewed the information provided by the Receiver to determine if any conflicts of interest would result from Liquid Advisors' retention. Based on Liquid Advisors' review of that information, Liquid Advisors has advised the Receiver that to the best of its knowledge, neither Liquid Advisors, nor any professional thereof, including Ms. Tierney, has any conflict of interest in connection with the engagement for this matter.

    27.    Liquid Advisors further provided the following information to the Receiver as set forth in the Tierney Declaration:

    (a)    Neither Liquid Advisors nor Ms. Tierney are, or have been during the pendency of the Underlying Action, a creditor, equity security holder or insider of the Defendants or of any of the Receivership Portfolio companies.

    (b)    Neither Liquid Advisors nor Ms. Tierney are, or have been, a director, officer or employee of the Defendants or of any of the Receivership Portfolio companies.

    (c)    Neither Liquid Advisors nor Ms. Tierney have an interest materially adverse to the interests of this Receivership Estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Defendants or in any of the Receivership Portfolio companies, or for any other reason.

(d) Neither Ms. Tierney nor Liquid Advisors' professionals who may work on this matter are a relative of any Judge of the United States District Court for the Southern District of New York, the SEC, or any person employed by the SEC or U.S. Attorney's Office (SDNY).

28. Based upon this review, Liquid Advisors does not have any conflict of interest with any interested party in this case.

### III. RELIEF REQUESTED

29. By this Application, the Receiver seeks entry of an Order, pursuant to Paragraphs IV.G and XVI of the Receivership Order, authorizing the Receiver to retain Liquid Advisors as her investment advisor in the Underlying Action.

30. The retention of Liquid Advisors for the purpose of providing investment consulting services, as further described in the Engagement Agreement, will bolster the Receiver's ability to maximize assets of the Receivership Estate and further the development and eventual implementation of the Receiver's plan of distribution that she will file in accordance with the Receivership Order.

31. Accordingly, the Receiver requested Liquid Advisors to begin work upon the execution of the Engagement Agreement on the understanding that she would seek approval for Liquid Advisors' retention effective as of the Engagement Date. By providing services as early as the Engagement Date, the Receivership Estate has received the benefit of Liquid Advisors' services (principally through Ms. Tierney) as soon as possible, and is especially timely given the recent filing of the Shortfall Motion.

32. For the reasons above, the retention of Liquid Advisors would be in the best interest of the Receivership Estate and should be approved as of the Engagement Date.

**WHEREFORE**, for all the foregoing reasons, the Receiver requests that the retention of Liquid Advisors, Inc. as her investment advisor in the Underlying Action be approved, effective as of the Engagement Date, upon the terms as set forth above and that the Receiver be granted such other and further relief as this Court deems appropriate.

Respectfully submitted, this 1st day of November, 2023.

 <u>/s/ Melanie L. Cyganowski</u>
Melanie L. Cyganowski
Court-Appointed Receiver
