```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

        -against-                                          22-cv-3897 (LAK)

STRAIGHTPATH VENTURE PARTNERS LLC, et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/08/2025

### MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

  This civil case concerns alleged securities fraud perpetuated by Brian K. Martinsen, Michael A. Castillero, Francine A. Lanaia, and Eric D. Lachow (collectively, the "Individual Defendants") through their operation of defendants StraightPath Venture Partners LLC and StraightPath Management LLC and nine affiliated entities (the "Receivership Entities"). On June 14, 2022, the Court appointed a receiver to oversee the Straightpath Entities (the "Receivership Order").[1]

  Intervenor the United States of America (the "Government") now moves to modify the Receivership Order to allow the Receiver to waive the corporate privilege on behalf of the Straightpath Entities. The Receiver joins in the motion.

---

[1] Dkt 56.

2

*Facts*

On May 13, 2022, the Securities and Exchange Commission ("SEC") filed a complaint alleging that defendants sold shares to investors it did not own, pocketed undisclosed fees, and commingled investor funds in violation of securities laws.[2] Shortly thereafter, Individual Defendants and the SEC agreed that a receiver should be appointed to oversee the Receivership Entities, and the Court issued the Receivership Order appointing Melanie L. Cyganowski to that role (the "Receiver").[3]

The Receivership Order stated that the Receiver did not have the authority to waive any privilege that belonged to the Receivership Entities before her appointment absent leave of this Court.[4] In addition, the Receivership Order prohibited her from receiving or reviewing privileged materials that existed before her appointment.[5]

On October 18, 2022, the government moved to intervene in this litigation and stay discovery to avoid prejudice to its then-pending criminal investigation regarding Individual Defendants.[6] The Court approved the stay.[7]

While the investigation continued, the government issued a grand jury subpoena to

---

[2] Compl. ¶ 1.

[3] Dkt 56.

[4] *Id.* at 6.

[5] *Id.*

[6] Dkts 101; 102.

[7] Dkt 105.

3

the Receiver. It subsequently served on Martinsen a subpoena calling for the production of text messages because the Receiver did not have them. After Martinsen asserted privilege over the messages, the government moved to compel Martinsen to comply with the subpoena in a parallel litigation before Judge Furman. Judge Furman denied the motion without prejudice, ruling that Martinsen lacked the authority to respond to a subpoena directed to the Receivership Entities.[8]

On November 28, 2023, a grand jury returned an indictment charging defendants Martinsen, Castillero, and Lanaia (the "Individual Criminal Defendants") with criminal securities fraud violations (the "Criminal Case").[9] Ahead of the trial in that case, set for October 2025, the government now seeks to modify the Receivership Order to allow the Receiver to receive and review privileged materials that existed before her appointment and to waive any privileges belonging to the Receivership Entities over those materials.

*Discussion*

The parties agree that the Court has the authority to modify the Receivership Order to allow the Receiver to hold, assert, and waive the Receivership Entities' corporate privilege. Nevertheless, the Individual Criminal Defendants object to the proposed modification on four grounds: (1) the government lacks standing to seek modification of the Receivership Order, (2) the motion is not ripe because no subpoena has been issued to the Receivership Entities, (3) the governments fails to state a proper basis for modifying the Receivership Order, and (4) there must

---

[8] Dkt 504-1.

[9] Dkt 259-1.

4

be a procedure to preserve the Individual Criminal Defendants' privilege claims.

I.  *Government Standing and Ripeness*

The Individual Criminal Defendants' first two objections are easily dispatched. With respect to standing, the Receiver joined in the Government's motion and has requested a modification of the Receivership Order.[10] With respect to ripeness, the government issued a trial subpoena to the Receiver on June 5, 2025, and the Receiver confirmed that she is in receipt of it.[11] Accordingly, neither standing nor ripeness impedes the adjudication of this motion.

II. *Proper Basis*

The Individual Criminal Defendants argue that the government has not provided a basis for modifying the Receivership Order. But the government does not need to show that good cause exists to modify the Receivership Order. At most, it needs a valid reason.[12]

Here, the Receivership Order vests all authority over the Receivership Entities that previously was possessed by their officers, managers, and partners. It provides the Receiver with access to all paper and electronic information relating to the Receivership Entities –– with the

---

[10] Dkt 520.

[11] *Id.* at 4.

[12] *Commodity Futures Trading Comm'n v. Standard Forex, Inc.*, 882 F. Supp. 40, 43 (E.D.N.Y. 1995) ("[O]nly if there is some valid reason why the Receiver needs to control [the receivership entity's] attorney-client privilege will the Court hold that it granted such power.").

5

exception of pre-appointment privileged materials.[13] The Individual Criminal Defendants contend there is no reason to modify the Receivership Order, but they provide no principled basis for the perpetuation of this carveout. Individual Criminal Defendants no longer are officers of Receivership Entities, and their interests in protecting themselves from criminal prosecution plainly diverges from the Receivership Entities' forward-looking interests. The Receiver has joined in the government's request to modify the order so that she — acting in the Receivership Entities' best interests, not those of the Individual Criminal Defendants — can determine whether and to what extent to waive applicable privileges. Accordingly, modification of the Receivership Order is appropriate to allow the Receiver to assert and waive the Receivership Entities' privilege claims.

*III.    Procedure to Preserve Individual Defendants' Privilege Claims*

The Individual Criminal Defendants contend that if the motion is granted, a procedure to preserve their privilege claims is required. They do not identify any authority supporting the need for such a special procedure. Nor do they specify what that procedure should be.

In producing documents in their possession to the Receiver, the Individual Criminal Defendants may notify the Receiver about any personal (as opposed to corporate) privilege claims applicable to those documents, and they may continue to assert privilege claims with respect to those documents. There is no justification for additional procedures to apply, particularly where concerns about the production of privileged documents is entirely speculative at this stage.

---

[13] Dkt 56 at 6.

6

## *Conclusion*

The government's motion for a modification of the Receivership Order (Dkt 504) is granted.

SO ORDERED.

Dated:   July 8, 2025

*[signature]*

Lewis A. Kaplan
United States District Judge