

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

**DIVISION OF**
**ENFORCEMENT**

## <u>MEMO ENDORSED</u>

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _06/26/2026_

June 25, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, New York 10007

      Re:    *Securities and Exchange Commission v. StraightPath Venture Partners, LLC, et al.,* 22 Civ. 3897 (LAK)

Dear Judge Kaplan:

Plaintiff Securities and Exchange Commission ("SEC") respectfully moves to lift the stay in this case. The related criminal proceeding, *United States v. Castillero, et al.*, 23 Cr. 622 (JMF) (S.D.N.Y.) ("Criminal Case"), has concluded—satisfying the sole condition the Court imposed for lifting the stay. (*See* Order Staying Case, Dkt. No. 264, entered December 13, 2023 ("Order").) The United States Attorney's Office for the Southern District of New York ("USAO-SDNY") does not object to lifting the stay.

The SEC contacted all remaining parties for their positions. Defendant Eric D. Lachow ("Lachow") takes no position. Current counsel for defendants Michael A. Castillero ("Castillero"), Francine A. Lanaia ("Lanaia"), and Brian K. Martinsen ("Martinsen") (together, "Criminal Case Defendants") informed the SEC that they are in the process of withdrawing as counsel in this matter, and have conferred with the Criminal Case Defendants and their criminal defense counsel. Through their criminal defense counsel, the Criminal Case Defendants have conveyed the following positions on the motion:

> Each Criminal Case Defendant has filed a timely Notice of Appeal and intends to appeal their conviction. Each Criminal Case Defendant believes there are meritorious arguments to advance which could lead to the reversal of all counts. With this, each Criminal Case Defendant's position is that the stay should remain in effect until the appeal concludes, noting each Criminal Case Defendant would be required to invoke his 5th Amendment privilege. Each Criminal Case Defendant also believes that the SEC suffers no prejudice from a continuation of the Stay as the Receiver's appointment remains in effect and the defendants are already the subject of preliminary injunctions.

Finally, the Court-appointed Receiver, on behalf of defendants StraightPath Venture Partners LLC ("SP Fund Manager") and StraightPath Management LLC ("SP Adviser"), does not object to lifting the stay, while reserving all rights against Castillero, Lanaia, Martinsen, and Lachow.

Hon. Lewis A. Kaplan                                                                                          Page 2
June 25, 2026

**I.        Background of the USAO-SDNY's Motion to Intervene and Seek a Stay**

On May 13, 2022, the SEC filed its Complaint alleging that between November 2017 and February 2022, defendants SP Fund Manager, SP Adviser, Castillero, Lanaia, Martinsen, and Lachow (collectively, "Defendants") raised at least $410 million from thousands of investors through unregistered and fraudulent offerings of interests in nine private investment funds ("SP Funds"), (Dkt. No. 1), and also sought preliminary injunctions and other emergency relief (Dkt. Nos. 5–12). On June 14, 2022, on the parties' consent, the Court entered preliminary injunctions against Defendants and a partial asset freeze against the Criminal Case Defendants.  (Dkt. No. 55.)

The SEC's Complaint alleges violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933; Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder; and Sections 206(1), 206(2), 206(3), 206(4), and 207 of the Investment Advisers Act of 1940 and Rule 206(4)-8 thereunder.  It seeks permanent injunctions, disgorgement of ill-gotten gains plus prejudgment interest, and civil penalties against all Defendants.

On October 18, 2022, the USAO-SDNY moved to intervene and seek a ninety-day stay of this matter to avoid prejudice to its pending criminal investigation.  (Dkt. No. 102.)  The next day, on the parties' consent, the Court stayed all proceedings pending a further order.  (Dkt. No. 105.) The parties then stipulated to multiple stays of discovery pending a ruling on the USAO-SDNY's application.  (*See* Dkt. Nos. 108, 112, 126, 128, and 138.)  On January 17, 2023, the Court rejected the Criminal Case Defendants' requests to narrow the stay sought by USAO-SDNY, and left the complete discovery stay intact through February 15, 2023.  (Dkt. No. 148.)  The Court later extended the stay given the pending criminal investigation.  (Dkt. Nos. 170, 177, 202, 219.)

On November 29, 2023, an indictment was unsealed in the Criminal Case charging the Criminal Case Defendants with conspiracy to commit securities fraud, wire fraud, and investment adviser fraud, and substantive counts of each offense, arising from the same scheme.  (*See* Criminal Case Dkt. No. 1.)  On December 5, 2023, the USAO-SDNY renewed its application for a complete stay citing "the risk of serious interference with the Criminal Case." (Dkt. No. 259, p. 7.)[1]  On December 13, 2023, the Court stayed this matter "in its entirety *until the completion of the Criminal Case*," except as to the Receiver and the Receivership (*see* Order) (emphasis added).

