# EXHIBIT F

Certification

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-v-<br><br>STRAIGHTPATH VENTURE PARTNERS LLC, STRAIGHTPATH MANAGEMENT LLC, BRIAN K. MARTINSEN, MICHAEL A. CASTILLERO, FRANCINE A. LANAIA, and ERIC D. LACHOW,<br><br>Defendants. | No. 1:22-cv-03897-LAK |

**CERTIFICATION IN SUPPORT OF EIGHTEENTH INTERIM APPLICATION OF STOUT RISIUS ROSS, LLC FOR ALLOWANCE OF COMPENSATION INCURRED DURING THE PERIOD JULY 1, 2026 THROUGH SEPTEMBER 30, 2026**

I, Joel Cohen, hereby certify that Stout Risius Ross, LLC ("Stout"), has designated me as the Certifying Professional with respect to the Certification required by Section A of the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "Billing Guidelines") and certify that:

1. I am a Managing Director in the Disputes, Compliance, & Investigations group of Stout.

2. I have read the Eighteenth Interim Application of Stout for Allowance of Compensation Incurred During the Period July 1, 2026 through September 30, 2026 (the "Interim Application").

a. To best of my knowledge, information, and belief formed after reasonable inquiry, the Interim Application and all fees and expenses sought therein are true and accurate and comply

with the SEC Billing Guidelines. Stout has made every reasonable effort to ensure that all billing professionals placed all related time entries in a single activity category (designated by task code). However, some variations may have occurred.

3. All fees contained in the Interim Application are based on the rates listed in the Fee Schedule (Exhibit B to the Application), subject to the accommodations described in the Interim Application, and all such fees are reasonable, necessary, and commensurate with the skill and experience required for the activity performed.

4. All necessary and reasonable expenses contained in the Interim Application are based on the actual cost incurred by Stout. Stout has not included in the amounts for which expense reimbursement is sought any amortization of the cost of any investment, equipment, or capital outlay.

5. In seeking reimbursement for an outside vendor service, which Stout justifiably purchased or contracted for from a third party, Stout requests reimbursement only for the actual amount billed to Stout by the third-party vendor and paid by Stout to such vendor. Stout is not making a profit on such reimbursable service.

6. I represent that (i) the fees included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the SEC Billing Guidelines, Stout has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Dated: New York, NY
November 16, 2026

*/s/ Joel Cohen*
Joel Cohen