**II.       The Completion of the Criminal Case Satisfies the Only Condition for Lifting the Stay**

In November 2025, after a two-week jury trial, the Criminal Case Defendants were convicted on all counts.  On December 18, 2025, they filed post-trial motions for a judgment of acquittal on the substantive investment adviser fraud count (Criminal Case Dkt. Nos. 201–203), which Judge Furman has denied (Criminal Case Dkt. Nos. 212, 217.)  Last month, Judge Furman sentenced all the Criminal Case Defendants to prison terms ranging from eight to eleven years, and $115 million in joint and several restitution.  (Criminal Case Dkt. No. 243 (Restitution Order); Dkt. Nos. 244–246 (Final Judgments).)  The Criminal Case has concluded, extinguishing the legal basis for the stay.

The Criminal Case Defendants' stated intention of appealing their convictions does not warrant the "extraordinary remedy" of extending the stay or granting a fresh stay.  *See Louis Vuitton*

---

[1] The SEC took no position on the USAO-SDNY's December 5, 2023 motion for a stay through the conclusion of its Criminal Case.  Defendant Lachow and the Court-appointed Receiver (on behalf of the SP Fund Manager and the SP Adviser) consented to the stay.  (*See* Dkt. No. 259, p. 7.)

Hon. Lewis A. Kaplan                                                                    Page 3
June 25, 2026

*Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). Any residual Fifth Amendment concerns at this stage are "based on the mere possibility that a successful appeal might lead to a new trial"—a contingency courts have consistently declined to treat as sufficient grounds for staying a case through a criminal appeal. *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570 (GBD) (FM), 2011 WL 5913526, at *4–*5 (S.D.N.Y. Nov. 22, 2011) (denying defense stay motion where defendant had been "tried, convicted and sentenced and his post-trial motions have been denied....although [defendant] plans to appeal, it is far from certain that the [appellate circuit] will reverse his conviction; if so, that the government will decide to retry him; and, should that occur, when the retrial will take place"); *see also CFTC v. Lamarco, et al*, 2:17-cv-04087 (ADS) (AKT), 2018 WL 2103208 at *4–*6 (E.D.N.Y., May 7, 2018) ("[c]ourts have found that civil cases should not be stayed while a criminal appeal is pending.") (collecting cases).

More broadly, courts have long recognized the SEC's "statutory mandate to protect the public interest through *prompt* and effective enforcement of the federal securities laws," *SEC v. Rayat*, No. 21-cv-4777, 2022 WL 3656314, at *9 (S.D.N.Y. Aug. 24, 2022) (emphasis in original), and the "significant public interest in prompt resolution of securities cases," *SEC v. CKB168 Holdings, Ltd.*, No. 13-cv-5584, 2016 WL 11472222, at *4 (E.D.N.Y. Jan. 6, 2016). Here, the interests of the SEC, the public, and this Court in an expeditious resolution of the SEC's claims in this action outweigh the speculative post-appeal Fifth Amendment concerns of the Criminal Case Defendants—who have already been tried, convicted, and sentenced. *See, e.g.*, *Sparkman v. Thompson*, No. 08–01–KKC, 2009 WL 1941907, at *2 (E.D.Ky., July 6, 2009) (finding that an appeal by a defendant "who has already been tried, convicted, and sentenced" raises "minimal" Fifth Amendment concerns, with "the possibility and timing of a retrial remain[ing] speculative at best," and that the lack of Speedy Trial Act protections provides plaintiffs no assurances that the appeal will be quickly resolved).

*    *    *

The SEC therefore respectfully requests that the Court lift the stay and restore this case to its active docket. The SEC further proposes that the parties submit a status report or confer and submit a proposed civil case management plan and scheduling order for the Court's consideration within 30 days of the stay being lifted.

Respectfully submitted,

*/s/ Sushila Rao*
Sushila Rao Pentapati
Senior Trial Counsel

cc:  All parties (by ECF)

**Memorandum Endorsement**

**Granted. The case stay is lifted. The parties shall submit a status report or a proposed civil case management plan and scheduling order within 30 days.**

**SO ORDERED.**

**/s/ Lewis A. Kaplan**
**U.S. District Judge**

**Dated: June 26, 2026**